WILLIAM C. O'NEILL / SBN 251071
ROSS WERSCHING & WOLCOTT LLP
Attorneys at Law
3151 Airway Avenue, Building S-1
Costa Mesa, California 92626
Telephone: (714) 444-3900
Facsimile: (714) 444-3901
WCO@RossLLP.com

Attorneys for Defendant
PHOENIX FIBERS, INC.

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWEET PEOPLE APPAREL, INC. D/B/A MISS ME, a California corporation, and RCRV, INC. D/B/A ROCK REVIVAL, a California corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> PHOENIX FIBERS, INC., an Arizona corporation, SAC INTERNATIONAL TRADERS, INC., a California corporation, SHAUKAT ALI CHOHAN, an individual, COMAK TRADING, INC., a California corporation, LYDIA EVILSA TERRAZAS CHO, an individual, MYUNG KWON CHO, an individual, XYZ COMPANIES 1-10, and JOHN AND JANE DOES 1-10, <br><br> Defendants. | Case No.: 2:16-cv-00940-TJH-JC <br><br> Assigned for All Purposes to: Hon. Terry J. Hatter Jr. <br><br><br> **DEFENDANT PHOENIX FIBERS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-I
COSTA MESA, CA 92626
(714) 444-3900

Defendant Phoenix Fibers, Inc. ("Defendant") hereby answers the Complaint filed by Plaintiffs Sweet People Apparel, Inc. and RCRV, Inc. ("Plaintiffs") as follows:

1.     Defendant admits that this Court has jurisdiction over this matter. Except as expressly admitted or alleged herein, Defendant denies each and every allegation of Paragraph 1.

2.     Defendant admits that venue is properly founded in this judicial district. Except as expressly admitted or alleged herein, Defendant denies each and every allegation of Paragraph 2.

3.     Defendant lacks sufficient information upon which to admit or deny the truth of the factual allegations contained in Paragraph 3, and on that basis denies the allegations of said Paragraph.

4.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract.  Defendant lacks sufficient information upon which to admit or deny the truth of the remaining factual allegations contained in Paragraph 4, and on that basis denies the allegations of said Paragraph.

5.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that

1

**Answer to Complaint**

1    Plaintiffs and Defendant had an agreement or contract.  Defendant admits that it

2    manufactures and sells shoddy fiber to an affiliate company called Bonded Logic,

3    Inc. as well as other companies.  Except as expressly admitted or alleged herein,

4    Defendant denies each and every allegation of Paragraph 5.

5

6        6.    Defendant lacks any record of any of Defendant's donated goods being

7    distributed or sold by Defendant in the same form as donated by Plaintiffs and on

8    that basis specifically denies such allegation.  Defendant specifically denies that

9    Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient

10   information upon which to admit or deny the truth of the factual allegations

11   contained in Paragraph 6 against the Retailer Defendants, and on that basis denies the

12   allegations of said Paragraph. Except as expressly admitted or alleged herein,

13   Defendant denies each and every allegation of Paragraph 6.

14

15       7.    Defendant lacks sufficient information upon which to admit or deny the

16   truth of the factual allegations contained in Paragraph 7 against the Retailer

17   Defendants, and on that basis denies the allegations of said Paragraph. Except as

18   expressly admitted or alleged herein, Defendant denies each and every allegation of

19   Paragraph 7.

20

21       8.    Defendant lacks sufficient information upon which to admit or deny the

22   truth of the factual allegations contained in Paragraph 8, and on that basis denies the

23   allegations of said Paragraph.

24

25       9.    Defendant lacks sufficient information upon which to admit or deny the

26   truth of the factual allegations contained in Paragraph 9, and on that basis denies the

27   allegations of said Paragraph.

28

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE I-1
COSTA MESA, CA 92626
(714) 444-3900

2

**Answer to Complaint**

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE I-1
COSTA MESA, CA 92626
(714) 444-3900

10.     Defendant admits that Defendant is a corporation duly organized and existing under the laws of the State of Arizona, and maintains its principal place of business located at 400 East Ray Road, Chandler, Arizona 85225.

11.     Defendant lacks sufficient information upon which to admit or deny the truth of the factual allegations contained in Paragraph 11, and on that basis denies the allegations of said Paragraph.

12.     Defendant lacks sufficient information upon which to admit or deny the truth of the factual allegations contained in Paragraph 12, and on that basis denies the allegations of said Paragraph.

13.     Defendant lacks sufficient information upon which to admit or deny the truth of the factual allegations contained in Paragraph 13, and on that basis denies the allegations of said Paragraph.

14.     Defendant lacks sufficient information upon which to admit or deny the truth of the factual allegations contained in Paragraph 14, and on that basis denies the allegations of said Paragraph.

15.     Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 15, and on that basis denies the remaining allegations of said Paragraph.

16.     Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 16, and on that basis

Answer to Complaint

denies the allegations of said Paragraph.

17.     Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 17, and on that basis denies the allegations of said Paragraph.

18.     Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 18, and on that basis denies the allegations of said Paragraph.

19.     Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 19, and on that basis denies the allegations of said Paragraph.

20.     Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 20, and on that basis denies the allegations of said Paragraph.

21.     Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 21, and on that basis denies the allegations of said Paragraph.

22.     Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 22, and on that basis denies the allegations of said Paragraph.

23.     Defendant lacks sufficient information upon which to admit or deny the

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE I-1
COSTA MESA, CA 92626
(714) 444-3900

4

**Answer to Complaint**

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

truth of the additional factual allegations contained in Paragraph 23, and on that basis denies the allegations of said Paragraph.

24.     Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 24, and on that basis denies the allegations of said Paragraph.

25.     To the extent that the paragraph can be read to encompass Defendant's entire business, then Defendant denies such allegation.  Defendant admits that Defendant converts pre- and post-consumer denim and other cotton fabric into "shoddy fiber," which is then sold to many different companies.  One end-use of such fiber is thermal insulation materials. As noted on Defendant's website, the "items we do not use in our shredding process are resold to other recycling companies." Except as expressly admitted or alleged herein, Defendant denies each and every allegation of Paragraph 25.

26.     To the extent that this paragraph alleges that all denim and cotton clothing and materials received from third parties is converted into shoddy fiber, Defendant denies such allegation.  Defendant admits that the majority of the denim collected is converted into shoddy fiber.  But, as noted on Defendant's website, the "items we do not use in our shredding process are resold to other recycling companies." Except as expressly admitted or alleged herein, Defendant denies each and every allegation of Paragraph 26.

27.     Defendant notes that the photographs shown in the Complaint are actually stills from a video on the website.  To the extent that the paragraph can be construed to mean that the only way Defendant receives materials is by solicitation,

Defendant denies such allegation.  Defendant is unaware of what the term "sister company" means in the context of this paragraph and denies such allegation on that basis.  Defendant admits that it sells shoddy fiber to Bonded Logic and other companies.  Except as expressly admitted or alleged herein, Defendant denies each and every allegation of Paragraph 27.

28.    Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 28, and on that basis denies the allegations of said Paragraph.

29.    Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 29, and on that basis denies the allegations of said Paragraph.

30.    Defendant admits that Plaintiffs donated a wide variety of materials to Defendant, though Defendant lacks sufficient information to admit or deny the amount of each type of material (including, for example, backpacks, handbags, wallets, faux fur products, cutting pattern overlays, plastic hangers, paper, cardboard and trash) and is not clear what Plaintiffs mean by the use of the term "units" in the context of such allegation.   Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 30, and on that basis denies the allegations of said Paragraph.

31.    Defendant admits that Plaintiffs donated materials to Defendant, though Defendant lacks sufficient information to admit or deny the amount of material and is not clear what Plaintiffs mean by the use of the term "units" in the context of such

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-I
COSTA MESA, CA 92626
(714) 444-3900

6

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

allegation.  Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 31, and on that basis denies the allegations of said Paragraph.

32.   Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the remaining factual allegations contained in Paragraph 32, and on that basis denies the allegations of said Paragraph.

33.   Defendant lacks sufficient information upon which to admit or deny the truth of the factual allegations contained in Paragraph 33, and on that basis denies the allegations of said Paragraph.

34.   Defendant admits that Plaintiffs' in-house counsel, Lilly Kim, contacted Defendant's President, Tod Kean, who facilitated a conversation with Steve Johnson. Defendant lacks sufficient information upon which to admit or deny the truth of the factual allegations contained in Paragraph 33, and on that basis denies the allegations of said Paragraph.

35.   Defendant denies that the conversation between Lilly Kim and Tod Kean took place after the conversation with Steve Johnson.  Defendant does admit that Tod Kean directed Steve Johnson to sequester Plaintiffs' donated materials into a secure and monitored cage within Defendant's warehouse.  Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual

7

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

allegations contained in Paragraph 35, and on that basis denies the allegations of said Paragraph.

36.     Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 36, and on that basis denies the allegations of said Paragraph.

37.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant admits to receiving a letter from Arnold & Porter, LLP dated November 17, 2015 misdirected to Bonded Logic, Inc., the contents of which speak for themselves. Except as expressly admitted or alleged herein, Defendant denies each and every allegation of Paragraph 37.

38.     Defendant admits that Charles Wirken sent a letter dated December 3, 2015 to Louis Ederer of Arnold & Porter LLP on behalf of Defendant, the contents of which speak for themselves.  Except as expressly admitted or alleged herein, Defendant denies each and every allegation of Paragraph 38.

39.     Defendant admits that Plaintiffs picked up the materials from the locked area of Defendant's warehouse, but lacks specific information on the amount of each type of material picked up (including, for example, backpacks, handbags, wallets, faux fur products, cutting pattern overlays, plastic hangers, paper, cardboard and trash) or what Plaintiffs mean by the term "units" in the context of these allegations. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 39, and on that basis denies the

allegations of said Paragraph.

40.     Defendant lacks sufficient information upon which to admit or deny the truth of the factual allegations contained in Paragraph 40, and on that basis denies the allegations of said Paragraph.

41.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.   Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 41, and on that basis denies the allegations of said Paragraph.

42.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.   Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 42, and on that basis denies the allegations of said Paragraph.

43.     Defendant lacks sufficient information upon which to admit or deny the truth of the factual allegations contained in Paragraph 43, and on that basis denies the allegations of said Paragraph.

44.     Defendant lacks sufficient information upon which to admit or deny the

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE I-1
COSTA MESA, CA 92626
(714) 444-3900

9

1    truth of the factual allegations contained in Paragraph 44, and on that basis denies the

2    allegations of said Paragraph.

3

4         45.    Defendant lacks sufficient information upon which to admit or deny the

5    truth of the factual allegations contained in Paragraph 45, and on that basis denies the

6    allegations of said Paragraph.

7

8         46.    Defendant lacks any record of any of Defendant's donated goods being

9    distributed or sold by Defendant in the same form as donated by Plaintiffs and on

10   that basis specifically denies such allegation.  Defendant lacks sufficient information

11   upon which to admit or deny the truth of the additional factual allegations contained

12   in Paragraph 46, and on that basis denies the allegations of said Paragraph.

13

14        47.    Defendant lacks any record of any of Defendant's donated goods being

15   distributed or sold by Defendant in the same form as donated by Plaintiffs and on

16   that basis specifically denies such allegation. Defendant lacks sufficient information

17   upon which to admit or deny the truth of the additional factual allegations contained

18   in Paragraph 47, and on that basis denies the allegations of said Paragraph.

19

20        48.    Defendant lacks any record of any of Defendant's donated goods being

21   distributed or sold by Defendant in the same form as donated by Plaintiffs and on

22   that basis specifically denies such allegation.  Defendant lacks sufficient information

23   upon which to admit or deny the truth of the additional factual allegations contained

24   in Paragraph 48, and on that basis denies the allegations of said Paragraph.

25

26        49.    Defendant lacks any record of any of Defendant's donated goods being

27   distributed or sold by Defendant in the same form as donated by Plaintiffs and on

28

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-I
COSTA MESA, CA 92626
(714) 444-3900

**Answer to Complaint**

that basis specifically denies such allegation. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 49, and on that basis denies the allegations of said Paragraph.

50.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 50, and on that basis denies the allegations of said Paragraph.

51.     Defendant incorporates by reference its responses to paragraphs 1 through 50 above.

52.     Defendant denies each and every allegation of Paragraph 52.

53.     Defendant denies each and every allegation of Paragraph 53.

54.     Defendant denies each and every allegation of Paragraph 54.

55.     Defendant denies each and every allegation of Paragraph 55.

56.     Defendant denies each and every allegation of Paragraph 56.

57.     Defendant incorporates by reference its responses to paragraphs 1 through 56 above.

58.     Defendant lacks any record of any of Defendant's donated goods being

11

distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 58, and on that basis denies the allegations of said Paragraph.

59.    Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 59, and on that basis denies the allegations of said Paragraph.

60.    Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 60, and on that basis denies the allegations of said Paragraph.

61.    Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

**Answer to Complaint**

information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 61, and on that basis denies the allegations of said Paragraph.

62.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 62, and on that basis denies the allegations of said Paragraph.

63.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 63, and on that basis denies the allegations of said Paragraph.

64.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant denies making any profits or gains from the alleged conduct. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 64, and on that basis denies the allegations of said Paragraph.

**Answer to Complaint**

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

65.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 65, and on that basis denies the allegations of said Paragraph.

66.     Defendant incorporates by reference its responses to paragraphs 1 through 66 above.

67.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 67, and on that basis denies the allegations of said Paragraph.

68.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 68, and on that basis denies the allegations of said Paragraph.

**Answer to Complaint**

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

69.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 69, and on that basis denies the allegations of said Paragraph.

70.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 70, and on that basis denies the allegations of said Paragraph.

71.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 71, and on that basis denies the allegations of said Paragraph.

72.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on

**Answer to Complaint**

that basis specifically denies such allegation. Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant denies making any profits or gains from the alleged conduct. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 72, and on that basis denies the allegations of said Paragraph.

73.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation. Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 73, and on that basis denies the allegations of said Paragraph.

74.     Defendant incorporates by reference its responses to paragraphs 1 through 74 above.

75.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation. Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 75, and on that basis denies the allegations of said Paragraph.

76.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on

**Answer to Complaint**

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

that basis specifically denies such allegation. Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 76, and on that basis denies the allegations of said Paragraph.

77.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation. Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 77, and on that basis denies the allegations of said Paragraph.

78.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation. Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 78, and on that basis denies the allegations of said Paragraph.

79.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation. Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual

**Answer to Complaint**

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

allegations contained in Paragraph 79, and on that basis denies the allegations of said Paragraph.

80.     Defendant incorporates by reference its responses to paragraphs 1 through 79 above.

81.     Defendant lacks sufficient information upon which to admit or deny the truth of the factual allegations contained in Paragraph 81, and on that basis denies the allegations of said Paragraph.

82.     Defendant lacks sufficient information upon which to admit or deny the truth of the factual allegations contained in Paragraph 82, and on that basis denies the allegations of said Paragraph.

83.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 83, and on that basis denies the allegations of said Paragraph.

84.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual

**Answer to Complaint**

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

1    allegations contained in Paragraph 84, and on that basis denies the allegations of said

2    Paragraph.

3

4    85.    Defendant lacks any record of any of Defendant's donated goods being

5    distributed or sold by Defendant in the same form as donated by Plaintiffs and on

6    that basis specifically denies such allegation.  Defendant specifically denies that

7    Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient

8    information upon which to admit or deny the truth of the additional factual

9    allegations contained in Paragraph 85, and on that basis denies the allegations of said

10   Paragraph.

11

12   86.    Defendant lacks any record of any of Defendant's donated goods being

13   distributed or sold by Defendant in the same form as donated by Plaintiffs and on

14   that basis specifically denies such allegation.  Defendant specifically denies that

15   Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient

16   information upon which to admit or deny the truth of the additional factual

17   allegations contained in Paragraph 86, and on that basis denies the allegations of said

18   Paragraph.

19

20   87.    Defendant lacks any record of any of Defendant's donated goods being

21   distributed or sold by Defendant in the same form as donated by Plaintiffs and on

22   that basis specifically denies such allegation.  Defendant specifically denies that

23   Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient

24   information upon which to admit or deny the truth of the additional factual

25   allegations contained in Paragraph 87, and on that basis denies the allegations of said

26   Paragraph.

27

28

**Answer to Complaint**

88.     Defendant incorporates by reference its responses to paragraphs 1 through 88 above.

89.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 89, and on that basis denies the allegations of said Paragraph.

90.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 90, and on that basis denies the allegations of said Paragraph.

91.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 91, and on that basis denies the allegations of said Paragraph.

**Answer to Complaint**

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

92.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 92, and on that basis denies the allegations of said Paragraph.

93.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 93, and on that basis denies the allegations of said Paragraph.

94.     Defendant lacks any record of any of Defendant's donated goods being distributed or sold by Defendant in the same form as donated by Plaintiffs and on that basis specifically denies such allegation.  Defendant specifically denies that Plaintiffs and Defendant had an agreement or contract. Defendant lacks sufficient information upon which to admit or deny the truth of the additional factual allegations contained in Paragraph 94, and on that basis denies the allegations of said Paragraph.

\\\

\\\

\\\

\\\

Answer to Complaint

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

## PLAINTIFF'S PRAYER FOR RELIEF

As to Plaintiffs' Prayer for Relief, Defendant denies that Plaintiffs are entitled to the relief requested in its prayer against Defendant and specifically denies that Plaintiffs are entitled to any relief whatsoever against Defendant.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.     The Complaint and each and every claim alleged therein fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

2.     Plaintiffs' purported causes of action, and each of them, are barred by the doctrine of estoppel due to Plaintiffs' knowledge and acts, including, but not limited to, sending a myriad of materials in unsecure fashion without any formal agreement and with the understanding spelled out on Defendant's website that items not used by Defendant would be resold to other recycling companies.

### THIRD AFFIRMATIVE DEFENSE
### (Waiver)

3.     Plaintiffs' purported causes of action, and each of them, are barred by

22

**Answer to Complaint**

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

the doctrine of waiver due to Plaintiffs' knowledge and acts, including, but not limited to, sending a myriad of materials in unsecure fashion without any formal agreement and with the understanding spelled out on Defendant's website that items not used by Defendant would be resold to other recycling companies.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Consideration)

4.      Plaintiffs' alleged breach of contract cause of action fails for lack of consideration.

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Mutuality of Obligation)

5.      Plaintiffs' alleged breach of contract cause of action is barred given the lack of mutuality of obligation.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiffs take nothing by reason of their Complaint, that judgment be rendered in favor of Defendant;

2.      That Defendant be awarded its costs of suit incurred herein, including reasonable attorneys' fees to the extent permitted by law; and

///

///

**Answer to Complaint**

3.      For such other and further relief as the Court deems proper.

DATED: March 29, 2016              ROSS WERSCHING & WOLCOTT LLP


By: _____ */s/ William C. O'Neill* _____
              WILLIAM C. O'NEILL
              Attorneys for Defendant
              PHOENIX FIBERS, INC.

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

24

**Answer to Complaint**

1

## JURY DEMAND

2

3         Defendant hereby demands trial by jury.:

4

5   DATED: March 29, 2016          ROSS WERSCHING & WOLCOTT LLP

6

7

8                                  By: _____/s/ William C. O'Neill_____
                                        WILLIAM C. O'NEILL
9                                       Attorneys for Defendant
                                        PHOENIX FIBERS, INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Answer to Complaint**

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900