Sagi Schwartzberg, SBN 273312
Michael J Luther, SBN 285873
SCHWARTZBERG | LUTHER, APC
8291 Utica Avenue, Suite 201
Rancho Cucamonga, CA 91730
Phone:       909-457-4270
Facsimile:   909-457-4296
E-Mail:      inbox@ielawoffice.com

Attorneys for Defendants, LYDIA EVILSA TERRAZAS CHO, and MYUNG KWON CHO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SWEET PEOPLE APPAREL, INC. d/b/a MISS ME, a California Corporation, and RCRV, INC. d/b/a ROCK REVIVAL, a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PHOENIX FIBERS, INC., an Arizona corporation, SAC INTERNATIONAL TRADERS, INC., a California corporation, SHAUKAT ALI CHOHAN, an individual, COMAK TRADING, INC., a California corporation, LYDIA EVILSA TERRAZAS CHO, an individual, MYUNG KWON CHO, an individual, XYZ COMPANIES 1-10, and JOHN AND JANE DOES 1-10,<br><br>Defendants. | Case No.: **2:16-cv-00940-TJH(JCx)**<br><br>**ANSWER TO COMPLAINT** |

Defendants , LYDIA EVILSA TERRAZAS CHO and MYUNG KWON CHO (Defendants) answer the factual allegations in Plaintiffs' Complaint ("Complaint") as follows:

1.      Answering the allegations in Paragraphs 1, 2, 3, 4, 5, 8, 9, 10, 11, 12, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 45, 49, 50, 52, 53, 54, 55, 56, 58, 59, 65, 67, 68, 70, 73, 75, 76, 78, 79, 81, 82, 83, 86, 87, 92 and 93,

Defendants cannot admit or deny the truth or falsity of the statements as Defendants have no personal knowledge of the facts stated therein.

2. Defendants deny the allegations in Paragraphs 44, 47, 48, 61, 62, 63, 64, 71, 72, 77, 84, 85, 90, 91 and 94.

3. Answering the allegations in Paragraph 6, Defendants deny the allegations as stated and alleges that Defendants had no knowledge that the products were never intended for distribution and/or sale to consumers.

4. Answering the allegations in Paragraph 7, Defendants deny the allegations as stated and alleges that Defendants did not undertake any alleged conduct in bad faith without consent and did not deliberately intend to introduce any of the products without authorization. Defendants further allege that Defendants had no knowledge that Plaintiffs did not authorize the sale and distribution of the product.

5. Answering the allegations in Paragraph 13, Defendants admit that Comak Trading, Inc. is a corporation duly organized and existing under the laws of the State of California but deny that it maintains its place of business at 2550 South Soto Street, Vernon, California 90058. Defendants allege Comak Trading Inc. maintains it principal place of business at 2565 Compton Avenue, Los Angeles, CA 90001.

6. Answering the allegations in Paragraph 14, Defendants admit that Lydia Cho is the co-owner/president of Comak Trading, Inc. but deny that Lydia Cho partook in any wrongful conduct, and further deny that Lydia Cho is personally responsible and liable for any of Comak Trading, Inc.'s alleged wrongful acts.

7. Answering the allegations in Paragraph 15, Defendant admit that Myung Cho is the co-owner/president of Comak Trading, Inc. but deny that Myung Cho partook in any wrongful conduct, and further deny that Myung Cho is personally responsible and liable for any of Comak Trading, Inc.'s alleged wrongful acts.

8. Answering the allegations in Paragraph 33, Defendants admit that Comak Trading, Inc. sold denim products, but cannot admit or deny that such products were second quality denim that were donated to Phoenix Fibers because Defendants have no personal

knowledge of the facts stated therein.

9. Answering the allegations in Paragraph 46, Defendants admit that Comak Trading, Inc. sold denim products bearing Plaintiffs' alleged trademarks, but deny that Comak Trading Inc. sold such product with knowledge that the products were materially different from first-quality products authorized for distribution by Plaintiff. Defendants further allege that Comak Trading Inc. purchased any products from other defendants and had no knowledge that such product was unauthorized for sale and/or distribution and purchased such product as a good faith purchaser.

10. Answering the allegations in Paragraph 60, Defendants deny that they intended to cause mistake and deception. Defendants further cannot admit or deny the remaining allegations as they have no personal knowledge of the facts stated therein.

11. Answering the allegations in Paragraph 69, Defendant deny that they intended to cause confusion, mistake and deception. Defendants further cannot admit or deny the remaining allegations as they have no personal knowledge of the facts stated therein.

12. Answering the allegations in Paragraph 89, Defendants deny that they intended to cause confusion, mistake and deception. Defendants further cannot admit or deny the remaining allegations as they have no personal knowledge of the facts stated therein.

### FIRST AFFIRMATIVE DEFENSE

13. These answering Defendants allege that Plaintiffs' Complaint is frivolous, and was filed without any good faith basis or reasonable cause or belief that a justifiable controversy existed under the facts or law, thus Defendants are entitled to their reasonable costs, and expenses, including attorney's fees, incurred in defending this action, under California Code of civil Procedure Sections 128.5 and 1038, 28 U.S.C. Section 1927, Federal Rules of Civil Procedure Rule 11, and/or other applicable California or Federal law.

### SECOND AFFIRMATIVE DEFENSE

14. These answering Defendants allege that the Complaint, and each alleged cause of

action, and/or claims and allegations do not state fats sufficient to constitute a cause of action or claim against these answering Defendants under federal law, or do not state a cause of action or claim upon which relief may be granted under federal law.

### THIRD AFFIRMATIVE DEFENSE

15. These answering Defendants allege that if Plaintiffs sustained any injuries or damages as a result of the incident complained of herein, then Plaintiffs proximately caused, aggravated and failed to take proper action to reduce and/or mitigate said injuries or damages.

### FOURTH AFFIRMATIVE DEFENSE

16. These answering Defendants allege that Plaintiffs suffered no legally cognizable damages as a result of the matters alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

17. While Defendants deny that Plaintiff has been damaged in any way, if it should be determined that Plaintiffs, and each of them, have been damaged, then these answering Defendants allege that such damage was not caused by Defendants, but resulted from the conduct of Plaintiffs, and each of them, or others.

### SIXTH AFFIRMATIVE DEFENSE

18. These answering Defendants allege that are informed, believe, and on that basis allege that any remedies or relief sought in the Complaint, which are generally and specifically denied, are limited by virtue of the limitation of remedies and liability.

### SEVENTH AFFIRMATIVE DEFENSE

19. These answering Defendants hereby expressly reserve the right to raise additional affirmative defenses at trial as such facts supporting any such affirmative defense may become known to Defendants during the pendency of this action.

WHEREFORE, the answering Defendant prays:

A.    That Plaintiffs take nothing by the Complaint;

B.    For Defendant's costs of suit herein;

C.    That the degree of responsibility for damages, if any, be determined and apportioned in proportion to the comparative negligence of the liable tortfeasors and that the determination be made pursuant to, or guided by the principles of, California Civil code Sections 1431, 1431.1, and 1431.2, as to the proportional and several responsibilities of all parties;

E.    For a determination that this lawsuit be deemed a frivolous lawsuit;

F.    For such order and further relief as this Court may deemed just and proper.

Dated: 5/17/16

SCHWARTZBERG | LUTHER, APC

_____
Sagi Schwartzberg, Esq.
Attorney for Defendant, LYDIA CHO

## DEMAND FOR JURY

Defendants hereby demand a jury trial as to all issued framed by the pleading pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1.

Dated: 5/17/16

SCHWARTZBERG | LUTHER, APC

_____
Sagi Schwartzberg, Esq.
Attorney for Defendant, LYDIA CHO and MYUNG CHO

LYDIA CHO AND MYUNG CHO'S ANSWER TO PLAINTIFFS' COMPLAINT