1  Sagi Schwartzberg, SBN 273312
   Michael J Luther, SBN 285873
2  SCHWARTZBERG | LUTHER, APC
   8291 Utica Avenue, Suite 201
3  Rancho Cucamonga, CA 91730
   Phone:         909-457-4270
4  Facsimile:     909-457-4296
   E-Mail:        inbox@ielawoffice.com

5

6  Attorneys for Defendant, COMAK TRADING, INC.

7

8                    UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11 SWEET PEOPLE APPAREL, INC. d/b/a          Case No.: **2:16-cv-00940-TJH(JCx)**
   MISS ME, a California Corporation, and
12 RCRV, INC. d/b/a ROCK REVIVAL, a          **ANSWER AND CROSS-CLAIM**
   California Corporation,
13
          Plaintiffs,
14
          v.
15
   PHOENIX    FIBERS,    INC.,    an Arizona
16 corporation,    SAC    INTERNATIONAL
   TRADERS, INC., a California corporation,
17 SHAUKAT ALI CHOHAN, an individual,
   COMAK    TRADING,    INC.,    a California
18 corporation, LYDIA EVILSA TERRAZAS
   CHO, an individual, MYUNG KWON CHO,
19 an individual, XYZ COMPANIES 1-10, and
   JOHN AND JANE DOES 1-10,
20
          Defendants.
21 COMAK    TRADING,    INC.,    a California
   corporation,
22
          Cross-Plaintiff
23
          v.
24
   SAC INTERNATIONAL TRADERS, INC., a
25 California    corporation;    SHAUKAT   ALI
   CHOHAN, an individual, and ROES 1-10,
26 inclusive,
27        Cross-Defendants
28

DEFENDANT COMAK TRADING, INC'S ANSWER AND CROSS-CLAIM

SCHWARTZBERG | LUTHER, APC
RANCHO CUCAMONGA, CA

SCHWARTZBERG | LUTHER, APC
RANCHO CUCAMONGA, CA

1   Defendant COMAK TRADING, INC (Defendant) answers the factual allegations in

2   Plaintiffs' Complaint ("Complaint") and alleges a Cross-Complaint as follows:

4   1.   Answering the allegations in Paragraphs 1, 2, 3, 4, 5, 8, 9, 10, 11, 12, 16, 17, 18,

5   19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 45, 49,

6   50, 52, 53, 54, 55, 56, 58, 59, 65, 67, 68, 70, 73, 75, 76, 78, 79, 81, 82, 83, 86, 87, 92 and 93,

7   Defendant cannot admit or deny the truth or falsity of the statements as Defendant has no

8   personal knowledge of the facts stated therein.

9   2.   Defendant denies the allegations in Paragraphs 44, 47, 48, 61, 62, 63, 64, 71, 72,

10   77, 84, 85, 90, 91 and 94.

11   3.   Answering the allegations in Paragraph 6, Defendant denies the allegations as

12   stated and alleges that Defendant had no knowledge that the products were never intended for

13   distribution and/or sale to consumers.

14   4.   Answering the allegations in Paragraph 7, Defendant denies the allegations as

15   stated and alleges that Defendant did not undertake any alleged conduct in bad faith without

16   consent and did not deliberately intend to introduce any of the products without authorization.

17   Defendant further alleges that Defendant had no knowledge that Plaintiffs did not authorize the

18   sale and distribution of the product.

19   5.   Answering the allegations in Paragraph 13, Defendant admits that it is a

20   corporation duly organized and existing under the laws of the State of California but denies that

21   it maintains its place of business at 2550 South Soto Street, Vernon, California 90058.

22   Defendant alleges it maintains it principal place of business at 2565 Compton Avenue, Los

23   Angeles, CA 90001.

24   6.   Answering the allegations in Paragraph 14, Defendant admits that Lydia Cho is

25   the co-owner/president of Comak Trading, Inc. but denies that Defendant partook in any

26   wrongful conduct, and further denies that Lydia Cho is personally responsible and liable for any

27   of Comak Trading, Inc.'s alleged wrongful acts.

28   7.   Answering the allegations in Paragraph 15, Defendant admits that Myung Cho is

-2-

DEFENDANT COMAK TRADING, INC'S ANSWER AND CROSS-CLAIM

SCHWARTZBERG | LUTHER, APC
RANCHO CUCAMONGA, CA

1  the co-owner/president of Comak Trading, Inc. but denies that Defendant partook in any

2  wrongful conduct, and further denies that Myung Cho is personally responsible and liable for

3  any of Comak Trading, Inc.'s alleged wrongful acts.

4      8.   . Answering the allegations in Paragraph 33, Defendant admits that it sold denim

5  products, and cannot admit or deny that such products were second quality denim that were

6  donated to Phoenix Fibers because Defendant has no personal knowledge of the facts stated

7  therein.

8      9.   Answering the allegations in Paragraph 46, Defendant admits that it sold denim

9  products bearing Plaintiffs' alleged trademarks, but denies that it sold such product with

10  knowledge that the products were materially different from first-quality products authorized for

11  distribution by Plaintiff.  Defendant further alleges that it purchased any products it later sold

12  from other defendants and had no knowledge that such product was unauthorized for sale and/or

13  distribution.

14      10.   Answering the allegations in Paragraph 60, Defendant denies that it intended to

15  cause mistake and deception.  Defendant further cannot admit or deny the remaining allegations

16  as it has no personal knowledge of the facts stated therein.

17      11.   Answering the allegations in Paragraph 69, Defendant denies that it intended to

18  cause confusion, mistake and deception.  Defendant further cannot admit or deny the remaining

19  allegations as it has no personal knowledge of the facts stated therein.

20      12.   Answering the allegations in Paragraph 89, Defendant denies that it intended to

21  cause confusion, mistake and deception.  Defendant further cannot admit or deny the remaining

22  allegations as it has no personal knowledge of the facts stated therein.

23

24                    **AFFIRMATIVE DEFENSES**

25                    **FIRST AFFIRMATIVE DEFENSE**

26      13.   This answering Defendant alleges that Plaintiff's Complaint is frivolous, and was

27  filed without any good faith basis or reasonable cause or belief that a justifiable controversy

28  existed under the facts or law, thus Defendant is entitled to their reasonable costs, and expenses,

1  including attorney's fees, incurred in defending this action, under California Code of civil

2  Procedure Sections 128.5 and 1038, 28 U.S.C. Section 1927, Federal Rules of Civil Procedure

3  Rule 11, and/or other applicable California or Federal law.

4

5  **SECOND AFFIRMATIVE DEFENSE**

6  14.    This Answering Defendant alleges that the Complaint, and each alleged cause of

7  action, and/or claims and allegations do not state fats sufficient to constitute a cause of action or

8  claim against this answering Defendant under federal law, or do not state a cause of action or

9  claim upon which relief may be granted under federal law.

10

11  **THIRD AFFIRMATIVE DEFENSE**

12  15.    This answering Defendant alleges that if Plaintiff sustained any injuries or

13  damages as a result of the incident complained of herein, then Plaintiff proximately caused,

14  aggravated and failed to take proper action to reduce and/or mitigate said injuries or damages.

15

16  **FOURTH AFFIRMATIVE DEFENSE**

17  16.    This answering Defendant alleges that Plaintiff suffered no legally cognizable

18  damages as a result of the matters alleged in the Complaint.

19

20  **FIFTH AFFIRMATIVE DEFENSE**

21  17.    While defendant denies that Plaintiff has been damaged in any way, if it should be

22  determined that Plaintiff, and each of them, have been damaged, then this answering Defendant

23  alleges that such damage was not caused by defendant, but resulted from the conduct of Plaintiff,

24  and each of them, or others.

25

26  **SIXTH AFFIRMATIVE DEFENSE**

27  18.    As a separate, distinct and fourteenth affirmative defense, this answering

28  Defendant is informed, believes, and on that basis alleges that any remedies or relief sought in

SCHWARTZBERG | LUTHER, APC
RANCHO CUCAMONGA, CA

-4-

the Complaint, which are generally and specifically denied, are limited by virtue of the limitation of remedies and liability.

## SEVENTH AFFIRMATIVE DEFENSE

19.     This answering Defendant alleges hereby expressly reserves the right to raise additional affirmative defenses at trial as such facts supporting any such affirmative defense may become known to Defendant during the pendency of this action.

## COMAK TRADING INC.'S TRADERS, INC CROSS-CLAIM

## THE PARTIES

20.     Defendant Comak Trading Inc. is a California corporation with its principal place of business located at 2565 Compton Avenue, Los Angeles, CA 90001.

21.     Upon information and belief, Defendant SAC International Traders, Inc. ("SAC") is a corporation duly organized and existing under the laws of the State of California, and maintains its principal place of business located at 6130 Avalon Boulevard, Los Angeles, California 90003.

22.     Upon information and belief, defendant Shaukat Ali Chohan ("Chohan") is an individual who is, and was at all times relevant herein, a resident of the State of California. Upon further information and belief, Defendant Chohan is the owner and president of SAC, and is personally responsible and liable for the wrongful acts of SAC, as described herein.

## NATURE OF THE CROSS-CLAIM

23.     Defendant Comak Trading Inc ("Comak") is a clothing wholesaler that purchases clothing items from various suppliers, packages them, and resells them on the open market to other wholesalers or retailers, and has been in business for over 20 years.

24.     In or about April of 2015, Comak commenced purchasing clothing items from Cross-Defendants SAC and Chohan (hereinafter Cross-Defendants).  As part of this business

SCHWARTZBERG | LUTHER, APC
RANCHO CUCAMONGA, CA

DEFENDANT COMAK TRADING, INC'S ANSWER AND CROSS-CLAIM

relationship, agreement and understanding of the parties, Cross-Defendants promised to use reasonable care in supplying clothing items to Comak and ensure that the clothing articles it sells Comak were properly registered and authorized for sale; in other words, the parties agreement was that Cross-Defendants would supply Comak with good and marketable clothing articles so that Comak could re-sell them in the open market.

25.     In or about or about the same time, as the parties just commenced doing business, Comak was approached by Chohan and was informed that Cross-Defendants obtained "Miss Me" and "Rock Revival" denim (hereinafter "Product") for sale.  Shortly thereafter, Comak decided to purchase the Product from Cross-Defendants with the understanding that such Product had good and marketable title and that Cross-Defendants had the authority to sell the Product. At no time did Cross-Defendants inform Comak that Cross-Defendants were not authorized to sell the Product or that the Product was not allowed to be re-sold.

26.     In or about February 16, 2016, Comak received a letter in the mail from Plaintiffs, Sweet People Apparel, Inc. and RCRV, Inc. informing it that Plaintiffs commenced a lawsuit against Comak and the other Defendants arising out of Comak's sale of the Product.

27.     At that point, and as soon as it received the letter and a copy of the lawsuit, Comak ceased selling any Product and further preserved all Product it previously purchased from SAC and Chohan.

## COUNT I

## (BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALINGS)

28.     Comak restates and hereby incorporated by reference, the allegations in Paragraphs 20 through 29 as if set forth fully herein.

29.     In or about April of 2015, Comak and Cross-Defendants entered into an oral agreement wherein the parties agreed that Comak would purchase clothing articles from Cross-Defendants for the purpose of reselling such items on the open market and that Cross-Defendants would supply good and marketable title to the clothing articles to ensure Comak could re-sell such items.

DEFENDANT COMAK TRADING, INC'S ANSWER AND CROSS-CLAIM

SCHWARTZBERG | LUTHER, APC
RANCHO CUCAMONGA, CA

SCHWARTZBERG | LUTHER, APC
RANCHO CUCAMONGA, CA

30.     Comak is informed and believes, and based on such information and belief alleges, that the oral agreement contained an implied covenant of good faith and fair dealing preventing each party from doing anything which will deprive the other party of the benefit of the oral clothing supply agreement.

31.     Accordingly, Comak is informed and believes, and based on such information and belief alleges, that Cross-Defendants breached the implied covenant of good faith and fair dealings when Cross-Defendants sold Comak the Product subject to this litigation, knowing that such Product was not authorized to be resold in the open market.

32.     As a proximate and direct result of Cross-Defendants breach, Comak suffered damages in an amount to be proven at trial, but of no less than $100,000.00.

## COUNT II

## (FRAUD)

33.     Comak restates and hereby incorporated by reference, the allegations in Paragraphs 20 through 34 as if set forth fully herein

34.     Between April 2015 and February of 2016, Cross-Defendants represented to Comak that they had the Product to sell to Comak and that the Product was good and marketable, and that Cross-Defendants had the authority to sell the Product.  Therefore, between April of 2015 And January of 2016, Comak purchased the Product from Cross-Defendants and spent approximately $80,000 on such purchases.  Such representations were the underlying reason that Comak agreed to purchase the Product from Cross-Defendants and were essential to the analysis made by Comak prior to purchasing the Product from Cross-Defendants.

35.     Comak is informed and believes, and based upon such information and belief alleges, that Cross-Defendants knew that they were not authorized to sell the Product to Comak. Therefore, Comak is informed and believes that Cross-Defendants made the above-representations and concealments of material facts with the intent to include Comak to purchase the Product and alter its position regarding the purchase of the Product knowing the risk of selling unauthorized clothing material.

DEFENDANT COMAK TRADING, INC'S ANSWER AND CROSS-CLAIM

SCHWARTZBERG | LUTHER, APC
RANCHO CUCAMONGA, CA

36.    Based on the prior long relationship between Comak and Cross-Defendants, Cross-Defendants knew that Comak would rely on their statements and concealments. Accordingly, Comak is informed and believes, and based thereon alleges, that its reliance on Cross-Defendants' representations and concealments were reasonably justified.

37.    As a direct and proximate result of Cross-Defendants' misrepresentation and concealment of material facts, Comak was harmed in the amount to be proved at the time of trial, but of no less than $100,000.00

38.    Cross-Defendants' conduct described herein was intended by Cross-Defendants to cause injury to Comak or was despicable conduct carried on by Cross-Defendants with a willful and conscious disregard of Comak's rights, or subjected Comak to cruel and unjust hardship in conscious disregard of its rights, or was an intentional misrepresentation, deceit, or concealment of a material fact known to Cross-Defendants with the intention to deprive Comak of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code § 3294, thereby entitling Comak to punitive damages in an amount appropriate to punish or set an example of Cross-Defendants.

## COUNT III
## (EQUITABLE INDEMNIFICATION)

39.    Comak restates and hereby incorporated by reference, the allegations in Paragraphs 20 through 38 as if set forth fully herein

40.    Comak is informed and believes and based thereon alleges that Comak and Cross-Defendants agreed to use reasonable care in the purchase in their agreement, wherein Comak would purchase clothing articles from Cross-Defendants.

41.    Comak is informed and believes and based thereon alleges that Cross-Defendants failed to use reasonable care in purchasing the Product which was later sold to Comak and Cross-Defendants further failed to ensure that the Product was registered and authorized for sale.

42.    Comak is informed and believes and based thereon alleges that as a result of Cross-Defendants' failure to use reasonable care as described herein, Comak was harmed in an

DEFENDANT COMAK TRADING, INC'S ANSWER AND CROSS-CLAIM

1    amount to be proved at trial.

2         43.    Comak is further informed and believes, and based thereon alleges, that Cross-

3    Defendants' conduct was a substantial factor in causing the above-mentioned harm to Comak.

4

5

6         WHEREFORE, Comak prays that this Court grant judgment to Comak as follows:

7         A.    That Plaintiffs take nothing by the Complaint against Comak;

8         B.    For Comak' costs of suit herein;

9         C.    That the degree of responsibility for damages, if any, be determined and

10   apportioned in proportion to the comparative fault of the liable tortfeasors, and that   the

11   determination be made pursuant to, or guided by the principles of, California Civil code Sections

12   1431, 1431.1, and 1431.2, as to the proportional and several responsibilities of all parties;

13        D.    For a determination that Plaintiffs' lawsuit be deemed a frivolous lawsuit as

14   against Comak;

15        E.    For Compensatory damages as against Cross-Defendants;

16        F.    For Punitive damages as against Cross-Defendants;

17        G.    For Indemnification as against Cross-Defendants;

18        H.    For such order and further relief as this Court may deemed just and proper.

19

20

21

22   Dated: 5/17/16                          SCHWARTZBERG | LUTHER, APC

23

24

25                                           Sagi Schwartzberg, Esq.
                                             Attorney for Defendant, COMAK TRADING,
26                                           INC.

27   ///

28   ///

DEFENDANT COMAK TRADING, INC'S ANSWER AND CROSS-CLAIM

SCHWARTZBERG | LUTHER, APC
RANCHO CUCAMONGA, CA

## **DEMAND FOR JURY**

Defendant hereby demands a jury trial as to all issued framed by the pleading pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1.

Dated:  5/17/16

SCHWARTZBERG | LUTHER, APC

Sagi Schwartzberg, Esq.
Attorney for Defendant, COMAK TRADING, INC.

SCHWARTZBERG | LUTHER, APC
RANCHO CUCAMONGA, CA

-10-