EUGENE ALKANA (State Bar No. 60411)
eugenealkana@yahoo.com
131 North El Molino Avenue Suite 310
Pasadena, California 91101
PHONE: 626-796-8170
FAX: 626-795-6138

Counsel for Defendant **U.S. General Export**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

SWEET PEOPLE APPAREL, INC., d/b/a MISS ME, a California corporation, and RCRV, INC. d/b/a ROCK REVIVAL, a California corporation,

Plaintiff,

v.

PHOENIX FIBERS, INC., an Arizona corporation, U.S. GENERAL EXPORT, INC., a California corporation, SAC INTERNATIONAL TRADERS, INC., a California corporation, SHAUKAT ALI CHOHAN, an individual, COMAK TRADING, INC., a California corporation, LYDIA EVILSA TERRAZAS CHO, an individual, MYUNG KWON CHO, an individual, TIFFANY ALANA WOLFF, an individual d/b/a MISS V LANE, XYZ COMPANIES 1-10, and JOHN AND JANE DOES 1-10,

Defendants.

Case No. 2:16-cv-00940-TJH (JCx)

**U.S. GENERAL EXPORT'S ANSWER TO FIRST AMENDED COMPLAINT; CROSSCLAIMS AGAINST PHOENIX FIBERS, INC. AND SAC INTERNATIONAL TRADERS, INC.; DEMAND FOR JURY TRIAL.**

\\\

**ANSWER**

Defendant, U.S. General Export, Inc. (hereinafter "U.S. General Export"), by and through its undersigned counsel, hereby answers the First Amended Complaint (hereinafter "Complaint") of Sweet People Apparel, Inc., d/b/a Miss Me, and RCRV, Inc. d/b/a Rock Revival (hereinafter "Plaintiffs") in the captioned matter. U.S. General Export denies each and every allegation contained in the Complaint except as hereinafter may be expressly admitted. In response to the numbered paragraphs and sentences of the Complaint, U.S. General Export admits, denies, or otherwise responds as follows:

1. The allegations contained in Paragraph 1 constitute legal conclusions to which no response is required.

2. The allegations contained in Paragraph 2 constitute legal conclusions to which no response is required.

3. As to the allegations contained in Paragraph 3 of the Complaint, U.S. General Export admits the allegations contained therein.

4. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, except for the last sentence. As to the allegations contained in the last sentence of Paragraph 4, U.S. General Export denies both that it intended to resell, and that it did resell, the Donated Products into retail channels and eventually to consumers. U.S. General Export only resold denim it acquired from Defendant Phoenix Fibers, Inc. (hereinafter "Phoenix Fibers") to wholesalers on a price-per-pound basis.

5. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5. U.S. General Export was unaware of any agreement between Phoenix Fibers and Plaintiffs.

6. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations against Phoenix Fibers and the other Retailer Defendants contained in Paragraph 6. As to the allegations against U.S. General Export contained in Paragraph 6, U.S. General Export denies that it infringed upon and caused irreparable harm

to Plaintiffs' Marks because it only sold denim on a price-per-pound basis into wholesale channels, and was unaware of any restriction on resale of that denim.

7. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations against Phoenix Fibers and the other Retailer Defendants contained in Paragraph 7. As to the allegations against U.S. General Export contained in Paragraph 7, U.S. General Export denies that its conduct was in bad faith, and that it deliberately intended to introduce the Donated Products into an unauthorized distribution channel.

8. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. As to the allegations contained in Paragraph 11 of the Complaint, U.S. General Export admits the allegations contained therein.

12. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35. As to the allegations against U.S. General Export contained in Paragraph 35, U.S. General Export denies having any knowledge that any product it acquired from Phoenix Fibers was a second-quality denim and apparel product intended for destruction. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35.

36. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38. As to the allegations against U.S. General Export contained in Paragraph 38, U.S. General Export denies having any knowledge that any product it acquired from Phoenix Fibers was a second-quality denim and apparel product intended for destruction. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38.

39. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

42. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

43. As to the allegations against U.S. General Export contained in Paragraph 43, U.S. General Export denies having any knowledge that any product it acquired from Phoenix Fibers was a second-quality denim and apparel product intended for destruction. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43.

44. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44. U.S. General Export was unaware of any agreement between Phoenix Fibers and Plaintiffs.

45. As to the allegations contained in Paragraph 45 of the Complaint, U.S. General Export denies the allegations contained therein. U.S. General Export did purchase denim and other apparel products in bulk from Phoenix Fibers. U.S. General Export was unaware of any Donated Products, or any second-quality goods that were not intended to be sold in bulk to others.

46. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

47. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

48. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48.

49. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49.

50. As to the allegations against U.S. General Export contained in Paragraph 50 of the Complaint, U.S. General Export denies the allegations contained therein. U.S. General Export was unaware of any Donated Products, or any second-quality goods not intended to be sold in bulk to others. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 against other defendants.

51. As to the allegations against U.S. General Export contained in Paragraph 51 of

the Complaint, U.S. General Export denies the allegations contained therein. U.S. General Export was unaware of any Donated Products, or that any such products were intended only for destruction. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 against other defendants.

52. As to the allegations against U.S. General Export contained in Paragraph 52 of the Complaint, U.S. General Export denies the allegations contained therein. U.S. General Export neither currently possesses Plaintiffs' products nor intends to sell them in the future.

53. As to the allegations contained in Paragraph 53 of the Complaint, U.S. General Export denies the allegations contained therein.

54. As to the allegations contained in Paragraph 54 of the Complaint, U.S. General Export denies the allegations contained therein.

**PLAINTIFFS' FIRST CLAIM FOR RELIEF**

**BREACH OF CONTRACT**

**(PHOENIX FIBERS)**

55. U.S. General Export adopts by reference the answers above to the allegations in Paragraphs 1-54 of the Complaint.

56. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56. U.S. General Export was unaware of any agreement between Phoenix Fibers and the Plaintiffs.

57. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57.

58. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58.

59. As to the allegations contained in Paragraph 59 of the Complaint, U.S. General Export denies the allegations contained therein. It is not clear that Plaintiffs have suffered any direct or indirect harm caused by the sale of its Donated Products.

60. As to the allegations contained in Paragraph 60 of the Complaint, U.S. General

Export denies the allegations contained therein. It is not clear that any monetary damages were caused by the sale of its Donated Products.

**PLAINTIFFS' SECOND CLAIM FOR RELIEF**

**TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

**(ALL DEFENDANTS)**

61. U.S. General Export adopts by reference the answers above to the allegations in Paragraphs 1-60 of the Complaint.

62. As to the allegations contained in Paragraph 62 of the Complaint, U.S. General Export denies the allegations contained therein.

63. As to the allegations contained in Paragraph 63 of the Complaint, U.S. General Export denies the allegations contained therein.

64. As to the allegations contained in Paragraph 64 of the Complaint, U.S. General Export denies the allegations contained therein.

65. As to the allegations contained in Paragraph 65 of the Complaint, U.S. General Export denies the allegations contained therein.

66. As to the allegations contained in Paragraph 66 of the Complaint, U.S. General Export denies the allegations contained therein.

67. As to the allegations contained in Paragraph 67 of the Complaint, U.S. General Export denies the allegations contained therein.

68. As to the allegations contained in Paragraph 68 of the Complaint, U.S. General Export denies the allegations contained therein.

69. As to the allegations contained in Paragraph 69 of the Complaint, U.S. General Export denies the allegations contained therein.

**PLAINTIFFS' THIRD CLAIM FOR RELIEF**

**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

**(15 U.S.C. § 1125(a))**

**(ALL DEFENDANTS)**

70. U.S. General Export adopts by reference the answers above to the allegations in Paragraphs 1-69 of the Complaint.

71. As to the allegations contained in Paragraph 71 of the Complaint, U.S. General Export denies the allegations contained therein.

72. As to the allegations contained in Paragraph 72 of the Complaint, U.S. General Export denies the allegations contained therein.

73. As to the allegations contained in Paragraph 73 of the Complaint, U.S. General Export denies the allegations contained therein.

74. As to the allegations contained in Paragraph 74 of the Complaint, U.S. General Export denies the allegations contained therein.

75. As to the allegations contained in Paragraph 75 of the Complaint, U.S. General Export denies the allegations contained therein.

76. As to the allegations contained in Paragraph 76 of the Complaint, U.S. General Export denies the allegations contained therein.

77. As to the allegations contained in Paragraph 77 of the Complaint, U.S. General Export denies the allegations contained therein.

**PLAINTIFFS' FOURTH CLAIM FOR RELIEF**

**CALIFORNIA UNFAIR COMPETITION**

**(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

**(ALL DEFENDANTS)**

78. U.S. General Export adopts by reference the answers above to the allegations in Paragraphs 1-77 of the Complaint.

79. As to the allegations contained in Paragraph 79 of the Complaint, U.S. General Export denies the allegations contained therein.

80. As to the allegations contained in Paragraph 80 of the Complaint, U.S. General Export denies the allegations contained therein.

81. As to the allegations contained in Paragraph 81 of the Complaint, U.S. General Export denies the allegations contained therein.

82. As to the allegations contained in Paragraph 82 of the Complaint, U.S. General Export denies the allegations contained therein.

83. As to the allegations contained in Paragraph 83 of the Complaint, U.S. General Export denies the allegations contained therein.

**PLAINTIFFS' FIFTH CLAIM FOR RELIEF**

**CALIFORNIA DILUTION**

**(Cal. Bus. & Prof. Code § 14247)**

**(ALL DEFENDANTS)**

84. U.S. General Export adopts by reference the answers above to the allegations in Paragraphs 1-83 of the Complaint.

85. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85.

86. U.S. General Export lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86.

87. As to the allegations contained in Paragraph 87 of the Complaint, U.S. General Export denies the allegations contained therein.

88. As to the allegations contained in Paragraph 88 of the Complaint, U.S. General Export denies the allegations contained therein.

89. As to the allegations contained in Paragraph 89 of the Complaint, U.S. General Export denies the allegations contained therein.

90. As to the allegations contained in Paragraph 90 of the Complaint, U.S. General Export denies the allegations contained therein.

91. As to the allegations contained in Paragraph 91 of the Complaint, U.S. General Export denies the allegations contained therein.

**PLAINTIFFS' SIXTH CLAIM FOR RELIEF**

**COMMON LAW TRADEMARK INFRINGEMENT**

**AND UNFAIR COMPETITION**

**(ALL DEFENDANTS)**

92. U.S. General Export adopts by reference the answers above to the allegations in Paragraphs 1-91 of the Complaint.

93. As to the allegations contained in Paragraph 93 of the Complaint, U.S. General Export denies the allegations contained therein.

94. As to the allegations contained in Paragraph 94 of the Complaint, U.S. General Export denies the allegations contained therein.

95. As to the allegations contained in Paragraph 95 of the Complaint, U.S. General Export denies the allegations contained therein.

96. As to the allegations contained in Paragraph 96 of the Complaint, U.S. General Export denies the allegations contained therein.

97. As to the allegations contained in Paragraph 97 of the Complaint, U.S. General Export denies the allegations contained therein.

98. As to the allegations contained in Paragraph 98 of the Complaint, U.S. General Export denies the allegations contained therein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a cause of action upon which relief may be granted because U.S. General Export had no knowledge that the denim it purchased from Phoenix Fibers was not authorized for bulk resale. U.S. General Export purchases and resells clothing fiber in bulk on a price-per-pound basis, and Phoenix Fibers failed to inform U.S. General Export that denim it purchased from Phoenix Fibers included products not authorized for bulk resale. Further, U.S General Export was not a party to any agreements with the Plaintiffs and had no knowledge of any such agreements between Plaintiffs and Phoenix Fibers.

2. U.S. General Export denies that Plaintiffs have suffered any harm or monetary damage, deny the nature and extent of damage (if any), and deny U.S. General Export caused Plaintiffs to sustain any damage. To the extent that Plaintiffs suffered any damage, which is denied, such damage was caused in whole or in part by Plaintiffs' own conduct, misconduct, or failure to mitigate its own damage.

3. Even if Plaintiffs did suffer damage, U.S. General Export did not cause the damage because Phoenix Fibers and Defendant SAC International Traders, Inc. are the only parties, if any, that could, in whole or in part, have caused harm to the Plaintiffs through their conduct, misconduct, or failure to mitigate damage they caused. Phoenix Fibers and Defendant SAC International Traders, Inc. were the only parties, if any, in privity with the Plaintiffs. Phoenix Fibers never informed U.S. General Export of any agreement with the Plaintiffs or restriction on resale of the products Phoenix Fibers sold to U.S. General Export. Likewise, Defendant SAC International Traders, Inc. never informed its purchasers of restrictions on resale of the products it sold. Phoenix Fibers and Defendant SAC International Traders, Inc. are the only parties that could have had a duty regarding the Plaintiffs' products.

## CROSSCLAIMS

Defendant and Cross-Plaintiff U.S. General Export, Inc. (hereinafter "U.S. General Export") hereby asserts the following Crossclaims against Defendants and Cross-Defendants Phoenix Fibers, Inc. (hereinafter "Phoenix Fibers") and SAC International Traders, Inc. (hereinafter "SAC"):

1. U.S. General Export re-alleges and incorporates by reference its above answer and defenses to the Plaintiffs' Complaint, as if fully set forth herein.

## JURISDICTION AND VENUE

2. These Crossclaims are asserted under Rule 13(g) of the Federal Rules of Civil Procedure. This Court has jurisdiction over the subject matter of these Crossclaims under 28

U.S.C. §§ 1331, 1338(a) because the Crossclaims arise under the trademark laws of the United States, Title 15, Chapter 22.

3. These Crossclaims arises out of the same series of transactions and occurrences as the trademark claims set forth in the Complaint.

4. This Court also has subject matter jurisdiction over these Crossclaims pursuant to 28 U.S.C. § 1331, because the Crossclaims involve questions of federal law, and pursuant to 28 U.S.C § 1367(a), because the Crossclaims are so related to the claims in this action as to form part of the same case or controversy under Article III of the United States Constitution.

5. This Court has personal jurisdiction over Phoenix Fibers and SAC because a substantial part of the events giving rise to these Crossclaims occurred within this judicial district. This Court also has personal jurisdiction over SAC because it is a California corporation, and its principal place of business is in this judicial district.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events giving rise to these Crossclaims occurred within this judicial district.

**PARTIES**

7. Phoenix Fibers is a corporation organized under the laws of the State of Arizona with its principal place of business located at 400 East Ray Road, Chandler, Arizona 85225.

8. SAC is a corporation organized under the laws of the State of California with its principal place of business located at 6130 Avalon Boulevard, Los Angeles, California 90003.

9. U.S. General Export is a corporation organized under the laws of the State of California with its principal place of business located at 1423 E. 58th Place, Los Angeles, California 90001.

## FACTS

10. U.S. General Export is a wholesaler engaged in the business of purchasing and selling goods in bulk, including denim.

11. During 2015, U.S. General Export purchased bulk shipments of denim from Phoenix Fibers and sold those shipments to other buyers after it purchased them from Phoenix Fibers.

12. Phoenix Fibers, in selling the denim to U.S. General Export, impliedly promised to take reasonable care in its sales, particularly that the denim it sold was authorized for sale, knowing that U.S. General Export intended to re-sell the denim to other wholesalers.

13. Phoenix Fibers unreasonably failed to ensure that it sold U.S. General Export the denim with good and marketable title. Instead, Phoenix Fibers sold the denim in bad faith, knowing that it was restricted from selling the denim.

14. SAC also sold the Plaintiffs' denim to other wholesalers, including Defendant Comak Trading, Inc.

15. SAC unreasonably failed to ensure that is sold the denim with good and marketable title. Instead, SAC sold the denim to other wholesalers, knowing that it was restricted from selling the denim.

## FIRST CROSSCLAIM CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

## (PHOENIX FIBERS)

16. U.S. General Export re-alleges and incorporates by reference the allegations in Paragraphs 1 through 15, as if fully set forth herein.

17. In 2015, U.S. General Export and Phoenix Fibers entered into an agreement, in which U.S. General Export would purchase denim from Phoenix Fibers for the purpose of resale on the open market and Phoenix Fibers would supply good and marketable title to the denim.

18. The agreement between U.S. General Export and Phoenix Fibers contained an implied covenant of good faith and fair dealing, which would prevent the parties from doing anything that would deprive the other party of the benefit of the agreement.

19. Phoenix Fibers breached the implied covenant of good faith and fair dealing because it sold U.S. General Export the Plaintiffs' denim, knowing that the denim was not authorized for resale.

20. As a proximate and direct result of Phoenix Fibers breach of the implied covenant of good faith and fair dealing, U.S. General Export has suffered damages in an amount to be proven at trial.

**SECOND CROSSCLAIM CAUSE OF ACTION FOR EQUITABLE INDEMNIFICATION**

**(PHOENIX FIBERS AND SAC)**

21. U.S. General Export re-alleges and incorporates by reference the allegations in Paragraphs 1 through 20, as if fully set forth herein.

22. U.S. General Export and Phoenix Fibers implicitly agreed to use reasonable care in fulfilling their obligations in their agreement, where Phoenix Fibers would sell, and U.S. General Export would buy, denim for the purpose of resale to other wholesalers.

23. Phoenix Fibers failed to use reasonable care in purchasing the denim from the Plaintiffs, which it then sold to U.S. General Export, and failed to ensure that the denim was registered and authorized for resale.

24. As a result of Phoenix Fibers' failure to use reasonable care, U.S. General Export was harmed in an amount to be proved at trial.

25. Phoenix Fibers' conduct was a substantial factor in causing harm to U.S. General Export.

26. SAC implicitly agreed to use reasonable care in fulfilling its obligations in its agreements to sell the Plaintiffs' denim to other wholesalers.

27. SAC failed to use reasonable care in purchasing the denim from the Plaintiffs,

which it then sold to other wholesalers, including Defendant Comak Trading, Inc., and failed to ensure that the denim was registered and authorized for resale.

28. As a result of SAC's failure to use reasonable care, U.S. General Export was harmed, resulting from the Plaintiffs' claims against U.S. General Export, in an amount to be proved at trial.

29. SAC's conduct was a substantial factor in causing harm to U.S. General Export.

## PRAYER FOR RELIEF

**WHEREFORE**, U.S. General Export prays that this Court grant judgment to U.S. General Export as follows:

A. That Plaintiffs take nothing against U.S. General Export;

B. For U.S. General Export's costs incurred as a result of this suit;

C. That responsibility for damages, if any, be apportioned according to comparative fault, pursuant to California Civil Code §§ 1431, 1431.1, and 1431.2;

D. For a determination that Plaintiffs' lawsuit be deemed a frivolous lawsuit as against U.S. General Export;

E. For compensatory damages as against Phoenix Fibers;

F. For indemnification as against Phoenix Fibers;

G. For indemnification as against SAC;

H. For such further relief as this Court may deem appropriate.

///

///

///

///

///

///

///

**DEMAND FOR JURY TRIAL**

U.S General Export hereby request a trial by jury for the legal remedies prayed for in its above Answer and Crossclaims.

Dated: July 1, 2016

Respectfully submitted,

By: */s/ Eugene Alkana*

Eugene Alkana SBN 60411
131 North El Molino Avenue Suite 310
Pasadena, California 91101
PHONE: 626-796-8170
FAX: 626-795-6138
eugenealkana@yahoo.com
*Counsel for U.S. General Export*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

SWEET PEOPLE APPAREL, INC., et al.,

Plaintiff(s)

v.

PHOENIX FIBERS, INC., U.S. GENERAL EXPORT, INC., et al.,

Defendant(s)

**CERTIFICATE OF SERVICE**

Case No.: 2-16-CV-00940-TJH (JCx)

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 131 N. El Molino Avenue, Suite 310, Pasadena, California 91101.

A true and correct copy of the foregoing document described as **U.S. General Export's Answer to First Amended Complaint; Crossclaims Against Phoenix Fibers, Inc. and SAC International Traders, Inc.; Demand for Jury Trial.;** on the judge in chambers in the form and manner required by LR 5-4.5; and **(b)** in the manner indicated below:

**To Be Served by the Court via Notice of Electronic Filing ("NEF")** Pursuant to the Judicial Conference of the United States, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 29, 2016** I checked the CM/ECF docket for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Attorneys for Plaintiffs John C. Ulin *john.ulin@aporter.com*; Louis S. Ederer *louis.ederer@aporter.com* , Matthew Salzman *matthew.salzmann@aporter.com*, Eric D. Mason *eric.mason@aporter.com*, Leyla Cambel *lelya.cambel@aporter.com ecalendar@aporter.com*, *jacquelynn.tollefson@aporter.com;* Attorneys for Defendant Phoenix Fibers, Inc. William C. O'Neill *wco@rossllp.com*, Attorneys for Defendants Comak Trading, Inc., Myung Cho and Lydia Cho, and Cross-Claimant Comak Trading, Inc. Sagi Schwartzberg *inbox@ielawoffice.com*, Michael James Luther *inbox@ielawoffice.com;* Attorney for Defendant U.S. General Exports, Inc. Eugene S Alkana *eugenealkana@mindspring.com*

Pursuant to F.R. Civ.P. 5 and L.R. 5-4.5 on **June 29, 2016** I served the following person(s) and/or entity(ies) by personal delivery, by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

*Chambers of the Hon. Terry J. Hatter, Jr., 312 North Spring Street, Los Angeles, CA (personal delivery)*

Dated: June 29, 2016

**/s/Kathleen Wilber**

Kathleen Wilber