J.T. Fox, Esq., SBN 195063
**LAW OFFICES OF JT FOX, APC**
556 S. Fair Oaks Ave., No. 444
Pasadena, CA 91105
(888) 750-5530 Work
(888) 750-5530 Fax
E-Mail: jt@jtfoxlaw.com

Attorney for Defendant,
TIFFANY ALANA WOLFF d/b/a MISS V LANE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWEET PEOPLE APPAREL, INC. d/b/a MISS ME, a California corporation, and RCRV, Inc. d/b/a ROCK REVIVAL, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> PHOENIX FIBERS, INC., an Arizona corporation, U.S. GENERAL EXPORT, INC., a California corporation, SAC INTERNATIONAL TRADERS, INC., a California corporation, SHAUKAT ALI CHOHAN, an individual, COMAK TRADING, INC., a California corporation, LYDIA EVILSA TERRAZAS CHO, an individual, MYUNG KWON CHO, an individual, TIFFANY ALANA WOLFF, an individual d/b/a MISS V LANE, XYZ COMPANIES 1-10, and JOHN AND JANE DOES 1-10, <br><br> Defendants. | Case No.: 2:16-CV-00940 (TJH) <br><br> DEFENDANT TIFFANY ALANA WOLFF d/b/a MISS V LANE'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL <br><br> Assigned to the Honorable: <br><br> District Judge: Terry J. Hatter, Jr. <br> Magistrate Judge: Jacqueline Chooljian <br><br> [Cross-Complaint filed concurrently herein] |

In response to the Complaint of Plaintiffs SWEET PEOPLE APPAREL, INC. d/b/a MISS ME, a California corporation, and RCRV, Inc. d/b/a ROCK REVIVAL, a California corporation, ("Plaintiff"), Defendant TIFFANY ALANA WOLFF d/b/a MISS V LANE ("Defendant"), for herself alone, states as follows for her answer and affirmative defenses:

### INTRODUCTION

Defendant states that Plaintiffs' claims against Defendant are for violations of: (1) Breach of

Contract, (2) Trademark Infringement in Violation of 15 U.S.C. Section 1114, (3) False Designation of Origin and Unfair Competition in Violation of 15 U.S.C. Section 1125(a), (4) Unfair Competition in Violation of California Bus. & Prof. Code Sections 17200 et seq., (5) Dilution in Violation of California Bus. & Prof. Code Section 14247 and (6) Common Law Trademark Infringement and Unfair Competition.

### JURISDICTION AND VENUE

1. Paragraph 1 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 1 purports to contain any allegations of fact, Defendant denies the same.

2. Paragraph 2 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 2 purports to contain any allegations of fact, Defendant denies the same.

### NATURE OF THE ACTION

3. With respect to the allegations of Paragraph 3 of the Complaint, Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 3, and therefore denies the same.

4. With respect to the allegations of Paragraph 4 of the Complaint, Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 4, and therefore denies the same.

5. To the extent that Paragraph 5 purports to contain any additional allegations of fact, Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 5, and therefore deny the same.

6. With respect to the allegations of Paragraph 6 of the Complaint, Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 6, and therefore denies the same.

7. With respect to the allegations of Paragraph 7 of the Complaint, Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 7, and therefore denies the same.

8. With respect to the allegations of Paragraphs 8 to 45 and 49 to 50 of the Complaint, Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraphs 8 to 45 and 49 to 50, and therefore denies the same.

9. To the extent that Paragraphs 46, 47 and 48 purports to contain any allegations of fact, Defendant denies that she committed any of the acts as stated in Paragraphs 46, 47 and 48.

## FIRST CLAIM FOR RELIEF

## BREACH OF CONTRACT

10. Paragraphs 51 to 56 of the Complaint are directed towards Defendant PHOENIX FIBERS, INC. solely and no other Defendants, thus no response is required of this responding Defendant.

## SECOND CLAIM FOR RELIEF

## TRADEMARK INFRINGEMENT (15 U.S.C. SECTION 1114)

11. Defendant incorporates its answers to Paragraphs 1 through 56 as and for its answer to Paragraph 57.

12. To the extent that Paragraphs 58, 59, 61 to 65 purports to contain any allegations of fact, Defendant denies the allegations contained in Paragraphs 58, 59, 61 to 65 of the Complaint.

13. With respect to the allegations of Paragraph 60 of the Complaint, Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 60, and therefore denies the same.

## THIRD CLAIM FOR RELIEF

## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (15 U.S.C. § 1125(a))

14. Defendant incorporates its answers to Paragraphs 1 through 65 as and for its answer to Paragraph 66.

15. To the extent that Paragraphs 67 to 73 purports to contain any allegations of fact, Defendant denies the allegations contained in paragraphs 58, 59, 61 to 65 of the Complaint.

## FOURTH CLAIM FOR RELIEF

## CALIFORNIA UNFAIR COMPETITION

16. Defendant incorporates its answers to Paragraphs 1 through 73 as and for its answer to

-3-

Paragraph 74.

17. To the extent that Paragraphs 75 to 78 purports to contain any allegations of fact, Defendant denies the allegations contained in Paragraphs 75 to 78 of the Complaint.

18. Paragraph 79 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 79 purports to contain any allegations of fact, Defendant denies the allegations contained in Paragraph 79 of the Complaint.

## FIFTH CLAIM FOR RELIEF
## CALIFORNIA DILUTION

19. Defendant incorporates its answers to Paragraphs 1 through 79 as and for its answer to Paragraph 80.

20. With respect to the allegations of Paragraph 81 of the Complaint, Defendant lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 81, and therefore denies the same.

21. Paragraph 82 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 82 purports to contain any allegations of fact, Defendant denies the allegations contained in paragraph 82 of the Complaint.

22. To the extent that Paragraphs 83 to 86 purports to contain any allegations of fact, Defendant denies the allegations contained in Paragraphs 83 to 86 of the Complaint.

23. Paragraph 87 contains conclusions of law as opposed to allegations of fact, and as such, no answer is required. To the extent that Paragraph 87 purports to contain any allegations of fact, Defendant denies the allegations contained in Paragraph 87 of the Complaint.

## SIXTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

24. Defendant incorporates its answers to Paragraphs 1 through 87 as and for its answer to Paragraph 88.

25. To the extent that Paragraphs 89 to 92 purports to contain any allegations of fact, Defendant denies the allegations contained in paragraphs 89 to 92 of the Complaint.

26. Paragraph 93 contains conclusions of law as opposed to allegations of fact, and as

1  such, no answer is required. To the extent that Paragraph 93 purports to contain any allegations of
2  fact, Defendant denies the same.

3      27.    To the extent that Paragraph 94 purports to contain any allegations of fact, Defendant
4  denies the allegations contained in Paragraph 94 of the Complaint.

### PRAYER

    28.    Defendant denies all factual allegations in the prayer for relief. Defendant also expressly denies that Plaintiff is entitled to relief, including but not limited to the relief sought by Plaintiff in their Complaint. Defendant generally denies any allegations of Plaintiff's Complaint not specifically admitted herein.

    In further answer to the Complaint, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant states as follows for its affirmative defenses:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE (Failure to State a Claim for Relief)

    29.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE (Statute of Limitations)

    30.    Defendant is informed and believes and, based thereon allege, that each claim for relief alleged against Defendant is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE (Failure to Mitigate)

    31.    Defendant is informed and believes, and based thereon alleges, that if Plaintiffs suffered any damages, it is barred from recovering such damages based on their failure to mitigate those damages by the exercise of reasonable care and effort.

### FOURTH AFFIRMATIVE DEFENSE (Waiver)

    32.    Defendant is informed and believes, and based thereon allege, that by reason of their own acts and omissions, Plaintiffs have waived the claims for relief it asserts against Defendant in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE (Estoppel)

    33.    Defendant is informed and believes, and based thereon alleges, that by reason of its own acts and omissions, Plaintiffs are estopped from asserting the claims for relief asserted against

Defendant in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE (Unclean Hands)**

34. Defendant is informed and believes, and on based thereon alleges, that by reason of its acts and omissions, Plaintiffs' claims for relief against Defendant are barred under the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE (Laches)**

35. Defendant is informed and believes, and based thereon alleges that Plaintiffs have unreasonably delayed in bringing the claims for relief set forth in the Complaint, to Defendant's prejudice, and accordingly such causes of action are barred by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE (Fault of Others)**

36. If, *arguendo*, any loss, injury, damage, or detriment has occurred, as alleged in the Complaint, then such loss, injury, damage or detriment was caused or contributed to by the intervening or superceding negligent, reckless, intentional, or otherwise unlawful acts or omissions of third parties.

**NINTH AFFIRMATIVE DEFENSE (Assumption of Risk)**

37. Defendant is informed and believes, and based thereon alleges that Plaintiffs have assumed the risk as it relates to their action as stated in the complaint.

**TENTH AFFIRMATIVE DEFENSE (Comparative Fault)**

38. If, *arguendo*, any loss, injury, damage, or detriment has occurred, as alleged in the Complaint, then such loss, injury, damage or detriment was caused or contributed to by the intervening or superseding negligent, reckless, intentional, or otherwise unlawful acts or omissions of Plaintiffs.

**ELEVENTH AFFIRMATIVE DEFENSE (Additional Defenses)**

39. Defendant intends to rely on such other and further defenses as may become known or available to them, hereafter, and reserve their right to assert said additional defenses in the future.

WHEREFORE, Defendant respectfully prays for Judgment in her favor and against Plaintiffs, as follows:

1. That Plaintiffs take nothing by reason of their Complaint and the claims therein, and that the same be dismissed with prejudice;

2. That judgment be entered in favor of Defendant and against Plaintiffs on each of the claims of Plaintiffs and on the Complaint;

3. For an award of reasonable attorneys' fees, in favor of Defendant, to the maximum extent allowable by law;

4. For an award of Defendant's costs of suit incurred herein;

5. For such other and further relief as the Court deems just and proper.

DATED: August 1, 2016

LAW OFFICES OF JT FOX, APC

By: /s/ J.T. Fox
J.T. FOX, ATTORNEY FOR
DEFENDANT TIFFANY ALANA WOLFF
d/b/a MISS V LANE

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant hereby demands trial by jury on all issues so triable that are raised by Plaintiffs' Complaint and the Answer of Defendant.

DATED: August 1, 2016

LAW OFFICES OF J.T. FOX. APC

By: *[signature: J.T.]*
J.T. FOX, ATTORNEY FOR
DEFENDANT TIFFANY ALANA WOLFF
d/b/a MISS V LANE

# PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action. I am a party to this action, and my business address is: 556 S. Fair Oaks Ave., Suite 444, Pasadena CA 91105.

On August 1, 2016, I served DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL on the parties involved by mailing a true and correct copy thereof in a sealed envelope, addressed as follows:

SEE ATTACHED SERVICE LIST.

__X__ **BY MAIL**: I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Pasadena, California. I am readily familiar with the business practice for collection and processing of mail in this office; that in the ordinary course of business said document would be deposited with the US Postal Service in Los Angeles on that same day. I understand that service shall be presumed invalid upon motion of a party served if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this declaration.

__X__ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 1, 2016, at Pasadena, California.

_____
DECLARANT, J.T. FOX

PROOF OF SERVICE

## ATTCHEMENT TO PROOF OF SERICE
## USDC Case No. 2:16-cv-00940

### SERVICE LIST

**Eugene S Alkana**
Eugene S Alkana Law Office
131 North El Molino Avenue Suite 310
Pasadena, CA 91101
626-796-8170
626-795-6138 (fax)

Rep: **U.S. General Export, Inc.** *(Defendant)*

**Louis S Ederer**
Arnold and Porter LLP
399 Park Avenue
New York, NY 90022
212-715-1102
212-715-1399 (fax)

Rep: **Sweet People Apparel, Inc. & RCRV, Inc.** *(Plaintiffs)*

**Michael James Luther**
Schwartzberg Luther APC
8291 Utica Avenue Suite 201
Rancho Cucamonga, CA 91730
909-457-4270
909-457-4296 (fax)

Rep: **Comak Trading, Inc.** *(Defendants)*

**Eric D Mason**
Arnold and Porter LLP
777 South Figueroa Street 44th Floor
Los Angeles, CA 90017-5844
213-243-4000
213-243-4199 (fax)

Rep. **Sweet People Apparel, Inc. & RCRV, Inc.** *(Plaintiffs)*

| | | |
|---|---|---|
| **William C O'Neill**<br>Ross Wersching and Wolcott LLP<br>3151 Airway Avenue Building S<br>Costa Mesa, CA 92626<br>714-444-3900<br>714-444-3901 (fax) | Rep: | **Phoenix Fibers, Inc.**<br>*(Defendant)* |
| **Sagi Schwartzberg**<br>Schwartzberg & Associates, APC<br>8291 Utica Avenue, Suite 201<br>Rancho Cucamonga, CA 91730<br>909-457-4270<br>909-457-4296 (fax) | Rep: | **Comak Trading, Inc.**<br>*(Defendant)* & Lydia Elvilsa Terrazas Cho *(Defendant)* and Myung Kwon Cho *(Defendant)* |