| | |
|---|---|
| 1 | ROSS WERSCHING & WOLCOTT LLP |
| 2 | William C. O'Neill / Bar No. 251071<br>  WCO@RossLLP.com |
| 3 | 3151 Airway Avenue, Building S-1<br>Costa Mesa, California 92626 |
| 4 | Telephone:  (714) 444-3900<br>Facsimile:  (714) 444-3901 |
| 5 | HAYNES AND BOONE, LLP |
| 6 | Mark D. Erickson / Bar No.104403<br>  mark.erickson@haynesboone.com |
| 7 | Kenneth G. Parker / Bar No. 182911<br>  kenneth.parker@haynesboone.com |
| 8 | Martin M. Ellison / Bar No. 292060<br>  martin.ellison@haynesboone.com |
| 9 | Christopher B. Maciel / Bar No. 300733<br>  chris.maciel@haynesboone.com |
| 10 | 600 Anton Boulevard, Suite 700<br>Costa Mesa, California 92626 |
| 11 | Telephone:  (949) 202-3000<br>Facsimile  (949) 202-3001 |
| 12 | Attorneys for Defendant<br>PHOENIX FIBERS, INC. |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SWEET PEOPLE APPAREL, INC. d/b/a MISS ME, a California corporation, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PHOENIX FIBERS, INC., an Arizona corporation, et al.,<br><br>    Defendants. | Case No. 2:16-cv-00940-TJH-JC<br><br>Hon. Terry J. Hatter, Jr.<br><br>**DEFENDANT PHOENIX FIBERS, INC.'S OPPOSITION TO PLAINTIFFS'** ***EX PARTE*** **APPLICATION [DKT No. 75]**<br><br>[*Declaration of Kenneth G. Parker filed concurrently herewith*] |

---

**DEFENDANT PHOENIX FIBERS, INC.'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Introduction

The Plaintiffs in this case are represented by the 59th largest firm in the U.S. and partners from the New York and Los Angeles offices of that firm, and have had their case on file for nearly a year.  Despite that, they apparently do not want to go to trial or be called upon to prove any of their claims.

Plaintiffs filed their initial Complaint on February 2, 2016 (Dkt. 1). Since then, the Final Pretrial Conference has been continued three times—twice on the Court's own motion and once by stipulation of the parties.  Defendant Phoenix Fibers, Inc. ("Phoenix Fibers") has taken the Final Pretrial Conference date set by the Court seriously and, although not quite fully prepared, has prepared its defense accordingly.  Phoenix Fibers' diligent efforts of participating in discovery and preparing for trial are evidenced by the fact that Phoenix Fibers intends to file a Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment.  And, Phoenix Fibers is ready for the Final Pretrial Conference to be held and wishes that a trial date be set.

Now, only three days before the parties are required to hold a Pretrial Conference Meet and Confer pursuant to Local Rule 16-2, and knowing based on this Court's stated procedures that moving the Pretrial Conference to March will likely result in a July, August or September trial date, Plaintiffs contend they have not conducted sufficient discovery and therefore file an *Ex Parte* Application to push the schedule back yet again.  Even if this Court allows additional discovery after the Pretrial Conference, this Court should hold the Pretrial Conference and set cutoffs and a trial date or, in the alternative, set a trial date with accompanying cutoffs now to ensure efficient and speedy resolution of this dispute.

### II.    Statement of Facts

Phoenix Fibers is a textile recycling company that, roughly speaking, engages in three types of recycling. Phoenix Fibers (1) accepts donations of

**DEFENDANT PHOENIX FIBERS, INC.'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION**

clothing that it then sells, by the pound and in bulk, as "credential" (an industry term that means used clothes or other used items sold in bulk by the pound); (2) accepts donations of clothing, turns that clothing through a proprietary process into shoddy or filler fiber, and then sells it to companies that use this fiber for various purposes (e.g., for housing insulation); and (3) *for a fee*, destroys certain clothing items and produces a Certificate of Destruction to the customer. Declaration of Kenneth G. Parker ("Parker Decl.) ¶ 3.

Sometime in 2011, a Sweet People HR employee contacted a Phoenix Fibers plant manager to set up a denim donation. Between 2011 and 2015, Plaintiffs donated denim to Phoenix Fibers. Some of this denim was turned into shoddy fiber and some of this denim was sold as credential, by the pound and in bulk, to defendant U.S. General Export, Inc. Some of this denim sold to U.S. General Export, Inc. eventually ended up being sold by Internet retailers as second-quality, defective, or used clothes. *Id.* ¶ 4.

Plaintiffs allege that somehow a contract was formed between Plaintiffs and Phoenix Fibers whereby Phoenix Fibers would *guarantee* destruction, *without cost*, of the Plaintiffs' donated clothes. Plaintiffs maintain this despite, among other problems, the lack of a written contract, their contracting employee's complete lack of recollection of anything discussed in forming the alleged contract, and their own 30(b)(6) witness's testimony that she does not know if the word "destroy" was ever used in any discussions leading to the alleged contract. Nonetheless, Plaintiffs allege various claims including breach of contract, trademark infringement, and unfair competition. *Id.* ¶ 5.

Plaintiffs filed their initial Complaint on February 10, 2016 (Dkt. 1) and amended their Complaint on May 18, 2016 (Dkt. 32). Since the filing of this action, there have been three continuances of the Final Pretrial Conference (Dkts. 31, 50, and 73). The current Pretrial Conference is scheduled for January 30, 2017 (Dkt. 73), meaning that the parties are required to have a "Meeting of Counsel

Before Final Pretrial Conference" this Thursday, December 22, 2016, pursuant to Local Rule 16-2.

In anticipation of the Final Pretrial Conference, Phoenix Fibers has conducted party and non-party discovery, most recently taking the deposition of third-party witness, Sacha Vafaeisefat.  Parker Decl. ¶ 7.  Further, Phoenix Fibers has always produced witnesses in a timely fashion and has responded to written discovery.  *Id.* ¶ 8.  Aside from expert discovery, Phoenix Fibers intends to take two additional non-expert depositions, potentially complete a warehouse inspection, and request some follow-up documents from the Plaintiffs, mostly related to alleged damages.  *Id.* ¶ 7.

On December 14, 2016, only seven days before the scheduled Local Rule 16-2 Meeting, Plaintiffs' counsel e-mailed all counsel to request a stipulation to continue the Final Pretrial Conference.  *Id.* ¶¶ 10-14.  On December 16, 2016, Phoenix Fibers' counsel telephonically informed counsel for Plaintiffs that Phoenix Fibers would not stipulate to a continuance of the Final Pretrial Conference.  *Id.*  On that same telephone call, Phoenix Fibers held a conference with Plaintiffs, pursuant to Local Rule 7-3.  *Id.*  Phoenix Fibers' counsel informed Plaintiffs' counsel that Phoenix Fibers would file a Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment on December 23, 2016 with a hearing (submission) date of January 23, 2017.  *Id.*  The purpose of this submission was is to have the motion under submission before the Final Pretrial Conference.  *Id.*  Counsel for Phoenix Fibers further informed Plaintiffs' counsel of the substance of the contemplated motion, to which Plaintiffs' counsel responded "those all sound like fact issues" and, with the exception of a request for information on a discrete issue, informed Phoenix Fibers' counsel that it intended to oppose the motion.  *Id.*  Without prompting, Phoenix Fibers' counsel offered to extend Plaintiffs' date to file an Opposition to the Motion to January 6, 2017, would have been subject to Court approval.  *Id.*

At 4:52 p.m. on Monday, December 19, 2016, Matt Saltzsman, counsel for Plaintiffs, called counsel for Sweet People and left a voicemail stating his intent to file an *ex parte* application. Eighteen minutes later, at 5:10 p.m., Mr. Saltzman e-mailed counsel for Phoenix Fibers, informing them that Plaintiffs intended to file an application "to (a) continue the Final Pretrial Conference to March 27, and (b) set a briefing schedule for Phoenix Fibers' anticipated summary judgment motion which contemplates moving papers being filed on January 13." *Id.* Twenty-five minutes later, Plaintiffs filed the pending *Ex Parte* Application seeking that relief. (Dkt. 75).

### III.  Argument

Plaintiffs correctly cite *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995) ("*Mission Power*") as setting forth the standard for *ex parte* relief. To justify *ex parte* relief, not only must the moving party show that it will be irreparably prejudice absent relief, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief." *Id.* at 492. "To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer. It is the creation of the crisis . . . that requires explanation." *Id.* at 493. Indeed, "merely showing that trial is **fast approaching** and that the opposing party still has not answered crucial interrogatories is insufficient to justify *ex parte* relief. The moving party must also show that **it used the entire discovery period efficiently** and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." *Id.* (emphasis added). In short, "*[e]x parte* applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* Phoenix Fibers will address Plaintiffs' two aspects of relief separately.

### A. Continuing the Pretrial Conference

Plaintiffs cite the "impending Final Pretrial Conference" as a justification for proceeding *ex parte*, stating that if the application "is not heard on an *ex parte* basis, it would not be considered until *after* Plaintiffs will have submitted . . . all pretrial documents . . . (which are due on January 9, 2016)." *Ex Parte* Application, p. 6. But Plaintiffs are not "without fault" in "the creation of the crises" upon which their *Ex Parte* Application is based. *Mission Power*, 883 F. Supp. at 493. Plaintiffs have known since November that the Final Pretrial Conference was going to be on January 30, 2017, and are, just now, applying *ex parte* (Dkt. 73). As established in *Mission Power*, the "fast approaching" deadline of the impending Final Pretrial Conference is not grounds for *ex parte* relief. *Id.*

To the extent that prejudice exists, it is the fault of Plaintiffs. Plaintiffs cite three depositions that they still wish to take: the deposition of defendant U.S. General Export Inc.'s corporate representative, defendant Lydia Cho, and defendant Comak Trading, Inc. (who was represented by counsel until December 5, 2016). *Id.*, p. 4. The deposition of U.S. General Export was not noticed until October 2016. Declaration of Matthew T. Salzmann ("Salzmann Decl.") ¶ 15, Ex. E. And the deposition of Ms. Cho was not noticed until November 2016. Salzmann Decl. ¶ 15, Ex. G. Further, the deposition of Comak was never noticed, even when Comak had counsel. Parker Decl. ¶ 9. Plaintiffs have failed to give any reason as to why this discovery was not attempted sooner. As such, Plaintiffs have failed to "show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." *Mission Power*, 883 F. Supp. at 493. This Court should deny the application, the parties should attend the Pretrial Conference and the Court should set a near-term trial date and, if needed, final discovery schedule for this case. Otherwise, at the current rate, this case will never get adjudicated or go to trial.

1     If this Court is inclined to move the Pretrial Conference, Phoenix Fibers
2 respectfully requests that this Court simply set a trial date and the following
3 schedule, or something substantially similar to it, in addition to setting a new
4 Pretrial Conference date:

| EVENT | DATE |
|---|---|
| Concurrent initial disclosure of expert witnesses and initial report(s) | February 13, 2017 |
| Concurrent disclosure of rebuttal expert witnesses and report(s) | February 27, 2017 |
| Discovery Cut-Off | March 13, 2017 |
| Jury Trial | April 24, 2017 |

    Phoenix Fibers believes that this schedule is reasonable and will create an efficient, effective and quick end to this litigation. Parker Decl. ¶ 17. Moreover, with Plaintiffs proposing March 27, 2017 as the date for the Final Pretrial Conference (meaning that all pretrial documents are to be submitted by March 6, 2017), a discovery cut-off of March 13 should be attainable even based on their current assertions of need.

### B.    The Motion for Summary Judgment Schedule

    Phoenix Fibers intends to file a motion for summary judgment and met and conferred about it on Friday. As Phoenix Fibers told Plaintiffs, it wants to have the motion filed, briefing completed, and motion submitted before the Pretrial Conference. Plaintiffs complain that Phoenix Fibers waited until "the last possible day to complete a pre-motion meet and confer under Local Rule 7-3,"[1] as the

---

[1] Plaintiffs allege that Phoenix Fibers' L.R. 7-3 Meet and Confer was improper because Phoenix Fibers' "made no attempt to conduct an in person meet and confer" and they were "blindsid[ed]." *Id.* p. 5, n. 5. In support of this contention, Plaintiffs cite two cases. In the first, the meet and confer took place only three days prior to filing the motion (*Singer v. Live Nation Worldwide, Inc.*, 2012 WL 123146 (C.D. Cal. Jan. 13, 2012)). In the second, no meet and confer took place at all (*Cucci v. Edwards*, 510 F. Supp. 2d 479 (C.D. Cal. 2007)). Neither case is applicable here. As a matter of fact, absent prejudice, courts routinely permit the

reason for why "Plaintiffs are not at fault in creating this last minute need for judicial intervention" with respect to the motion scheduling. *Ex Parte* Application, p. 6. However, Phoenix Fibers' compliance with a Local Rule certainly cannot be the basis for an *ex parte* application, especially when Phoenix Fibers *unilaterally* extended Plaintiffs' time to file an Opposition. Parker Decl. ¶ 11. This cannot be correct.

Phoenix Fibers will not rehash the reasons why Plaintiffs' failure to conduct discovery is an inadequate basis for an *ex parte* application to push back an MSJ filing. However, Phoenix Fibers believes that the reasons stated above also serve as a justification to deny Plaintiffs' *ex parte* request for a January 13, 2017 moving date. Quite simply, Plaintiffs did not effectively use the allotted discovery time and now unreasonably pray for relief.

Phoenix Fibers offers the following schedule for a Motion for Summary Judgment, with any eye toward getting it under submission to this Court before the end of January:

| EVENT: | DATE: |
|---|---|
| Motion for Summary Judgment / Partial Summary Judgment Filed | December 30, 2016 |
| Opposition Due | January 9, 2017 |
| Reply Due | January 16, 2017 (via ECF) with courtesy copies to the Court the following day |
| Hearing (submission) date | January 30, 2017 |

The above schedule alleviates Plaintiffs' concerns about working over the holidays.

---

hearing of motions without a L.R. 7-3 meet and confer. *See, e.g., Tiger Bay Vill. Corp. v. Shauqiang Chen,* 2016 U.S. Dist. LEXIS 60023 (C.D. Cal. May 5, 2016); *Reed v. Sandstone Props.*, U.S. Dist. LEXIS 51437, at *16 (C.D. Cal. Apr. 2, 2013) (collecting cases). Moreover, Plaintiffs present an argument that would require "re-litigating" the meet and confer, a proposition Courts of this district have properly refused to entertain and that, respectfully, this Court should not entertain.

## IV. Conclusion

For the foregoing reasons, Phoenix Fibers requests that Plaintiffs' application be denied.

DATED: December 20, 2016	HAYNES AND BOONE, LLP

By: */s/ Kenneth G. Parker*
Kenneth G. Parker
Attorneys for Defendant
Phoenix Fibers, Inc.

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action. I am employed in the County of Orange, State of California, within which county the subject service occurred.  My business address is 600 Anton Boulevard, Suite 700, Costa Mesa, California 92626.

On *December 20, 2016,* I served the following document described as: **DEFENDANT PHOENIX FIBERS, INC.'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION [DKT No. 75]** on the interested parties in this action in the manner identified below:

**[XXX]      BY ELECTRONIC FILING.** I caused such document(s) to be electronically filed and served through the United States District Court's CM/ECF System for the within action. This service complies with the Federal Rules of Civil Procedure. The file transmission was reported as complete and a copy of the Court's Notice of Electronic Filing will be maintained with the original document(s) in our office.  Participants in the case who are registered CM/ECF users will be served by the District CM/ECF System.

I declare that I am employed in the offices of a member of the bar of this Court at whose direction this service was made, and that this service complies with the Federal Rules of Civil Procedure.

Executed on *December 20, 2016,* at Costa Mesa, California.

/s/ Christine A. Loeza
Christine A. Loeza

9
**DEFENDANT PHOENIX FIBERS, INC.'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION**