1  ROSS WERSCHING & WOLCOTT LLP
   William C. O'Neill / Bar No. 251071
2     WCO@RossLLP.com
   3151 Airway Avenue, Building S-1
3  Costa Mesa, California 92626
   Telephone:  (714) 444-3900
4  Facsimile:   (714) 444-3901

5  HAYNES AND BOONE, LLP
   Mark D. Erickson / Bar No.104403
6     mark.erickson@haynesboone.com
   Kenneth G. Parker / Bar No. 182911
7     kenneth.parker@haynesboone.com
   Martin M. Ellison / Bar No. 292060
8     martin.ellison@haynesboone.com
   Christopher B. Maciel / Bar No. 300733
9     chris.maciel@haynesboone.com
   600 Anton Boulevard, Suite 700
10 Costa Mesa, California 92626
   Telephone:  (949) 202-3000
11 Facsimile    (949) 202-3001

12 Attorneys for Defendant
   PHOENIX FIBERS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SWEET PEOPLE APPAREL, INC. d/b/a MISS ME, a California corporation, et al.,<br><br>              Plaintiffs,<br><br>       v.<br><br>PHOENIX FIBERS, INC., an Arizona corporation, et al.,<br><br>              Defendants. | Case No. 2:16-cv-00940-TJH-JC<br><br>Hon. Terry J. Hatter, Jr.<br><br>**DECLARATION OF KENNETH G. PARKER IN SUPPORT OF DEFENDANT PHOENIX FIBERS, INC.'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION** |

## DECLARATION OF KENNETH G. PARKER

I, Kenneth G. Parker, declare as follows:

1. I am a partner at Haynes and Boone, LLP ("Haynes and Boone"), counsel of record for Phoenix Fibers, Inc. ("Phoenix Fibers"). I am lead counsel and will be trying this case. I have personal knowledge of the facts set forth below and, if called as a witness, could and would competently testify thereto.

2. I submit this declaration in support of Phoenix Fibers' Opposition to Sweet People Apparel, Inc. and RCRV, Inc.'s (collectively, "Plaintiffs") *Ex Parte* Application.

3. Based on discovery in this case, the evidence will show that Phoenix Fibers is a textile recycling company that, roughly speaking, engages in three types of recycling. Phoenix Fibers (1) accepts donations of clothing that it then sells, by the pound and in bulk, as "credential" (an industry term that means used clothes or other used items sold in bulk by the pound); (2) accepts donations of clothing, turns that clothing through a proprietary process into shoddy or filler fiber, and then sells it to companies that use this fiber for various purposes (e.g., for housing insulation); and (3) *for a fee*, destroys certain clothing items and produces a Certificate of Destruction to the customer.

4. The evidence will further show that sometime in 2011, a Sweet People HR employee contacted a Phoenix Fibers plant manager to set up a denim donation; between 2011 and 2015, Plaintiffs donated denim to Phoenix Fibers. Some of this denim was turned into shoddy fiber and some of this denim was sold as credential, by the pound and in bulk, to defendant U.S. General Export, Inc.; and some of this denim eventually ended up being sold by Internet retailers as second-quality, defective, or used clothes.

5. Plaintiffs allege that somehow a contract was formed between Plaintiffs and Phoenix Fibers whereby Phoenix Fibers would *guarantee* destruction, *without cost*, of the Plaintiffs' donated clothes. Plaintiffs maintain this

despite, among other problems, the lack of a written contract, their contracting employee's complete lack of recollection of anything discussed in forming the alleged contract, and their own 30(b)(6) witness's testimony that she does not know if the word "destroy" was ever used in any discussions leading to the alleged contract. Nonetheless, Plaintiffs allege various claims including breach of contract, trademark infringement, and unfair competition.

6. Plaintiffs filed their Complaint on February 2, 2016. Prior to Haynes and Boone appearing as counsel for Phoenix Fibers, the Final Pretrial Conference had already been rescheduled twice: once by the Court and once due to a stipulation of the parties. After Haynes and Boone appeared as counsel, the Court, on its own motion, rescheduled the Final Pretrial Conference for January 30, 2017, its current date.

7. Phoenix Fibers has diligently conducted party and non-party discovery. Phoenix Fibers has conducted written discovery of both Plaintiffs. And, Phoenix Fibers has taken 30(b)(6) depositions of both Plaintiffs, deposed various employees of Plaintiffs, and, most recently, conducted a third-party deposition of Sacha Vafaeisefat of Investigative Consultants. Aside from conducting expert discovery, Phoenix Fibers only anticipates two additional depositions, one of Mr. George Choi, the CEO of Plaintiffs, and one of third-party Investigative Consultants (Mr. Vafaeisefat appeared as a Rule 30(b)(6) witnesss but arrived woefully unprepared and out of compliance with the rule; Investigative Consultants will be producing another witness.) Further, Phoenix Fibers may potentially complete a warehouse inspection and request some follow-up documents from the Plaintiffs, mostly related to alleged damages.

8. Phoenix Fibers has always responded to discovery and has promptly produced witnesses for depositions noticed by Plaintiffs. Currently, Plaintiffs have no outstanding discovery with respect to Phoenix Fibers.

9. Plaintiffs never noticed the deposition of Comak Trading, Inc.

10. On December 14, 2016, Plaintiffs' counsel e-mailed all counsel to request a stipulation to continue the Final Pretrial Conference. On December 16, 2016, I, along with Christopher Maciel, an associate at Haynes and Boone, entered into a conference call with Plaintiffs' counsel, John C. Ulin (Los Angeles) and Matthew T. Salzmann (New York), both partners at Arnold & Porter LLP. On this phone call, I told Plaintiffs' counsel that Phoenix Fibers would not stipulate to a continuance of the Final Pretrial Conference, that this case needed to get set for trial, and that I thought the trial was a 5-day trial. Additionally, I told Plaintiffs' counsel that I needed to conduct a Local Rule 7-3 conference with them, as Phoenix Fibers was to file a Motion for Summary Judgment or, in the Alternative, a Partial Motion for Summary Judgment on December 23, 2016 ("MSJ"). I informed Plaintiffs' counsel that Phoenix Fibers intended to make such a motion on various grounds including, but limited to, the following: (1) there was no contract, either because (a) it was not on sufficient terms (no sufficient offer and acceptance, no proper contract formation) or (b) was void for mutual mistake; (2) Ms. Song could not and did not enter into a contract on behalf of Plaintiff RCRV; (3) there was no likelihood of confusion on which to base a claim of trademark infringement; (4) trademark exhaustion barred the trademark claims; and (5) Phoenix Fibers could not be held jointly liable for other Defendants' disgorgement of profits. After hearing the bases for Phoenix Fibers' motion, Mr. Ulin responded, "those all sound like fact issues" and stated that Plaintiffs would oppose the motion, with the exception that Mr. Ulin requested additional case law on the issue of joint liability for disgorgement, which I owe to him. Mr. Ulin noted the holidays. Unprompted, I told Plaintiffs' counsel that, given the holidays, Phoenix Fibers would agree Plaintiffs could file their opposition on January 6, 2017; moreover, I invited Mr. Ulin to send a written request if he thought more time was

warranted and I would discuss it with my client and respond. I did not receive any such request, just a voicemail and the *ex parte* papers.

11. During the L.R. 7-3 Conference, I told Messrs. Ulin and Salzmann that we wanted to get the MSJ fully briefed and submitted prior to the Final Pretrial Conference, that the timing of the Final Pretrial Conference was the reason for filing it before year-end, and that we did not intend to inconvenience anyone unnecessarily.

12. Our discussion of the MSJ topics was not "cursory"; moreover, as reflected above and in Plaintiffs' papers, Messrs. Ulin and Salzmann clearly got enough information to know that they "flatly oppose" on all but a single discreet issue, which is the point of having the Local Rule 7-3 conference.

13. I explained to Messrs. Ulin and Salzmann that our reason for wishing to go ahead to the Final Pretrial Conference was to ask for a trial date in March or April—I even mentioned that I believed the trial would be a 5-day trial.

14. All of the above statements and reasons are statements I gave counsel in addition to, and in explanation of, the fact that my client fervently desires that this case move toward proper resolution. Plaintiffs' repeated reference to my mention of client instructions, without also mentioning more details and my statements above, presents a misleading account of our conference to this Court by omitting key facts. I assume these omissions are simply due to the press of counsel's preparing papers in the 72 hours over the weekend and during the day on Monday, and they are not intentional.

15. I disagree that it is a "blindside" to conduct a meet-and-confer on a timely basis as required by the rules (specifically, seven days or more before filing). Rule 7-3 doesn't specify that such a meet and confer requires prior notice of the meet and confer, I am unaware of a court in this district ever stating so, and it is not my experience that such notice is required. As to doing it in person, Mr. Salzmann is based in New York, Mr. Ulin is officed in Los Angeles and travels

4

**DECLARATION OF KENNETH G. PARKER IN SUPPORT OF DEFENDANT PHOENIX FIBERS, INC.'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION**

frequently, and I am officed in Orange County. Although I enjoy a pleasant drive to Los Angeles and/or flying to the Big Apple, given the location of counsel and the topic at hand it was not unusual, and was rather quite typical in my experience, to have a Rule 7-3 meet and confer by phone. (I expect Mr. Ulin, who is not a declarant in support of the application, would say the same.)

16. At 4:52 p.m. yesterday, December 19, 2016, Mr. Salzmann left me a voicemail stating Plaintiffs would be seeking *ex parte* relief. At 5:10 p.m., Mr. Salzmann e-mailed me and other counsel for Phoenix Fibers, informing them that Plaintiffs intended to file "to (a) continue the Final Pretrial Conference to March 27, and (b) set a briefing schedule for Phoenix Fibers' anticipated summary judgment motion which contemplates moving papers being filed on January 13." Twenty-five minutes after receiving this e-mail, Plaintiffs filed their *Ex Parte* Application.

17. I will be lead counsel in this case. I believe the Pretrial Conference should occur and intend to ask the Court for a trial date based on a 5-day estimate, including jury selection, openings and closings, exclusive of any deliberations. To the extent this Court is inclined to continue the Final Pretrial Conference, based on the discovery conducted and the posture of the case, I believe that all parties could and should meet the following deadlines:

| EVENT | DATE |
| --- | --- |
| Concurrent initial disclosure of expert witnesses and initial report(s) | February 13, 2017 |
| Concurrent disclosure of rebuttal expert witnesses and report(s) | February 27, 2017 |
| Discovery Cut-Off | March 13, 2017 |
| Jury Trial | April 24, 2017 |

In the absence of a Final Pretrial Conference, I request that the Court set the above schedule, as I believe it will best create an effective and quick end to this litigation.

5
**DECLARATION OF KENNETH G. PARKER IN SUPPORT OF DEFENDANT PHOENIX FIBERS, INC.'S OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION**

1     I declare under penalty of perjury that the foregoing is true and correct.
2     Executed this 20th day of December, 2016.

By:  */s/ Kenneth G. Parker*
Kenneth G. Parker

**DECLARATION OF KENNETH G. PARKER IN SUPPORT OF DEFENDANT PHOENIX FIBERS, INC.'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION**

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action. I am employed in the County of Orange, State of California, within which county the subject service occurred. My business address is 600 Anton Boulevard, Suite 700, Costa Mesa, California 92626.

On *December 20, 2016,* I served the following document described as: **DECLARATION OF KENNETH G. PARKER IN SUPPORT OF DEFENDANT PHOENIX FIBERS, INC.'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION** on the interested parties in this action in the manner identified below:

**[XXX]** **BY ELECTRONIC FILING.** I caused such document(s) to be electronically filed and served through the United States District Court's CM/ECF System for the within action. This service complies with the Federal Rules of Civil Procedure. The file transmission was reported as complete and a copy of the Court's Notice of Electronic Filing will be maintained with the original document(s) in our office. Participants in the case who are registered CM/ECF users will be served by the District CM/ECF System.

I declare that I am employed in the offices of a member of the bar of this Court at whose direction this service was made, and that this service complies with the Federal Rules of Civil Procedure.

Executed on *December 20, 2016,* at Costa Mesa, California.

/s/ Christine A. Loeza
Christine A. Loeza