1   JOHN C. ULIN (State Bar No. 165524)
    John.Ulin@aporter.com
2   ERIC D. MASON (State Bar No. 259233)
    Eric.Mason@aporter.com
3   LOUIS S. EDERER (*Pro Hac Vice*)
    Louis.Ederer@aporter.com
4   MATTHEW T. SALZMANN (*Pro Hac Vice*)
    Matthew.Salzmann@aporter.com
5   ARNOLD & PORTER LLP
6   777 South Figueroa Street, 44th Floor
    Los Angeles, California 90017-5844
7   Telephone: (213) 243-4000; Facsimile: (213) 243-4199

8   *Attorneys for Plaintiffs*

9
                    UNITED STATES DISTRICT COURT
10
                   CENTRAL DISTRICT OF CALIFORNIA
11
                          WESTERN DIVISION
12

13  SWEET PEOPLE APPAREL, INC. d/b/a          )   Case No.:  2:16-cv-00940-TJH-JC
    MISS ME, a California corporation, and     )
14  RCRV, INC. d/b/a ROCK REVIVAL, a          )   Hon. Terry J. Hatter Jr.
    California corporation,                     )
15                                              )   **PLAINTIFFS' *EX PARTE***
                     Plaintiffs,                )   **APPLICATION SEEKING AN**
16                                              )   **ORDER SETTING A BRIEFING**
           v.                                   )   **SCHEDULE FOR DEFENDANT**
17                                              )   **PHOENIX FIBERS, INC.'S**
                                                )   **ANTICIPATED MOTION FOR**
18  PHOENIX FIBERS, INC., an Arizona          )   **SUMMARY JUDGMENT**
    corporation, U.S. GENERAL EXPORT,         )
19  INC., a California corporation, SAC        )   First Amended
    INTERNATIONAL TRADERS, INC., a           )   Complaint Filed:  May 18, 2016
20  California corporation, SHAUKAT ALI       )
    CHOHAN, an individual, COMAK              )   Final Pretrial
21  TRADING, INC., a California corporation,  )   Conference:  January 30, 2017
    LYDIA EVILSA TERRAZAS CHO, an            )
22  individual, MYUNG KWON CHO, an           )   [DECLARATION OF MATTHEW
    individual, TIFFANY ALANA WOLFF,         )   T. SALZMANN IN SUPPORT
23  an individual d/b/a MISS V LANE, XYZ     )   THEREOF and [PROPOSED]
    COMPANIES 1-10, and JOHN AND              )   ORDER filed concurrently herewith]
24  JANE DOES 1-10,                            )
                                                )
25                   Defendants.                )
                                                )
26                                              )
                                                )
27                                              )
                                                )
28                                              )

### *EX PARTE* **APPLICATION**

Plaintiffs Sweet People Apparel, Inc. d/b/a Miss Me, and RCRV, Inc. d/b/a Rock Revival (collectively "Plaintiffs") respectfully submit the following *ex parte* application seeking an Order setting the following briefing schedule for defendant Phoenix Fibers, Inc. ("Phoenix Fibers")'s anticipated motion for summary judgment:

| Event | Date |
|---|---|
| Opening Brief | January 6, 2017 |
| Opposition | January 23, 2017 |
| Reply | January 30, 2017 |
| Hearing (submission) | February 13, 2017 |

As the Court will recall, on December 19, 2016, Plaintiffs filed an *ex parte* application requesting an Order (a) continuing the Final Pretrial Conference from January 30, 2017 to March 27, 2017, or to a date and time thereafter that was convenient for the Court, and (b) setting a briefing schedule for Phoenix Fibers' anticipated motion for summary judgment, which would set a date for the filing of Phoenix Fibers' opening brief of no earlier than Friday, January 13, 2017 (the "December 19 *Ex Parte* Application"). Dkt. Nos. 75-76. Plaintiffs filed their December 19 *Ex Parte* Application after learning for the first time, on the afternoon of Friday, December 16, 2016, that Phoenix Fibers intended to file a non-time sensitive motion for summary judgment on December 23, 2016—two days before Christmas and the beginning of the winter Holiday period. Phoenix Fibers filed its opposition to the December 19 *Ex Parte* Application the following day, December 20, 2016. Dkt. Nos. 77-78.

On December 21, 2016, the Parties resolved the first portion of Plaintiffs' December 19 *Ex Parte* Application—namely, Plaintiffs' request for an Order continuing the Final Pretrial Conference to March 27, 2017—through the submission of a Joint Stipulation Re Request For An Order Continuing the Final Pretrial Conference and Setting Other Dates on December 21, 2016 (the "December 21 Joint

1   Stipulation"). Dkt. No. 79. The Court promptly accepted the Parties' December 21

2   Joint Stipulation, and entered an Order adopting the Parties' proposed case

3   management dates, including the continuation of the Final Pretrial Conference to

4   March 27, 2017, by Order dated December 22, 2016 (the "December 22 Order").

5   Dkt. No. 80.

6       Because the Parties' December 21 Joint Stipulation did not address the portion

7   of Plaintiffs' then-pending December 19 *Ex Parte* Application seeking an Order

8   setting a briefing schedule for Phoenix Fibers' anticipated motion for summary

9   judgment, the Parties stated, in the December 21 Joint Stipulation, that they:

10              continue to respectfully request that the Court decide and issue

11              an Order with respect to Plaintiffs' remaining application

12              requesting that the Court set a briefing schedule for Phoenix

13              Fibers' anticipated motion for summary judgment, which

14              anticipates a moving date of no earlier than Friday, January 13,

15              2017.

16  Dkt. No. 79 at 3:5-9. The Court, however, in approving the Parties' December 21

17  Joint Stipulation and entering its December 22 Order, denied Plaintiffs' entire

18  December 19 *Ex Parte* Application as "moot," including the portion of Plaintiffs'

19  application which sought to set a briefing schedule for Phoenix Fibers' anticipated

20  motion for summary judgment. Dkt. No. 80.

21      Thereafter, Plaintiffs renewed their efforts to negotiate a briefing schedule for

22  Phoenix Fibers' motion that (a) did not coincide with the winter Holiday period, and

23  (b) would give Plaintiffs more than five (5) business days to oppose. Those efforts,

24  unfortunately, have been unsuccessful, despite the fact that Phoenix Fibers' motion is

25  even less time sensitive now (following the entry of the December 22 Order) because

26  the Final Pretrial conference has been continued until March 27, 2017. For the same

27  reason, Phoenix Fibers' stated rationale for both its original proposed briefing

28  schedule (which contemplated Phoenix Fibers filing its opening brief on December

23, 2016) and its current proposal (which contemplates Phoenix Fibers filing its opening brief on December 30, 2016)—namely, its desire to have the motion fully submitted in advance of Final Pretrial Conference—would no longer require the completion of all briefing in January because the Final Pretrial Conference is now set for March 27, 2017.

Accordingly, Plaintiffs respectfully submit this *ex parte* application for an Order setting the foregoing briefing schedule for Phoenix Fibers' anticipated motion for summary judgment. Plaintiffs' proposed schedule would extend the completion of briefing on Phoenix Fibers' non-time sensitive motion by only two weeks (from January 30 under Phoenix Fibers' proposal to February 13 under Plaintiffs' proposal), remove the briefing period from the remaining winter Holiday period when witnesses and clients have other priorities and limited availability, and equitably afford both sides time for opposition and reply. Phoenix Fibers' current stated intention to file its motion on December 30, 2016, with Plaintiffs' opposition due on January 9, and Phoenix Fibers' reply due on January 16, accomplishes none of these goals, affords no benefit to Phoenix Fibers, and serves only to unnecessarily prejudice Plaintiffs.

Good cause is shown for the relief requested in Plaintiffs' December 19 *Ex Parte* Application, this application, the Memorandum of Points and Authorities, and Declaration of Matthew T. Salzmann submitted therewith. In addition, this application is based on all other files and records in this action, and upon such other showing as may be made at any hearing that the Court shall convene hereon.

As required by Local Rule 7-19, Plaintiffs' counsel gave notice of this application to Phoenix Fibers' counsel on December 23, 2016, and to all other counsel on December 27, 2016. Defendants' counsel's contact information is as follows:

> Kenneth G. Parker
> Mark D. Erickson
> Martin E. Ellison
> Christopher Maciel

Haynes and Boone LLP
600 Anton Boulevard, Suite 700
Costa Mesa, CA 92626
Telephone: 949.202.3014
Email:  kenneth.parker@haynesboone.com
Email:  mark.erickson@haynesboone.com
Email:  martin.ellison@haynesboone.com
Email:  chris.maciel@haynesboone.com

William C. O'Neill
ROSS WERSCHING & WOLCOTT, LLP
3151 Airway Ave., Building S
Costa Mesa, CA 92626
Telephone: 714.444.3900
Email:  wco@rossllp.com
*Counsel for Defendant Phoenix Fibers, Inc.*

Eugene Alkana
131 North El Molino Avenue, Suite 310
Pasadena, CA 91730
Telephone:  626.796.8170
Email: eugenealkana@yahoo.com
*Counsel for Defendant U.S. General Export, Inc.*

J.T. Fox
LAW OFFICES OF J.T. FOX & ASSOCIATES
A Professional Corporation
556 S. Fair Oaks Ave., No. 444
Pasadena, CA 91105
Telephone:  888.750.5530
Email: jt@jtfoxlaw.com
*Counsel for Defendant Tiffany Alana Wolff*

Lydia Evilsa Terrazas Cho
702 N. Crescent Drive
Beverly Hills, CA 90210
Telephone:  310.408.9586
Email: rollcho@aol.com

Phoenix Fibers has indicated that it opposes Plaintiffs' *ex parte* request.

1    Dated:  December 27, 2016          ARNOLD & PORTER LLP

2

3                                       By:   /s/  Matthew T. Salzmann
                                              Eric D. Mason
4                                             John C. Ulin
                                              Louis S. Ederer
5                                             Matthew T. Salzmann

6

7                                       *Attorneys for Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2   Through this *ex parte* application, plaintiffs Sweet People Apparel, Inc. d/b/a

3   Miss Me, and RCRV, Inc. d/b/a Rock Revival (collectively "Plaintiffs") respectfully

4   request that the Court issue an Order setting the following briefing schedule for

5   defendant Phoenix Fibers, Inc. ("Phoenix Fibers")'s anticipated motion for summary

6   judgment, which schedule does not require Plaintiffs to spend the remaining winter

7   Holiday period, when witnesses and clients have other priorities and limited

8   availability, preparing an opposition, and provides Plaintiffs more than five (5)

9   business days to oppose Phoenix Fibers' non-time sensitive motion:

| Event | Date |
|---|---|
| Opening Brief | January 6, 2017[1] |
| Opposition | January 23, 2017 |
| Reply | January 30, 2017 |
| Hearing (submission) | February 13, 2017 |

15   The foregoing requested briefing schedule only slightly deviates from Phoenix

16   Fibers' contemplated schedule.  Specifically, it delays the filing of Phoenix Fibers'

17   opening brief by seven (7) days (which eliminates the need for the submission of any

18   briefing during the remaining winter Holiday period and the challenges of

19   communicating with witnesses and clients at a time of year when they have other

20   priorities and limited availability), equitably adjusts the periods for opposition and

21   reply, and delays the submission of Phoenix Fibers' motion by only two weeks.  In

22   light of the recent stipulated continuance of the Final Pretrial Conference from

23   January 30, 2017 to March 27, 2017 (Dkt. No. 80), Plaintiffs' requested briefing

24   schedule still accomplishes Phoenix Fibers' stated purpose of having its motion fully

25   submitted prior to the Final Pretrial Conference, and further allows the Parties

---

[1] To be clear, Plaintiffs have no objection to Phoenix Fibers filing its opening brief
prior to January 6, 2017, so long as Plaintiffs are afforded until January 23, 2017 to file
their opposition.

1   sufficient time to prepare proper, well-reasoned briefing of the issues.

2          As explained below, Plaintiffs will be prejudiced if they are required to oppose

3   Phoenix Fibers' non-time sensitive motion between December 30, 2016 and January

4   9, 2017, while Phoenix Fibers will not be prejudiced in any way by the Court's

5   adoption of Plaintiffs' requested briefing schedule.

6   **I.     STATEMENT OF FACTS**

7          As the Court is aware, on December 19, 2016, Plaintiffs filed an *ex parte*

8   application requesting an Order (a) continuing the Final Pretrial Conference from

9   January 30, 2017 to March 27, 2017, or to a date and time thereafter that was

10  convenient for the Court, and (b) setting a briefing schedule for Phoenix Fibers'

11  anticipated motion for summary judgment, which set a date for the filing of Phoenix

12  Fibers' opening brief of no earlier than Friday, January 13, 2017 (the "December 19

13  *Ex Parte* Application").  Dkt. Nos. 75-76.  Plaintiffs filed their December 19 *Ex*

14  *Parte* Application on the first business day following Phoenix Fibers' rejection of

15  their proposal that the Parties submit a joint request for a continuance of the Final

16  Pretrial Conference to March 27, 2017 (a proposal which Phoenix Fibers' co-

17  defendants readily agreed to), to allow for the completion of fact discovery and

18  expert disclosures, and Phoenix Fibers' disclosure of its intent to file a motion for

19  summary judgment on Friday, December 23, 2016—the day before Christmas Eve

20  and the start of the winter Holiday period.  Putting aside the issue of the remaining

21  fact discovery that needs to be completed before the March 13, 2017 discovery cutoff

22  (Dkt. No. 80), under this schedule Plaintiffs' opposition was to be filed on January 6,

23  2017—a period encompassing Christmas, Hanukkah and New Year's, and including

24  two Court-observed Holidays and two Administrative Leave Days.  Salzmann Decl.

25  ¶¶3-4.

26         The following day, December 20, 2016, Phoenix Fibers filed its opposition to

27  Plaintiffs' December 19 *Ex Parte* Application.  Dkt. Nos. 77-78.  In its opposition,

28  Phoenix Fibers attempted to justify its curiously inopportune proposed briefing

schedule for its non-time sensitive motion by arguing that the schedule was dictated by its desire to "have the motion filed, briefing completed, and motion submitted before the Pretrial Conference."  Dkt. No. 77 at 6:19-21; *see also* Dkt. 77 at 3:20-21 ("The purpose of this submission was is [*sic*] to have the motion under submission by before the Final Pretrial Conference.").  At that time, the Final Pretrial Conference was scheduled for January 30, 2017.  Dkt. No. 73.  With that goal apparently in mind, in its opposition, Phoenix Fibers offered the following alternative briefing schedule, which, it contended, "alleviates Plaintiffs' concerns about working over the holidays":

| Event | Date |
| --- | --- |
| Opening Brief | December 30, 2016 |
| Opposition | January 9, 2017 |
| Reply | January 16, 2017 |
| Hearing (submission) | January 30, 2017 |

Dkt. No. 77 at 13-23.  For obvious reasons, that simply is not the case, and, more importantly, misstates Plaintiffs' concerns, which are premised on the unavailability of witnesses and clients who have other priorities during this time.  Salzmann Decl. ¶5.

The foregoing briefing schedule that Phoenix Fibers now intends to follow does not alleviate Plaintiffs' concerns, as the ten (10)-day period allotted for Plaintiffs' opposition to Phoenix Fibers' non-time sensitive motion includes New Year's weekend, two days of Hanukkah, an Administrative Leave Day, and a federal Holiday.  Moreover, this alternative schedule affords Phoenix Fibers a full seven (7) days, all of which fall outside of the winter Holiday period, to submit its reply.  In other words, Phoenix Fibers' alternative schedule arguably places Plaintiffs in a worse position than they were in under Phoenix Fibers' originally proposed schedule, which contemplated Phoenix Fibers filing its opening brief on December 23, 2016, and Plaintiffs filing their opposition fourteen (14) days later.  Salzmann Decl. ¶6.

3

On December 21, 2016, the Parties reached agreement with respect to the portion of Plaintiffs' December 19 *Ex Parte* Application that sought a continuance of the Final Pretrial Conference to March 27, 2017.  Dkt. No. 79.  Specifically, the Parties agreed on the following proposed case management deadlines, and filed a joint stipulation and proposed order for the Court's consideration (the "December 21 Joint Stipulation"):

| Event | Date |
|---|---|
| Initial Expert Disclosures & Reports | February 13, 2017 |
| Rebuttal Export Disclosures & Reports | February 27, 2017 |
| Discovery Cutoff | March 13, 2017 |
| Final Pretrial Conference | March 27, 2017 |
| Jury Trial | May 9, 2017 |

Dkt. No. 79.  However, despite the additional time before the Final Pretrial Conference, Phoenix Fibers continued to refuse to agree to any adjustment to its proposed briefing schedule on summary judgment.  Salzmann Decl. ¶7.  Accordingly, because the Parties were unable to resolve their dispute concerning the briefing schedule for Phoenix Fibers' anticipated motion—even though Phoenix Fibers' stated rationale for adopting a briefing schedule that coincided with the winter Holiday period (*i.e.*, its desire to have the motion fully submitted by the date of the Final Pretrial Conference) no longer required briefing in January—the Parties indicated in the December 21 Joint Stipulation, that they:

> continue to respectfully request that the Court decide and issue an Order with respect to Plaintiffs' remaining application requesting that the Court set a briefing schedule for Phoenix Fibers' anticipated motion for summary judgment, which anticipates a moving date of no earlier than Friday, January 13, 2017.

4

1    Dkt. No. 79 at 3:5-9; Salzmann Decl. ¶9.

2         The following day, December 22, 2016, the Court partially approved the

3    Parties' December 21 Joint Stipulation, and entered an Order adopting the Parties'

4    proposed case management dates, including continuing the Final Pretrial Conference

5    to March 27, 2017 (the "December 22 Order").[2]  Dkt. No. 80.  In entering the

6    December 22 Order, however, the Court denied Plaintiffs' entire December 19 *Ex*

7    *Parte* Application as "moot"—including the portion of Plaintiffs' application which

8    was not addressed by the Parties' December 21 Joint Stipulation, and as to which the

9    Parties indicated they continued to seek the Court's guidance.  Dkt. No. 80.

10         Thereafter, on December 23, 2016, in response to further communications

11   from Plaintiffs' counsel requesting that Phoenix Fibers reconsider its position on the

12   briefing schedule with respect to its non-time sensitive motion and agree to the same

13   schedule requested in Plaintiffs' instant application, Phoenix Fibers' counsel advised

14   that they intend to "[h]onor[] the position that [they] took with the Court" in

15   opposition to Plaintiffs' December 19 *Ex Parte* Application, and planned to file

16   Phoenix Fibers' motion on December 30, 2016.  Salzmann Decl. ¶12, Ex. A.

17   Furthermore, when Plaintiffs' counsel advised Phoenix Fibers' counsel of their intent

18   to renew the portion of their December 19 *Ex Parte* Application seeking an Order

19   setting a briefing schedule for Phoenix Fibers' anticipated motion, which was not

20   rendered moot by virtue of the Parties' December 21 Joint Stipulation, Phoenix

21   Fibers' counsel stated that "the Court has already denied Plaintiff's [*sic*] application

22   relying on our position and the schedule [Phoenix Fibers] suggested to the Court…."

23   *Id.* ("…I have no idea why one would renew an application that was already

24   denied….").

25   _____

26   [2] The only aspect of the Parties' December 21 Joint Stipulation that the Court did not
     adopt was the Parties' proposed trial date of May 9, 2017.  Instead, the December 22
27   Order provides that "[t]he Court will set a trial date at the Final Pretrial Conference."
     Dkt. No. 80.
28

1    Plaintiffs do not share Phoenix Fibers' view, and do not believe that the Court
2    purposefully denied as moot that portion of Plaintiffs' December 19 *Ex Parte*
3    Application requesting that the Court set a briefing schedule for the anticipated
4    summary judgment motion that does not unnecessarily fall during the winter Holiday
5    period when witnesses and clients have other priorities and limited availability, and
6    provides Plaintiffs a reasonable opposition period of more than five (5) business
7    days.  Rather, it is respectfully submitted that the Court's denial referred only to that
8    portion of Plaintiffs' application that was in fact rendered moot by the December 21
9    Joint Stipulation.  Salzmann Decl. ¶13.

10   **II.    ARGUMENT**

11   To obtain *ex parte* relief, the moving party must explain "why the regular
12   noticed motion procedures must be bypassed" and that it is without fault in creating
13   the "crisis" giving rise to the need for *ex parte* relief.  *Mission Power Eng'g Co. v.*
14   *Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  Further, to justify *ex parte*
15   relief, the moving party must show that its cause "will be irreparably prejudiced if the
16   underlying motion is heard according to regularly noticed procedures."  *Id.*
17   Plaintiffs' *ex parte* application meets this criteria.

18   *First*, given that Phoenix Fibers now intends to file its non-time sensitive
19   motion for summary judgment on Friday, December 30, 2016, notwithstanding its
20   stipulation to the issuance of the December 22 Order adjourning the Final Pretrial
21   Conference by nearly two months, Plaintiffs are not at fault in creating this last
22   minute need for judicial intervention, and would be irreparably prejudiced if they
23   were forced to proceed with an application seeking a modification of the
24   contemplated briefing schedule on a regular motion schedule.  Indeed, if this
25   application is not heard on an *ex parte* basis, it would not be considered until *after*
26   Plaintiffs will have already submitted their opposition to Phoenix Fibers' summary
27   judgment motion, which would be due on January 9, 2017.

28

6

*Second*, Plaintiffs will be prejudiced if they are required to respond to Phoenix Fibers' anticipated motion for summary judgment over the remaining winter Holiday period.  In light of the holiday schedules and family commitments of clients and witnesses, Plaintiffs' counsel would not be able to confer with Plaintiffs' representatives and certain key non-party witnesses until January 3 or 4, 2017, at the earliest, leaving only an additional five (5) days to prepare opposition papers under Phoenix Fibers' proposed schedule.  The schedule requested in this *ex parte* application would eliminate the disadvantages that would be imposed on Plaintiffs if they were required to prepare their opposition on a short schedule during the remaining winter Holiday period when witnesses and client contacts have family priorities and commitments. Salzmann Decl. ¶14.

*Third*, the adoption of Plaintiffs' requested briefing schedule would impose no prejudice on Phoenix Fibers whatsoever.  Phoenix Fibers' newfangled argument in support of its anticipated December 30 filing—namely, that "further discovery is [not] needed and the MSJ will avoid further expense by my client, including but not limited to expert costs"—is belied by the positions taken in Phoenix Fibers' opposition to Plaintiffs' December 19 *Ex Parte* Application and its subsequent agreement to the case management schedule set forth in the December 21 Joint Stipulation.  Salzmann Decl. ¶15, Ex. A.  Specifically, Phoenix Fibers' opposition to Plaintiffs' December 19 *Ex Parte* Application states that "[a]side from expert discovery, Phoenix Fibers intends to take two additional non-expert depositions, potentially complete a warehouse inspection, and request some follow-up documents from the Plaintiffs, mostly related to alleged damages." Dkt. No. 77 at 3:7-10.  While Phoenix Fibers may now be saying that it is prepared to forego that discovery, as explained in Plaintiffs' December 19 *Ex Parte* Application, Plaintiffs intend to pursue important outstanding discovery prior to the close of fact discovery on March 13, 2017, and, in particular, discovery of Phoenix Fibers' immediate customer for the goods at issue, defendant U.S. General Export.  Dkt. No. 75 at 6:17-26.

1   In addition, the two week adjustment to the briefing schedule that Plaintiffs
2   request will not increase the costs incurred by any Party.  Regardless of whether
3   Phoenix Fibers' motion is submitted on January 30 or February 13, fact discovery
4   remains to be completed, and initial expert reports are due on February 13, with
5   rebuttal reports due two weeks later.  It is unlikely that the Court will have decided
6   Phoenix Fibers' anticipated motion before such reports become due, and a two week
7   delay will not have a material impact on the costs incurred by the Parties in preparing
8   this case for trial will prejudice no party.  Salzmann Decl. ¶16.

9   *Fourth*, Plaintiffs' New York-based counsel are moving their offices to another
10  building in connection with their firm's recent combination with another firm, with
11  the actual move scheduled for January 13, 2017.  Accordingly, Plaintiffs' New York-
12  based counsel's routine will be significantly disrupted in the coming days and weeks,
13  and their ability to devote the necessary attention to opposing Phoenix Fibers'
14  putative summary judgment motion, which is not time-sensitive, will be negatively
15  impacted.  Salzmann Decl. ¶17.  For its part, Phoenix Fibers can make no credible
16  claim of prejudice from being asked to wait seven (7) days to file a motion that is not
17  time sensitive, in order to facilitate the completion of discovery and Plaintiffs'
18  counsel's other bona fide reasons for the slightly later briefing schedule on summary
19  judgment requested herein.

20  Plaintiffs' proposed schedule is more sensible and equitable than the schedule
21  that Phoenix Fibers intends to impose on Plaintiffs.  Accordingly, there is good cause
22  for the Court to grant Plaintiffs' application and enter an Order setting the requested
23  briefing schedule for Phoenix Fibers' motion for summary judgment.

24  ## CONCLUSION

25  For all of these reasons, Plaintiffs respectfully request that the Court enter an
26  Order setting a briefing schedule for Phoenix Fibers' anticipated motion for summary
27  judgment, which provides that Phoenix Fibers' opening brief be filed on January 6,
28

1    2017, Plaintiffs' opposition be filed on January 23, 2017, and Phoenix Fibers' reply

2    be filed on January 30, 2017.

3

4    Dated:  December 27, 2016                    ARNOLD & PORTER LLP

5

6                                                 By:   /s/ Matthew T. Salzmann

7                                                       John C. Ulin
                                                        Eric D. Mason
8                                                       Louis S. Ederer
                                                        Matthew T. Salzmann
9
                                                        *Attorneys for Plaintiffs*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28