Case 2:16-cv-00940-TJH-JC   Document 83   Filed 12/28/16   Page 1 of 5   Page ID #:480

```
ROSS WERSCHING & WOLCOTT LLP
William C. O'Neill / Bar No. 251071
   WCO@RossLLP.com
3151 Airway Avenue, Building S-1
Costa Mesa, California 92626
Telephone:  (714) 444-3900
Facsimile:  (714) 444-3901

HAYNES AND BOONE, LLP
Mark D. Erickson / Bar No. 104403
   mark.erickson@haynesboone.com
Kenneth G. Parker / Bar No. 182911
   kenneth.parker@haynesboone.com
Martin M. Ellison / Bar No. 292060
   martin.ellison@haynesboone.com
Christopher B. Maciel / Bar No. 300733
   chris.maciel@haynesboone.com
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Telephone:  (949) 202-3000
Facsimile   (949) 202-3001

Attorneys for Defendant
PHOENIX FIBERS, INC.
```

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SWEET PEOPLE APPAREL, INC. d/b/a MISS ME, a California corporation, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>PHOENIX FIBERS, INC., an Arizona corporation, et al.,<br><br>          Defendants. | Case No. 2:16-cv-00940-TJH-JC<br><br>Hon. Terry J. Hatter, Jr.<br><br>**DEFENDANT PHOENIX FIBERS, INC.'S OPPOSITION TO PLAINTIFFS' PREVIOUSLY DENIED *EX PARTE* APPLICATION SEEKING AN ORDER SETTING A BRIEFING SCHEDULE FOR DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT No. 81]** |

**DEFENDANT PHOENIX FIBERS, INC.'S OPPOSITION TO PLAINTIFFS' PREVIOUSLY DENIED *EX PARTE* APPLICATION**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

On December 19, 2016, Plaintiffs filed an *ex parte* application (the "December 19th *Ex Parte* Application") seeking to move the date of the Final Pretrial Conference and to prevent Phoenix Fibers, Inc. ("Phoenix Fibers") from filing its Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment (the "MSJ"), before January 13, 2017. (Dkt. 75). In Opposition, Phoenix Fibers declared its intent to file the MSJ on December 30, 2016, and presented a briefing schedule for the MSJ. (Dkt. 77). The following day, the parties stipulated to moving the Final Pretrial Conference. (Dkt. 79). Then, on December 22, 2016, this Court issued an order in which (1) "the Court denied Plaintiffs' **entire** December 19 *Ex Parte* Application" ((Declaration of Matthew T. Salzmann ("Salzmann Decl.") 5:17-18) (emphasis added)) and (2) approved the parties' stipulation, with one minor exception that is presently irrelevant. (Dkt. 80). This Court has issued no subsequent orders with respect to the December 19th *Ex Parte* Application, for obvious reasons.

Nonetheless, Plaintiffs submit a second *ex parte* application that, again, addresses the same MSJ scheduling issue. Phoenix Fibers contends that this Court's ruling should be the same as its first: a denial.

## II. Statement of Facts

Phoenix Fibers has already summarized the facts of this case in its Opposition to Plaintiffs' December 19th *Ex Parte* Application (the "First Opposition"). For reference, a true and accurate copy of the First Opposition is attached hereto as ***Exhibit A***. Therefore, Phoenix Fibers will only summarize the relevant facts since the First Opposition was filed.

Following Plaintiffs' submission of the December 19th *Ex Parte* Application (Dkt. 75) and the First Opposition (Dkt. 77), the parties submitted a stipulation with respect to the Final Pretrial Conference date. (Dkt. 79.) The following day,

1  the Court issued an order "den[ying] Plaintiffs' **entire** December 19 *Ex Parte*
2  Application" and granting the parties' stipulation. Salzmann Decl. 5:17-18; *see*
3  Dkt. 80. On December 26, 2016, the Plaintiffs submitted the instant *Ex Parte*
4  Application (the "Second *Ex Parte* Application") seeking the same relief that the
5  Court had previously denied pertaining to the MSJ schedule. (Dkt. 81). Plaintiff's
6  Second *Ex Parte* Application is based on the same reasons as the December 19th *Ex*
7  *Parte* Application. (*Compare* Dkt. 75 to Dkt. 81).

### III.   Argument

For the sake of brevity, Phoenix Fibers will not restate the arguments it made in the First Opposition to this same *ex parte* relief. If this Court chooses to reread those arguments, Phoenix Fibers has attached the First Opposition as ***Exhibit A***. Further, the Declaration of Kenneth G. Parker that was submitted in support of the First Opposition is attached as ***Exhibit B***. Since the Plaintiffs rely on identical arguments in support of the Second *Ex Parte* Application as they did for the December 19th *Ex Parte* Application, Phoenix Fibers relies on the successful arguments presented in the First Opposition.

Plaintiffs' only new argument in the Second *Ex Parte* Application is that this Court's December 22nd Order should be read merely as a partial denial of Plaintiffs' December 19th *Ex Parte* Application. Plaintiffs believe that this Court mistakenly issued an order fully denying Plaintiffs' December 19th *Ex Parte* Application. (Salzmann Decl. 6:10-17.) In other words, Plaintiffs believe that this Court's December 22nd Order pertained only to the Final Pretrial date and not the MSJ schedule. (*Id.*) While this Court is obviously best at interpreting its own order (and knowing its own intentions), Phoenix Fibers believes this Court's intention is apparent by its actions. First, the Court has yet to issue any subsequent order with respect to the *ex parte* application that was filed nine days ago. If this Court wished to grant Plaintiffs' *ex parte* relief with respect to the MSJ, it certainly would have done so by now, given that Plaintiffs' application was filed *ex parte*

and that Phoenix Fibers expressed its intention to file the MSJ on December 30, 2016, two days from now. Second, this Court never expressed an intention to issue multiple orders for the December 19th *Ex Parte* Application. At the very least, if this Court wished to issue a second order with respect to the Plaintiffs' December 19th *Ex Parte* Application, it would have stated as much in its December 22nd Order. As such, there is no reason to believe that this Court's December 22nd Order was anything but fully dispositive of the December 19th *Ex Parte* Application. Quite simply, it is unthinkable that this Court would read Plaintiffs' December 19th *Ex Parte* Application and simply forget to issue an order with respect to one of two forms of relief requested. Thus, the most logical interpretation of this Court's December 22nd Order and this Court's actions is that the Court fully denied Plaintiff's December 19th *Ex Parte* Application. Accordingly, this Court should (again) deny Plaintiffs' *ex parte* application to alter the MSJ schedule.

### IV. Conclusion

For the foregoing reasons, Phoenix Fibers requests that Plaintiffs' Second *Ex Parte* Application be denied.

DATED: December 28, 2016        HAYNES AND BOONE, LLP

By: */s/ Kenneth G. Parker*
Kenneth G. Parker
Attorneys for Defendant
Phoenix Fibers, Inc.

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action. I am employed in the County of Orange, State of California, within which county the subject service occurred. My business address is 600 Anton Boulevard, Suite 700, Costa Mesa, California 92626.

On **December 28, 2016,** I served the following document described as: **DEFENDANT PHOENIX FIBERS INC.'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION SEEKING AN ORDER SETTING A BRIEFING SCHEDULE FOR DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT No. 81]** on the interested parties in this action in the manner identified below:

[XXX]    BY ELECTRONIC FILING. I caused such document(s) to be electronically filed and served through the United States District Court's CM/ECF System for the within action. This service complies with the Federal Rules of Civil Procedure. The file transmission was reported as complete and a copy of the Court's Notice of Electronic Filing will be maintained with the original document(s) in our office. Participants in the case who are registered CM/ECF users will be served by the District CM/ECF System.

I declare that I am employed in the offices of a member of the bar of this Court at whose direction this service was made, and that this service complies with the Federal Rules of Civil Procedure.

Executed on **December 28, 2016,** at Costa Mesa, California.

/s Breean Cordova
Breean Cordova