1  ROSS WERSCHING & WOLCOTT LLP
   William C. O'Neill/Bar No. 251071
2    WCO@RossLLP.com
   3151 Airway Avenue, Building S-1
3  Costa Mesa, California 92626
   Telephone:  (714) 444-3900
4  Facsimile:  (714) 444-3901

5  HAYNES AND BOONE, LLP
   Mark D. Erickson/Bar No.104403
6    mark.erickson@haynesboone.com
   Kenneth G. Parker/Bar No. 182911
7    kenneth.parker@haynesboone.com
   Martin Ellison/Bar No. 292060
8    Martin.ellison@haynesboone.com
   Christopher B. Maciel/Bar No. 300733
9    chris.maciel@haynesboone.com
   600 Anton Boulevard, Suite 700
10 Costa Mesa, CA 92626
   Telephone:  (949) 202-3000
11 Facsimile   (949) 202-3001

12 Attorneys for Defendant
   PHOENIX FIBERS, INC.

13

14            **UNITED STATED DISTRICT COURT**

15     **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

16 | SWEET PEOPLE APPAREL, INC. | Case No. 2:16-cv-00940-TJH-JC |

   SWEET PEOPLE APPAREL, INC.
17 d/b/a MISS ME, a California
   corporation, et al.,                  Case No. 2:16-cv-00940-TJH-JC

18                                        Hon. Terry J. Hatter, Jr.
              Plaintiffs,
                                         **DEFENDANT PHOENIX FIBERS,**
19     v.                                **INC.'S APPENDIX OF EVIDENCE**

20 PHOENIX FIBERS, INC., an              VOLUME 2 OF 2 – EXHIBITS II - NN
   Arizona corporation, et al.,
21                                        *[Notice and Motion and Motion;*
              Defendants.                *Memorandum of Points and Authorities;*
22                                       *Statement of Uncontroverted Facts;*
                                         *[Proposed] Judgment and [Proposed]*
23                                       *Order Filed Concurrently Herewith]*

24                                        Date:       January 30, 2017
                                          Time:       Under submission
25                                        Location:   Courtroom 9B
                                                      First Street Courthouse
26

27

28

---

1
APPENDIX OF EVIDENCE

## APPENDIX IN SUPPORT OF PHOENIX FIBERS MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| TAB | DESCRIPTION | APP |
|-----|-------------|-----|
| A | Declaration of Tod Kean in Support of Defendants' Motions for Summary Judgment | APP-0001 – APP-0005 |
| B | Declaration of Steven Johnson in Support of Defendants' Motions for Summary Judgment | APP-0006 – APP-0010 |
| C | Declaration of Christopher Maciel in Support of Defendants' Motions for Summary Judgment | APP-0011 – APP-0017 |
| D | Excerpts from the Deposition of Lisa Song | APP-0018 – APP-0052 |
| E | Excerpts from the Deposition of Lilly Kim | APP-0053 – APP-0096 |
| F | Excerpts from the Deposition of Felipe Salgado | APP-0097 – APP-0117 |
| G | Excerpts from the Deposition of Tiffany Wolff | APP-0118 – APP-0123 |
| H | First Amended Complaint [Docket #32] | APP-0124 – APP-0149 |
| I | http://crossroadstrading.com/about-us/ | APP-0150 – APP-0157 |
| J | http://cherryconsign.com/ | APP-0158 – APP-0161 |
| K | http://www.buffaloexchange.com/about-us/ | APP-0162 – APP-0164 |
| L | http://ragstock.com/about/ | APP-0165 – APP-0167 |
| M | Digging for Diamonds: A Conceptual Framework for Understanding Reclaimed Textile Products | APP-0168 – APP-0181 |
| N | PHX001387-PHX001388 | APP-0182 – APP-0183 |
| O | PHX001389-PHX001417 | APP-0184 – APP-0212 |

APPENDIX OF EVIDENCE

| TAB | DESCRIPTION | APP |
|-----|-------------|-----|
| P | Lisa Song LinkedIn Profile [Deposition Exhibit 65] | APP-0213 – APP-0215 |
| Q | November 3, 2011 Email from Lisa Song to Matt@PHXFibers [Deposition Exhibit 67] | APP-0216 – APP-0217 |
| R | December 3, 2015 Email from Felipe Salgado to Lilly Kim [Deposition Exhibit 31] | APP-0218 – APP-0219 |
| S | December 4, 2015 Email from Bahram Reihan to CustomerCare@rockrevival.com [Deposition Exhibit 32] | APP-0220 – APP-0221 |
| T | Phoenix Fibers webiste[Deposition Exhibit 38] | APP-0222 |
| U | January 18, 2012 Certificate of Recycle [Deposition Exhibit 39] | APP-0223 |
| V | January 16, 2016 Plaintiff RCRV Objections and Responses to Defendant Phoenix Fibers, Inc.'s First Set of Interrogatories [Deposition Exhibit 56] | APP-0224 – APP-0246 |
| W | January 16, 2016 Plaintiff Sweet People Apparel Objections and Responses to Defendant Phoenix Fibers, Inc.'s First Set of Interrogatories [Deposition Exhibit 57] | APP-0247 – APP-0269 |
| X | February 26, 2015 Invoice from C.H. Robinson Worldwide, Inc. to Sweet People Apparel [Deposition Exhibit 44] | APP-0270 – APP-0272 |
| Y | June 15, 2015 Invoice from C.H. Robinson Worldwide, Inc. to Sweet People Apparel [Deposition Exhibit 48] | APP-0273 – APP-0275 |

APPENDIX OF EVIDENCE

| TAB | DESCRIPTION | APP |
|-----|------------|-----|
| Z | September 1, 2015 Invoice from C.H. Robinson Worldwide, Inc. to Sweet People Apparel [Deposition Exhibit 49] | APP-0276 – APP-0277 |
| AA | September 1, 2015 Invoice from C.H. Robinson Worldwide, Inc. to Sweet People Apparel [Deposition Exhibit 50] | APP-0278 – APP-0279 |
| BB | September 15, 2015 Invoice from C.H. Robinson Worldwide, Inc. to Sweet People Apparel [Deposition Exhibit 51] | APP-0280 – APP-0282 |
| CC | October 1, 2015 Invoice from C.H. Robinson Worldwide, Inc. to Sweet People Apparel [Deposition Exhibit 52] | APP-0283 – APP-0284 |
| DD | October 19, 2015 Invoice from C.H. Robinson Worldwide, Inc. to Sweet People Apparel [Deposition Exhibit 53] | APP-0285 – APP-0286 |
| EE | November 7, 2011 Email from Lisa Song to Matt Graham and Steve Kim [Deposition Exhibit 71] | APP-0287 – APP-0288 |
| FF | November 4, 2011 Email from Matt Graham to Lisa Song [Deposition Exhibit 69] | APP-0289 |
| GG | US General Export Shipping Documents [Deposition Exhibit 1] | APP-0290 – APP-0313 |
| HH | August 20, 2016 Defendant U.S. General Export, Inc.'s Responses to Defendant Phoenix Fibers' Request for Admission | APP-0314 – APP-0320 |

APPENDIX OF EVIDENCE

| TAB | DESCRIPTION | APP |
|-----|-----------|-----|
| II | June 16, 2016 Plaintiff RCRV Objections and Responses to Defendant Phoenix Fibers, Inc.'s First Set of Request for Admission | APP-0321 – APP-0336 |
| JJ | June 16, 2016 Plaintiff Sweet People Apparel, Inc. Objections and Responses to Defendant Phoenix Fibers, Inc.'s, First Set of Request for Admission | APP-0337 – APP-0352 |
| KK | June 1, 2016 Defendant Phoenix Fibers, Inc.'s Responses to Plaintiff Sweet People Apparel, Inc.'s First Set of Interrogatories [Deposition Exhibit 8] | APP-0353 – APP-0363 |
| LL | Articles of Incorporation of Phoenix Fibers Inc. [Deposition Exhibit 15] | APP-0364 – APP-0372 |
| MM | http://www.missme.com/categories/jeans | APP-0373 – APP-0381 |
| NN | http://www.rockrevival.com/categories/men/ jeans and http://www.rockrevival.com/categories/women | APP-0382 – APP-0391 |

DYATED:  December 30, 2016        HAYNES AND BOONE, LLP

By:   /s Kenneth G. Parker
        Kenneth G. Parker
        Attorneys for Defendant
        PHOENIX FIBERS, INC.

## CERTIFICATE OF SERVICE

1

2          I, the undersigned, declare that I am over the age of 18 years and not a

3    party to the within action. I am employed in the County of Orange, State of

     California, within which county the subject service occurred.  My business address

4    is 600 Anton Boulevard, Suite 700, Costa Mesa, California 92626.

5          On December 30, 2016, I served the following document described as:

6    **DEFENDANT PHOENIX FIBERS, INC.'S APPENDIX OF EVIDENCE**

7    **VOLUME 2 OF 2 – EXHIBITS II – NN** on the interested parties in this action in

     the manner identified below:

8

9          **[XXX]          BY ELECTRONIC FILING.** I caused such

10   document(s) to be electronically filed and served through the United States District

     Court's CM/ECF System for the within action. This service complies with the

11   Federal Rules of Civil Procedure. The file transmission was reported as complete

12   and a copy of the Court's Notice of Electronic Filing will be maintained with the

     original document(s) in our office.  Participants in the case who are registered

13   CM/ECF users will be served by the District CM/ECF System.

14         I declare that I am employed in the offices of a member of the bar of

15   this Court at whose direction this service was made, and that this service complies

     with the Federal Rules of Civil Procedure.

16

17         Executed on December 30, 2016, at Costa Mesa, California.

18                                 /s Breean Cordova
                                   Breean Cordova
19

20

21

22

23

24

25

26

27

28

APPENDIX OF EVIDENCE

# EXHIBIT  II

1  JOHN C. ULIN (State Bar No. 165524)
   John.Ulin@aporter.com
2  ERIC D. MASON (State Bar No. 259233)
   Eric.Mason@aporter.com
3  ARNOLD & PORTER LLP
   777 South Figueroa Street, 44th Floor
4  Los Angeles, California 90017-5844
   Telephone: (213) 243-4000; Facsimile: (213) 243-4199
5
   LOUIS S. EDERER (admitted *Pro Hac Vice*)
6  Louis.Ederer@aporter.com
   MATTHEW T. SALZMANN (admitted *Pro Hac Vice*)
7  Matthew.Salzmann@aporter.com
   ARNOLD & PORTER LLP
8  399 Park Avenue
   New York, New York 10022
9  Telephone: (212) 715-1000; Facsimile: (212) 715-1399

10 *Attorneys for Plaintiffs*

11               **UNITED STATES DISTRICT COURT**

12               **CENTRAL DISTRICT OF CALIFORNIA**

13                    **WESTERN DIVISION**

14 SWEET PEOPLE APPAREL, INC.          ) Case No.: 2:16-cv-00940
   d/b/a MISS ME, a California          )
15 corporation, and RCRV, INC. d/b/a   )
   ROCK REVIVAL, a California           ) Hon. Terry J. Hatter, Jr.
16 corporation,                         )
                                        )
17            Plaintiffs,               ) **OBJECTIONS AND RESPONSES TO**
                                        ) **DEFENDANT PHOENIX FIBERS**
18         v.                           ) **INC.'S FIRST SET OF REQUESTS**
                                        ) **FOR ADMISSION TO PLAINTIFF**
19 PHOENIX FIBERS. INC.. an Arizona     ) **RCRV, INC. D/B/A ROCK REVIVAL**
   corporation. U.S. GENERAL EXPORT,    )
20 INC.. a California corporation, SAC  )
   INTERNATIONAL TRADERS, INC.,         )
21 a California corporation, SHAUKAT    )
   ALI CHOHAN, an individual, COMAK     )
22 TRADING, INC., a California          )
   corporation, LYDIA EVILSA            )
23 TERRAZAS CHO, an individual,         )
   MYUNG KWON CHO, an individual,       )
24 TIFFANY ALANA WOLFF, an              )
   individual d/b/a MISS V LANE, XYZ    )
25 COMPANIES 1-10, and JOHN AND         )
   JANE DOES 1-10,                      )
26                                      )
            Defendants.                 )
27 _____  )

28

Plaintiff RCRV, Inc. d/b/a Rock Revival ("RCRV") responds to Defendant Phoenix Fibers, Inc.'s ("Phoenix Fibers") First Set of Requests For Admission to RCRV (the "Requests for Admission") as follows:

## GENERAL OBJECTIONS

RCRV makes the following General Objections to Phoenix Fibers' Requests for Admission, which apply to each Request for Admission regardless of whether the General Objections are expressly incorporated into the specific objections below:

1.      RCRV objects to the Requests for Admission to the extent that they call for the provision of information outside the custody, possession, or control, or knowledge of RCRV, or otherwise seek to impose obligations beyond, or different from, those imposed by the Federal Rules of Civil Procedure or the Local Civil Rules of this Court.

2.      RCRV objects to the Requests for Admission to the extent they are duplicative, overbroad, unduly burdensome and vexatious, or calls for information that is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3.      RCRV objects to the Requests for Admission to the extent they seek discovery of information subject to the attorney-client privilege, the attorney work-product doctrine, the accountant-client privilege, the common interest privilege, the joint defense privilege, the self-evaluative privilege or any other lawfully recognized privilege.

4.      RCRV objects to the Requests for Admission as premature because discovery, including fact discovery and expert discovery, is incomplete.

5.      RCRV's responses set forth herein are made without waiving, in any way: (a) its rights to object to the Requests for Admission, the responses, or the

- 2 -

1   subject matter thereof, as to the competency, relevancy, materiality, privilege, and
2   admissibility as evidence for any purpose, in any proceeding in, or at the trial of, this
3   or any other action; the responses are, similarly, not to be deemed an admission as to
4   their competency, relevancy, materiality, privilege, or admissibility as evidence for
5   any purpose in this or any other action; (b) its right to object on any ground to the use
6   of these responses, or the subject matter thereof, in any proceeding in, or at the trial
7   of, this or any other action; or (c) its right to object on any ground at any time to
8   requests to admit, interrogatories, or other discovery procedures involving or relating
9   to the subject matter of the Requests for Admission.  In providing a response to a
10  Request for Admission, RCRV does not waive any objection to the admissibility of
11  the response, including any document cited therein, on grounds of relevancy,
12  foundation, hearsay or other grounds.

13      6.      Insofar as any of Phoenix Fibers' Requests for Admission seek
14  information to which the foregoing objections apply, specification of or failure to
15  note general objections is not a waiver of those or other general objections with
16  respect to any request.  RCRV also reserves the right to assert additional general or
17  specific objections arising from matters discovered during the course of this
18  litigation.

19      7.      RCRV's investigation is on-going and so it reserves the right to
20  supplement or amend its responses as reasonably necessary at any time before the
21  Final Pre-Trial Conference.

22  **OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION**
23  **REQUEST FOR ADMISSION NO. 1**

24      Admit that before October 27, 2015, ROCK REVIVAL believed that a
25  DONATED PRODUCT would be "destroyed" if it was "recycled."

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 1**

27      RCRV incorporates the above stated General Objections as if fully set forth
28  herein.

APP-0323

1    Subject to and without waiving the foregoing objections, RCRV admits that

2    both before and after October 27, 2015 it believed that all damaged, unfinished,

3    returned, obsolete, or otherwise second-quality ROCK REVIVAL apparel products

4    that it shipped to Phoenix Fibers for recycling into shoddy fiber would be destroyed

5    in the recycling process (*i.e.*, the donated ROCK REVIVAL apparel products would

6    not merely be resold). Under no circumstances would RCRV have gone to the effort

7    and expense of delivering damaged, unfinished, returned, obsolete, or otherwise

8    second-quality ROCK REVIVAL apparel products to Phoenix Fibers' Arizona-based

9    facility, only to have such products, which were to be destroyed and recycled into

10   shoddy fiber, sold back into the stream of commerce.

11   **REQUEST FOR ADMISSION NO. 2**

12   Admit that ROCK REVIVAL shipped products to PHOENIX FIBERS that

13   could not be turned into shoddy fiber.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 2**

15   RCRV incorporates the above stated General Objections as if fully set forth

16   herein.

17   Subject to and without waiving the foregoing objections, RCRV states that it

18   lacks knowledge or information sufficient to enable it to admit or deny this Request

19   for Admission, and, therefore, denies it. RCRV further states that at no time did

20   Phoenix Fibers ever advise RCRV that it was unable to destroy and recycle any of the

21   damaged, unfinished, returned, obsolete, or otherwise second-quality ROCK

22   REVIVAL apparel products that RCRV delivered to Phoenix Fibers into shoddy

23   fiber.

24   **REQUEST FOR ADMISSION NO. 3**

25   Admit that, prior to October 27, 2015, ROCK REVIVAL never sought

26   confirmation from PHOENIX FIBERS that the DONATED PRODUCTS had been

27   destroyed.

28

- 4 -

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**

RCRV incorporates the above stated General Objections as if fully set forth herein. RCRV further objects to this Request for Admission on the ground that the phrase "never sought confirmation" is vague and ambiguous as used herein, and further incorrectly implies that RCRV had an obligation to confirm Phoenix Fibers' compliance with its agreement to convert donated damaged, unfinished, returned, obsolete, or otherwise second-quality ROCK REVIVAL apparel products into shoddy fiber.

Subject to and without waiving the foregoing objections, RCRV admits that prior to October 27, 2015, RCRV was not aware of Phoenix Fibers' breach of its agreement to convert donated damaged, unfinished, returned, obsolete, or otherwise second-quality ROCK REVIVAL apparel products into shoddy fiber, and, therefore, never sought Phoenix Fibers' confirmation that it was complying with its agreement to destroy the damaged, unfinished, returned, obsolete, or otherwise second-quality ROCK REVIVAL apparel products that RCRV donated to Phoenix Fibers.

**REQUEST FOR ADMISSION NO. 4**

Admit that, prior to October 27, 2015, ROCK REVIVAL never verbally or electronically told PHOENIX FIBERS that reselling the DONATED PRODUCTS was prohibited.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

RCRV incorporates the above stated General Objections as if fully set forth herein. RCRV further objects to this Request for Admission on the ground that the phrase "never verbally or electronically told" is vague and ambiguous as used herein, and further incorrectly implies that RCRV had an obligation to confirm Phoenix Fibers' compliance with its agreement to convert donated damaged, unfinished, returned, obsolete, or otherwise second-quality ROCK REVIVAL apparel products into shoddy fiber, and not to merely resell such products in the same condition as they were received, which would be counter to the very reason why RCRV had gone

APP-0325

1   to the effort and expense of delivering such products to Phoenix Fibers.

2         Subject to and without waiving the foregoing objections, RCRV admits that

3   prior to October 27, 2015, RCRV was not aware of Phoenix Fibers' resale of donated

4   damaged, unfinished, returned, obsolete, or otherwise second-quality ROCK

5   REVIVAL apparel products in breach of its agreement to convert such products into

6   shoddy fiber, and, therefore, "never verbally or electronically told" Phoenix Fibers

7   that reselling such products was prohibited since that was the antithesis of why

8   RCRV agreed to donate such products to Phoenix Fibers, at significant cost, for

9   destruction and recycling into shoddy fiber.

10  **REQUEST FOR ADMISSION NO. 5**

11        Admit that PHOENIX FIBERS never used the ROCK REVIVAL trademark

12  to sell any of the DONATED PRODUCTS.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 5**

14        RCRV incorporates by reference the above-stated General Objections as if fully

15  set forth herein.  RCRV further objects to this Request for Admission on the basis that

16  the phrase "used the ROCK REVIVAL trademark to sell" is vague and ambiguous as

17  used therein, especially since the ROCK REVIVAL trademark appears on all of

18  RCRV's ROCK REVIVAL apparel products, including those damaged, unfinished,

19  returned, obsolete, or otherwise second-quality products which Phoenix Fibers now

20  admits that it sold to Kamel Mroueh and his companies Mroueh Trading and U.S.

21  General Export, and others.

22        Subject to and without waiving the foregoing objections, RCRV states that it

23  lacks knowledge or information sufficient to enable it to admit or deny this Request for

24  Admission, and, therefore, denies it.

25  **REQUEST FOR ADMISSION NO. 6**

26        Admit that PHOENIX FIBERS never used the ROCK REVIVAL trademark

27  in connection with the sale of any of the DONATED PRODUCTS.

28

- 6 -

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**

RCRV incorporates by reference the above-stated General Objections as if fully set forth herein. RCRV further objects to this Request for Admission on the basis that the phrase "used the ROCK REVIVAL trademark in connection with the sale" is vague and ambiguous as used therein, especially since the ROCK REVIVAL trademark appears on all of RCRV's ROCK REVIVAL apparel products, including those damaged, unfinished, returned, obsolete, or otherwise second-quality products which Phoenix Fibers now admits that it sold to Kamel Mroueh and his companies Mroueh Trading and U.S. General Export, and others.

Subject to and without waiving the foregoing objections, RCRV states that it lacks knowledge or information sufficient to enable it to admit or deny this Request for Admission, and, therefore, denies it.

**REQUEST FOR ADMISSION NO. 7**

Admit that ROCK REVIVAL employees reviewed the PHOENIX FIBERS website before ROCK REVIVAL shipped the DONATED PRODUCTS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**

RCRV incorporates by reference the above-stated General Objections as if fully set forth herein. RCRV further objects to this Request for Admission on the basis that the term "reviewed" is vague and ambiguous as used therein. RCRV further objects to this Request for Admission to the extent that it is intended to imply that this statement permits Phoenix Fibers to sell products that have been donated to it for destruction and recycling back into the stream of commerce.

Subject to and without waiving the foregoing objections, RCRV admits that one or more RCRV and/or Sweet People Apparel, Inc. employee visited the Phoenix Fibers website before RCRV agreed to donate damaged, unfinished, returned, obsolete, or otherwise second-quality ROCK REVIVAL apparel products, at significant cost, to Phoenix Fibers for destruction and recycling into shoddy fiber.

APP-0327

**REQUEST FOR ADMISSION NO. 8**

Admit that ROCK REVIVAL employees never visited the PHOENIX FIBERS facility to inquire about the PHOENIX FIBERS destruction capabilities.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**

RCRV incorporates by reference the above-stated General Objections as if fully set forth herein. RCRV further objects to this Request for Admission on the basis that it improperly implies that a RCRV employee was required to physically visit Phoenix Fibers' facility to "inquire" about Phoenix Fibers' "destruction capabilities", which Phoenix Fibers openly touts on its own website and those of its affiliates.

Subject to and without waiving the foregoing objections, RCRV admits that prior to learning of Phoenix Fibers' improper resale of donated damaged, unfinished, returned, obsolete, or otherwise second-quality ROCK REVIVAL apparel products, RCRV had reasonably relied on Phoenix Fibers' representations as to its capability and agreement to convert donated damaged, unfinished, returned, obsolete, or otherwise second-quality ROCK REVIVAL apparel products into shoddy fiber, and that no RCRV employee had visited Phoenix Fibers' facility to "inquire" about or verify Phoenix Fibers' representations as to its "destruction capabilities".

**REQUEST FOR ADMISSION NO. 9**

Admit that ROCK REVIVAL employees never visited the PHOENIX FIBERS facility to inquire about the PHOENIX FIBERS recycling capabilities.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**

RCRV incorporates by reference the above-stated General Objections as if fully set forth herein. RCRV further objects to this Request for Admission on the basis that it improperly implies that a RCRV employee was required to physically visit Phoenix Fibers' facility to "inquire" about Phoenix Fibers' "recycling capabilities", which Phoenix Fibers openly touts on its own website and those of its affiliates.

Subject to and without waiving the foregoing objections, RCRV admits that

APP-0328

1    prior to learning of Phoenix Fibers' improper resale of donated damaged, unfinished,

2    returned, obsolete, or otherwise second-quality ROCK REVIVAL apparel products,

3    RCRV had reasonably relied on Phoenix Fibers' representations as to its capability

4    and agreement to convert donated damaged, unfinished, returned, obsolete, or

5    otherwise second-quality ROCK REVIVAL apparel products into shoddy fiber, and

6    that no RCRV employee had visited Phoenix Fibers' facility to "inquire" about or

7    verify Phoenix Fibers' representations as to its "recycling capabilities".

8    **REQUEST FOR ADMISSION NO. 10**

9    Admit that ROCK REVIVAL employees never specifically inquired with

10   PHOENIX FIBERS what type of materials could be accepted by PHOENIX

11   FIBERS for recycling.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 10**

13   RCRV incorporates by reference the above-stated General Objections as if fully

14   set forth herein. RCRV further objects to this Request for Admission on the basis that

15   at no time did Phoenix Fibers reject any damaged, unfinished, returned, obsolete, or

16   otherwise second-quality ROCK REVIVAL apparel products that RCRV delivered to

17   Phoenix Fibers for destruction and recycling into shoddy fiber.

18   Subject to and without waiving the foregoing objections, RCRV denies this

19   Request for Admission.

20   **REQUEST FOR ADMISSION NO. 11**

21   Admit that ROCK REVIVAL employees never specifically inquired with

22   PHOENIX FIBERS what type of materials could be accepted by PHOENIX

23   FIBERS for destruction.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 11**

25   RCRV incorporates by reference the above-stated General Objections as if fully

26   set forth herein. RCRV further objects to this Request for Admission on the basis that

27   at no time did Phoenix Fibers reject any damaged, unfinished, returned, obsolete, or

28   otherwise second-quality ROCK REVIVAL apparel products that RCRV delivered to

APP-0329

Phoenix Fibers for destruction and recycling into shoddy fiber.

Subject to and without waiving the foregoing objections, RCRV denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 12**

Admit that between January 1, 2011 to the present, the PHOENIX FIBERS website home page has always included the phrase: "The items we do not use in our shredding process are resold to other recycling companies."

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**

RCRV incorporates by reference the above-stated General Objections as if fully set forth herein. RCRV further objects to this Request for Admission to the extent that it is intended to imply that this "phrase" somehow permitted Phoenix Fibers to sell products that have been donated to it for destruction and recycling back into the stream of commerce.

Subject to and without waiving the foregoing objections, RCRV states that it lacks knowledge or information sufficient to enable it to admit or deny this Request for Admission, and, therefore, denies it.

**REQUEST FOR ADMISSION NO. 13**

Admit that U.S. General Export, Inc. is a recycling company.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**

RCRV incorporates by reference the above-stated General Objections as if fully set forth herein.

Subject to and without waiving the foregoing objections, RCRV states that it lacks knowledge or information sufficient to enable it to admit or deny this Request for Admission, and, therefore, denies it. RCRV further states that the corporate name of U.S. General Export, Inc. implies that this entity is an export company.

**REQUEST FOR ADMISSION NO. 14**

Admit that ROCK REVIVAL never purposefully destroyed any of the DONATED PRODUCTS to ensure that the DONATED PRODUCTS could not be

APP-0330

1    resold.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 14**

3    RCRV incorporates by reference the above-stated General Objections as if fully

4    set forth herein.  RCRV further objects to this Request for Admission on the basis that

5    the term "destroyed" is vague and ambiguous as used therein.  RCRV further objects to

6    this Request for Admission on the grounds that it is nonsensical in that RCRV

7    purposefully donated damaged, unfinished, returned, obsolete, or otherwise second-

8    quality ROCK REVIVAL apparel products to Phoenix Fibers so that they would be

9    destroyed and recycled, and forever removed from the stream of commerce.

10    Subject to and without waiving the foregoing objections, RCRV denies this

11    Request for Admission.

12    **REQUEST FOR ADMISSION NO. 15**

13    Admit that Lily Kim directed PHOENIX FIBERS to "recycle" the DONATED

14    PRODUCTS.

15    **RESPONSE TO REQUEST FOR ADMISSION NO. 15**

16    RCRV incorporates by reference the above-stated General Objections as if fully

17    set forth herein.  RCRV further objects to this Request for Admission on the basis that

18    it improperly implies that the process of recycling apparel and accessory products into

19    shoddy fiber does not necessarily involve the destruction of such products.

20    Subject to and without waiving the foregoing objections, RCRV denies that Lilly

21    Kim personally "directed" Phoenix Fibers to recycle the donated damaged, unfinished,

22    returned, obsolete, or otherwise second-quality ROCK REVIVAL apparel products

23    into shoddy fiber, but admits that employees acting under Ms. Kim's instruction and

24    direction "directed" Phoenix Fibers to recycle the donated damaged, unfinished,

25    returned, obsolete, or otherwise second-quality ROCK REVIVAL apparel products

26    into shoddy fiber.

27    **REQUEST FOR ADMISSION NO. 16**

28    Admit that ROCK REVIVAL sent non-apparel and non-textile materials in

APP-0331

1  boxes that ROCK REVIVAL shipped to PHOENIX FIBERS.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 16**

3       RCRV incorporates by reference the above-stated General Objections as if fully

4  set forth herein.  RCRV further objects to this Request for Admission on the basis that

5  the terms "non-apparel" and "non-textile" are vague and ambiguous as used herein.

6       Subject to and without waiving the foregoing objections, RCRV denies this

7  Request for Admission.

8  **REQUEST FOR ADMISSION NO. 17**

9       Admit that ROCK REVIVAL sent hangers in boxes that ROCK REVIVAL

10  shipped to PHOENIX FIBERS.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 17**

12       RCRV incorporates by reference the above-stated General Objections as if fully

13  set forth herein.

14       Subject to and without waiving the foregoing objections, RCRV admits that on

15  occasion the damaged, unfinished, returned, obsolete, or otherwise second-quality

16  ROCK REVIVAL apparel products that it shipped to Phoenix Fibers for destruction

17  and recycling were on hangers, and further states that at no time did Phoenix Fibers

18  reject any such products that RCRV delivered to Phoenix Fibers for destruction and

19  recycling, or advise that donated products must not be on hangers.

20  **REQUEST FOR ADMISSION NO. 18**

21       Admit that ROCK REVIVAL sent trash in boxes that ROCK REVIVAL

22  shipped to PHOENIX FIBERS.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 18**

24       RCRV incorporates by reference the above-stated General Objections as if fully

25  set forth herein.  RCRV further objects to this Request for Admission on the basis that

26  the term "trash" is vague and ambiguous as used therein.

27       Subject to and without waiving the foregoing objections, RCRV denies this

28  Request for Admission.

APP-0332

1 | **REQUEST FOR ADMISSION NO. 19**

2 Admit that PHOENIX FIBERS never made a statement to any purchaser of

3 DONATED PRODUCTS about the affiliation, connection, or association of

4 PHOENIX FIBERS and ROCK REVIVAL.

5 | **RESPONSE TO REQUEST FOR ADMISSION NO. 19**

6 RCRV incorporates by reference the above-stated General Objections as if fully

7 set forth herein.

8 Subject to and without waiving the foregoing objections, RCRV states that it

9 lacks knowledge or information sufficient to enable it to admit or deny this Request for

10 Admission, and, therefore, denies it.

11 | **REQUEST FOR ADMISSION NO. 20**

12 Admit that PHOENIX FIBERS sold DONATED PRODUCTS based solely on

13 the weight of such products.

14 | **RESPONSE TO REQUEST FOR ADMISSION NO. 20**

15 RCRV incorporates by reference the above-stated General Objections as if fully

16 set forth herein.

17 Subject to and without waiving the foregoing objections, RCRV states that it

18 lacks knowledge or information sufficient to enable it to admit or deny this Request

19 for Admission, and, therefore, denies it.

20 | **REQUEST FOR ADMISSION NO. 21**

21 Admit that PHOENIX FIBERS sold DONATED PRODUCTS based solely on

22 the weight of such products without regard for the trademark of such product.

23 | **RESPONSE TO REQUEST FOR ADMISSION NO. 21**

24 RCRV incorporates by reference the above-stated General Objections as if fully

25 set forth herein.  RCRV further objects to this Request for Admission on the basis that

26 it is duplicative of Request for Admission 20.

27 Subject to and without waiving the foregoing objections, RCRV states that it

28 lacks knowledge or information sufficient to enable it to admit or deny this Request

APP-0333

1 for Admission, and, therefore, denies it.

2 **REQUEST FOR ADMISSION NO. 22**

3 Admit that PHOENIX FIBERS has multiple customers that purchase shoddy
4 fiber.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 22**

6 RCRV incorporates by reference the above-stated General Objections as if fully
7 set forth herein.

8 Subject to and without waiving the foregoing objections, RCRV states that it
9 lacks knowledge or information sufficient to enable it to admit or deny this Request
10 for Admission, and, therefore, denies it.

11 **REQUEST FOR ADMISSION NO. 23**

12 Admit that PHOENIX FIBERS has multiple customers that purchase
13 non-shoddy fiber.

14 **RESPONSE TO REQUEST FOR ADMISSION NO. 23**

15 RCRV incorporates by reference the above-stated General Objections as if fully
16 set forth herein. RCRV further objects to this Request for Admission on the basis that
17 the phrase "non-shoddy fiber" is vague and ambiguous as used therein.

18 Subject to and without waiving the foregoing objections, RCRV states that it
19 lacks knowledge or information sufficient to enable it to admit or deny this Request
20 for Admission, and, therefore, denies it.

21 **REQUEST FOR ADMISSION NO. 24**

22 Admit that PHOENIX FIBERS has never reproduced, counterfeited, copied,
23 or colorably imitated the ROCK REVIVAL trademark.

24 **RESPONSE TO REQUEST FOR ADMISSION NO. 24**

25 RCRV incorporates by reference the above-stated General Objections as if fully
26 set forth herein. RCRV further objects to this Request for Admission on the basis that
27 it calls or a legal conclusion.

28 Subject to and without waiving the foregoing objections, RCRV states that it

- 14 -

1   lacks knowledge or information sufficient to enable it to admit or deny this Request for

2   Admission, and, therefore, denies it.  RCRV further states that Phoenix Fibers engaged

3   in the unauthorized resale of damaged, unfinished, returned, obsolete, or otherwise

4   second-quality jeanswear and apparel products bearing the ROCK REVIVAL

5   trademark, in direct violation of Phoenix Fibers' agreement to destroy such products

6   and recycle them into shoddy fiber, and, therefore, infringed RCRV's trademark rights.

7

8   Dated:  June 16, 2016                    ARNOLD & PORTER LLP

9

10

11                                            By: _____

12                                                Louis S. Ederer
                                                 John C. Ulin
13                                                Matthew T. Salzmann
                                                 Eric D. Mason
14

15                                                *Attorneys for Plaintiffs*

16

17

18

19

20

21

22

23

24

25

26

27

28

- 15 -

1

**CERTIFICATE OF SERVICE**

2      The undersigned hereby certifies that a true and correct copy of the foregoing

3 **OBJECTIONS AND RESPONSES TO DEFENDANT PHOENIX FIBERS**

4 **INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF**

5 **RCRV, INC. D/B/A ROCK REVIVAL** was served upon the following attorneys of

6 record for Defendant Phoenix Fibers, Inc. by email (by agreement), this 16th day of

7 June 2016:

8

9                William C. O'Neill
                 Ross Wersching & Wolcott, LLP
10               3151 Airway Ave., Building S
                 Costa Mesa, CA 92626
11               Tel: (714) 444-3900
                 Email: wco@rossllp.com
12

13

14                                              Matthew T. Salzmann

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT  JJ

JOHN C. ULIN (State Bar No. 165524)
John.Ulin@aporter.com
ERIC D. MASON (State Bar No. 259233)
Eric.Mason@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000; Facsimile: (213) 243-4199

LOUIS S. EDERER (admitted *Pro Hac Vice*)
Louis.Ederer@aporter.com
MATTHEW T. SALZMANN (admitted *Pro Hac Vice*)
Matthew.Salzmann@aporter.com
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Telephone: (212) 715-1000; Facsimile: (212) 715-1399

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SWEET PEOPLE APPAREL, INC. d/b/a MISS ME, a California corporation, and RCRV, INC. d/b/a ROCK REVIVAL, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> PHOENIX FIBERS. INC.. an Arizona corporation. U.S. GENERAL EXPORT, INC.. a California corporation, SAC INTERNATIONAL TRADERS, INC., a California corporation, SHAUKAT ALI CHOHAN, an individual, COMAK TRADING, INC., a California corporation, LYDIA EVILSA TERRAZAS CHO, an individual, MYUNG KWON CHO, an individual, TIFFANY ALANA WOLFF, an individual d/b/a MISS V LANE, XYZ COMPANIES 1-10, and JOHN AND JANE DOES 1-10, <br><br> Defendants. | Case No.: 2:16-cv-00940 <br><br> Hon. Terry J. Hatter, Jr. <br><br> **OBJECTIONS AND RESPONSES TO DEFENDANT PHOENIX FIBERS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF SWEET PEOPLE APPAREL, INC. D/B/A MISS ME** |

Plaintiff Sweet People Apparel, Inc. d/b/a Miss Me ("Sweet People") responds to Defendant Phoenix Fibers, Inc.'s ("Phoenix Fibers") First Set of Requests For Admission to Sweet People (the "Requests for Admission") as follows:

### GENERAL OBJECTIONS

Sweet People makes the following General Objections to Phoenix Fibers' Requests for Admission, which apply to each Request for Admission regardless of whether the General Objections are expressly incorporated into the specific objections below.

1. Sweet People objects to the Requests for Admission to the extent that they call for the provision of information outside the custody, possession, or control, or knowledge of Sweet People, or otherwise seek to impose obligations beyond, or different from, those imposed by the Federal Rules of Civil Procedure or the Local Civil Rules of this Court.

2. Sweet People objects to the Requests for Admission to the extent they are duplicative, overbroad, unduly burdensome and vexatious, or calls for information that is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3. Sweet People objects to the Requests for Admission to the extent they seek discovery of information subject to the attorney-client privilege, the attorney work-product doctrine, the accountant-client privilege, the common interest privilege, the joint defense privilege, the self-evaluative privilege or any other lawfully recognized privilege.

4. Sweet People objects to the Requests for Admission as premature because discovery, including fact discovery and expert discovery, is incomplete.

5. Sweet People's responses set forth herein are made without waiving, in

APP-0338

1    any way:  (a) its rights to object to the Requests for Admission, the responses, or the
2    subject matter thereof, as to the competency, relevancy, materiality, privilege, and
3    admissibility as evidence for any purpose, in any proceeding in, or at the trial of, this
4    or any other action; the responses are, similarly, not to be deemed an admission as to
5    their competency, relevancy, materiality, privilege, or admissibility as evidence for
6    any purpose in this or any other action; (b) its right to object on any ground to the use
7    of these responses, or the subject matter thereof, in any proceeding in, or at the trial
8    of, this or any other action; or (c) its right to object on any ground at any time to
9    requests to admit, interrogatories, or other discovery procedures involving or relating
10   to the subject matter of the Requests for Admission.  In providing a response to a
11   Request for Admission, Sweet People does not waive any objection to the
12   admissibility of the response, including any document cited therein, on grounds of
13   relevancy, foundation, hearsay or other grounds.

14          6.     Insofar as any of Phoenix Fibers' Requests for Admission seek
15   information to which the foregoing objections apply, specification of or failure to
16   note general objections is not a waiver of those or other general objections with
17   respect to any request.  Sweet People also reserves the right to assert additional
18   general or specific objections arising from matters discovered during the course of
19   this litigation.

20          7.     Sweet People's investigation is on-going and so it reserves the right to
21   supplement or amend its responses as reasonably necessary at any time before the
22   Final Pre-Trial Conference.

23   **OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION**
24   **REQUEST FOR ADMISSION NO. 1**

25          Admit that before October 27, 2015, MISS ME believed that a DONATED
26   PRODUCT would be "destroyed" if it was "recycled."

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 1**

28          Sweet People incorporates the above stated General Objections as if fully set

- 3 -

1  forth herein.

2       Subject to and without waiving the foregoing objections, Sweet People admits

3  that both before and after October 27, 2015 it believed that all damaged, unfinished,

4  returned, obsolete, or otherwise second-quality MISS ME apparel and accessory

5  products that it shipped to Phoenix Fibers for recycling into shoddy fiber would be

6  destroyed in the recycling process (*i.e.*, the donated MISS ME apparel and accessory

7  products would not merely be resold). Under no circumstances would Sweet People

8  have gone to the effort and expense of delivering damaged, unfinished, returned,

9  obsolete, or otherwise second-quality MISS ME apparel and accessory products to

10 Phoenix Fibers' Arizona-based facility, only to have such products, which were to be

11 destroyed and recycled into shoddy fiber, sold back into the stream of commerce.

12 **REQUEST FOR ADMISSION NO. 2**

13      Admit that MISS ME shipped products to PHOENIX FIBERS that could not

14 be turned into shoddy fiber.

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 2**

16      Sweet People incorporates the above stated General Objections as if fully set

17 forth herein.

18      Subject to and without waiving the foregoing objections, Sweet People states

19 that it lacks knowledge or information sufficient to enable it to admit or deny this

20 Request for Admission, and, therefore, denies it.  Sweet People further states that at

21 no time did Phoenix Fibers ever advise Sweet People that it was unable to destroy

22 and recycle any of the damaged, unfinished, returned, obsolete, or otherwise second-

23 quality MISS ME apparel and accessory products that Sweet People delivered to

24 Phoenix Fibers into shoddy fiber.

25 **REQUEST FOR ADMISSION NO. 3**

26      Admit that, prior to October 27, 2015, MISS ME never sought confirmation

27 from PHOENIX FIBERS that the DONATED PRODUCTS had been destroyed.

28

- 4 -

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**

Sweet People incorporates the above stated General Objections as if fully set forth herein. Sweet People further objects to this Request for Admission on the ground that the phrase "never sought confirmation" is vague and ambiguous as used herein, and further incorrectly implies that Sweet People had an obligation to confirm Phoenix Fibers' compliance with its agreement to convert donated damaged, unfinished, returned, obsolete, or otherwise second-quality MISS ME apparel and accessory products into shoddy fiber.

Subject to and without waiving the foregoing objections, Sweet People admits that prior to October 27, 2015, Sweet People was not aware of Phoenix Fibers' breach of its agreement to convert donated damaged, unfinished, returned, obsolete, or otherwise second-quality MISS ME apparel and accessory products into shoddy fiber, and, therefore, never sought Phoenix Fibers' confirmation that it was complying with its agreement to destroy the damaged, unfinished, returned, obsolete, or otherwise second-quality MISS ME apparel and accessory products that Sweet People donated to Phoenix Fibers.

**REQUEST FOR ADMISSION NO. 4**

Admit that, prior to October 27, 2015, MISS ME never verbally or electronically told PHOENIX FIBERS that reselling the DONATED PRODUCTS was prohibited.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

Sweet People incorporates the above stated General Objections as if fully set forth herein. Sweet People further objects to this Request for Admission on the ground that the phrase "never verbally or electronically told" is vague and ambiguous as used herein, and further incorrectly implies that Sweet People had an obligation to confirm Phoenix Fibers' compliance with its agreement to convert donated damaged, unfinished, returned, obsolete, or otherwise second-quality MISS ME apparel and accessory products into shoddy fiber, and not to merely resell such products in the

APP-0341

1  same condition as they were received, which would be counter to the very reason
2  why Sweet People had gone to the effort and expense of delivering such products to
3  Phoenix Fibers.

4      Subject to and without waiving the foregoing objections, Sweet People admits
5  that prior to October 27, 2015, Sweet People was not aware of Phoenix Fibers' resale
6  of donated damaged, unfinished, returned, obsolete, or otherwise second-quality
7  MISS ME apparel and accessory products in breach of its agreement to convert such
8  products into shoddy fiber, and, therefore, "never verbally or electronically told"
9  Phoenix Fibers that reselling such products was prohibited, since that was the
10  antithesis of why Sweet People agreed to donate such products to Phoenix Fibers, at
11  significant cost, for destruction and recycling into shoddy fiber.

12  **REQUEST FOR ADMISSION NO. 5**

13      Admit that PHOENIX FIBERS never used the MISS ME trademark to sell
14  any of the DONATED PRODUCTS.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 5**

16      Sweet People incorporates by reference the above-stated General Objections as
17  if fully set forth herein.  Sweet People further objects to this Request for Admission on
18  the basis that the phrase "used the MISS ME trademark to sell" is vague and
19  ambiguous as used therein, especially since the MISS ME trademark appears on all of
20  Sweet People's MISS ME apparel and accessory products, including those products
21  which Phoenix Fibers now admits that it sold to Kamel Mroueh and his companies
22  Mroueh Trading and U.S. General Export, and others.

23      Subject to and without waiving the foregoing objections, Sweet People states
24  that it lacks knowledge or information sufficient to enable it to admit or deny this
25  Request for Admission, and, therefore, denies it.

26  **REQUEST FOR ADMISSION NO. 6**

27      Admit that PHOENIX FIBERS never used the MISS ME trademark in
28  connection with the sale of any of the DONATED PRODUCTS.

APP-0342

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 6**

2        Sweet People incorporates by reference the above-stated General Objections as

3    if fully set forth herein.  Sweet People further objects to this Request for Admission on

4    the basis that the phrase "used the MISS ME trademark in connection with the sale" is

5    vague and ambiguous as used therein, especially since the MISS ME trademark

6    appears on all of Sweet People's MISS ME apparel and accessory products, including

7    those products which Phoenix Fibers now admits that it sold to Kamel Mroueh and his

8    companies Mroueh Trading and U.S. General Export, and others.

9        Subject to and without waiving the foregoing objections, Sweet People states

10   that it lacks knowledge or information sufficient to enable it to admit or deny this

11   Request for Admission, and, therefore, denies it.

12   **REQUEST FOR ADMISSION NO. 7**

13       Admit that MISS ME employees reviewed the PHOENIX FIBERS website

14   before MISS ME shipped the DONATED PRODUCTS.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 7**

16       Sweet People incorporates by reference the above-stated General Objections as

17   if fully set forth herein.  Sweet People further objects to this Request for Admission on

18   the basis that the term "reviewed" is vague and ambiguous as used therein.  Sweet

19   People further objects to this Request for Admission to the extent that it is intended to

20   imply that this statement permits Phoenix Fibers to sell products that have been

21   donated to it for destruction and recycling back into the stream of commerce.

22       Subject to and without waiving the foregoing objections, Sweet People admits

23   that one or more Sweet People and/or RCRV, Inc. employee visited the Phoenix Fibers

24   website before Sweet People agreed to donate damaged, unfinished, returned, obsolete,

25   or otherwise second-quality MISS ME apparel and accessory products, at significant

26   cost, to Phoenix Fibers for destruction and recycling into shoddy fiber.

27   **REQUEST FOR ADMISSION NO. 8**

28       Admit that MISS ME employees never visited the PHOENIX FIBERS facility

APP-0343

1  to inquire about the PHOENIX FIBERS destruction capabilities.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 8**

3  Sweet People incorporates by reference the above-stated General Objections as

4  if fully set forth herein.  Sweet People further objects to this Request for Admission on

5  the basis that it improperly implies that a Sweet People employee was required to

6  physically visit Phoenix Fibers' facility to "inquire" about Phoenix Fibers' "destruction

7  capabilities", which Phoenix Fibers openly touts on its own website and those of its

8  affiliates.

9  Subject to and without waiving the foregoing objections, Sweet People admits

10  that prior to learning of Phoenix Fibers' improper resale of donated damaged,

11  unfinished, returned, obsolete, or otherwise second-quality MISS ME apparel and

12  accessory products, Sweet People had reasonably relied on Phoenix Fibers'

13  representations as to its capability and agreement to convert donated damaged,

14  unfinished, returned, obsolete, or otherwise second-quality MISS ME brand apparel

15  and accessory products into shoddy fiber, and that no Sweet People employee had

16  visited Phoenix Fibers' facility to "inquire" about or verify Phoenix Fibers'

17  representations as to its "destruction capabilities".

18  **REQUEST FOR ADMISSION NO. 9**

19  Admit that MISS ME employees never visited the PHOENIX FIBERS facility

20  to inquire about the PHOENIX FIBERS recycling capabilities.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 9**

22  Sweet People incorporates by reference the above-stated General Objections as

23  if fully set forth herein.  Sweet People further objects to this Request for Admission on

24  the basis that it improperly implies that a Sweet People employee was required to

25  physically visit Phoenix Fibers' facility to "inquire" about Phoenix Fibers' "recycling

26  capabilities", which Phoenix Fibers openly touts on its own website and those of its

27  affiliates.

28  Subject to and without waiving the foregoing objections, Sweet People admits

- 8 -

APP-0344

1  that prior to learning of Phoenix Fibers' improper resale of donated damaged,

2  unfinished, returned, obsolete, or otherwise second-quality MISS ME apparel and

3  accessory products, Sweet People had reasonably relied on Phoenix Fibers'

4  representations as to its capability and agreement to convert donated damaged,

5  unfinished, returned, obsolete, or otherwise second-quality MISS ME apparel and

6  accessory products into shoddy fiber, and that no Sweet People employee had visited

7  Phoenix Fibers' facility to "inquire" about or verify Phoenix Fibers' representations as

8  to its "recycling capabilities".

9  **REQUEST FOR ADMISSION NO. 10**

10       Admit that MISS ME employees never specifically inquired with PHOENIX

11  FIBERS what type of materials could be accepted by PHOENIX FIBERS for

12  recycling.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 10**

14       Sweet People incorporates by reference the above-stated General Objections as

15  if fully set forth herein.  Sweet People further objects to this Request for Admission on

16  the basis that at no time did Phoenix Fibers reject any damaged, unfinished, returned,

17  obsolete, or otherwise second-quality MISS ME apparel and accessory products that

18  Sweet People delivered to Phoenix Fibers for destruction and recycling into shoddy

19  fiber.

20       Subject to and without waiving the foregoing objections, Sweet People denies

21  this Request for Admission.

22  **REQUEST FOR ADMISSION NO. 11**

23       Admit that MISS ME employees never specifically inquired with PHOENIX

24  FIBERS what type of materials could be accepted by PHOENIX FIBERS for

25  destruction.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 11**

27       Sweet People incorporates by reference the above-stated General Objections as

28  if fully set forth herein.  Sweet People further objects to this Request for Admission on

- 9 -

the basis that at no time did Phoenix Fibers reject any damaged, unfinished, returned, obsolete, or otherwise second-quality MISS ME apparel and accessory products that Sweet People delivered to Phoenix Fibers for destruction and recycling into shoddy fiber.

Subject to and without waiving the foregoing objections, Sweet People denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 12**

Admit that between January 1, 2011 to the present, the PHOENIX FIBERS website home page has always included the phrase: "The items we do not use in our shredding process are resold to other recycling companies."

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**

Sweet People incorporates by reference the above-stated General Objections as if fully set forth herein. Sweet People further objects to this Request for Admission to the extent that it is intended to imply that this "phrase" somehow permitted Phoenix Fibers to sell products that have been donated to it for destruction and recycling back into the stream of commerce.

Subject to and without waiving the foregoing objections, Sweet People states that it lacks knowledge or information sufficient to enable it to admit or deny this Request for Admission, and, therefore, denies it.

**REQUEST FOR ADMISSION NO. 13**

Admit that U.S. General Export, Inc. is a recycling company.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**

Sweet People incorporates by reference the above-stated General Objections as if fully set forth herein.

Subject to and without waiving the foregoing objections, Sweet People states that it lacks knowledge or information sufficient to enable it to admit or deny this Request for Admission, and, therefore, denies it. Sweet People further states that the corporate name of U.S. General Export, Inc. implies that this entity is an export

APP-0346

1  company.

2  **REQUEST FOR ADMISSION NO. 14**

3  Admit that MISS ME never purposefully destroyed any of the DONATED

4  PRODUCTS to ensure that the DONATED PRODUCTS could not be resold.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 14**

6  Sweet People incorporates by reference the above-stated General Objections as

7  if fully set forth herein.  Sweet People further objects to this Request for Admission on

8  the basis that the term "destroyed" is vague and ambiguous as used therein.  Sweet

9  People further objects to this Request for Admission on the grounds that it is

10  nonsensical in that Sweet People purposefully donated damaged, unfinished, returned,

11  obsolete, or otherwise second-quality MISS ME apparel and accessory products to

12  Phoenix Fibers so that they would be destroyed and recycled, and forever removed

13  from the stream of commerce.

14  Subject to and without waiving the foregoing objections, Sweet People denies

15  this Request for Admission.

16  **REQUEST FOR ADMISSION NO. 15**

17  Admit that Lilly Kim directed PHOENIX FIBERS to "recycle" the

18  DONATED PRODUCTS.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 15**

20  Sweet People incorporates by reference the above-stated General Objections as

21  if fully set forth herein.  Sweet People further objects to this Request for Admission on

22  the basis that it improperly implies that the process of recycling apparel and accessory

23  products into shoddy fiber does not necessarily involve the destruction of such

24  products.

25  Subject to and without waiving the foregoing objections, Sweet People denies

26  that Lilly Kim personally "directed" Phoenix Fibers to recycle the donated damaged,

27  unfinished, returned, obsolete, or otherwise second-quality MISS ME apparel and

28  accessory products into shoddy fiber, but admits that employees acting under Ms.

- 11 -

1  Kim's instruction and direction "directed" Phoenix Fibers to recycle the donated

2  damaged, unfinished, returned, obsolete, or otherwise second-quality MISS ME

3  apparel and accessory products into shoddy fiber.

4  **REQUEST FOR ADMISSION NO. 16**

5      Admit that MISS ME sent non-apparel and non-textile materials in boxes that

6  MISS ME shipped to PHOENIX FIBERS.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 16**

8      Sweet People incorporates by reference the above-stated General Objections as

9  if fully set forth herein.  Sweet People further objects to this Request for Admission on

10 the basis that the terms "non-apparel" and "non-textile" are vague and ambiguous as

11 used herein.

12     Subject to and without waiving the foregoing objections, Sweet People admits

13 that, pursuant to the parties' understanding and agreement, Sweet People shipped

14 damaged, unfinished, returned, obsolete, or otherwise second-quality MISS ME

15 apparel and accessory products to Phoenix Fibers for destruction and recycling, and

16 that Phoenix Fibers accepted all such products without objection.

17 **REQUEST FOR ADMISSION NO. 17**

18     Admit that MISS ME sent hangers in boxes that MISS ME shipped to

19 PHOENIX FIBERS.

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 17**

21     Sweet People incorporates by reference the above-stated General Objections as

22 if fully set forth herein.

23     Subject to and without waiving the foregoing objections, Sweet People admits

24 that on occasion the damaged, unfinished, returned, obsolete, or otherwise second-

25 quality MISS ME apparel and accessory products that it shipped to Phoenix Fibers for

26 destruction and recycling were on hangers, and further states that at no time did

27 Phoenix Fibers reject any such products that Sweet People delivered to Phoenix Fibers

28 for destruction and recycling, or advise that donated products must not be on hangers.

APP-0348

1   **REQUEST FOR ADMISSION NO. 18**

2       Admit that MISS ME sent trash in boxes that MISS ME shipped to PHOENIX

3   FIBERS.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 18**

5       Sweet People incorporates by reference the above-stated General Objections as

6   if fully set forth herein.  Sweet People further objects to this Request for Admission on

7   the basis that the term "trash" is vague and ambiguous as used therein.

8       Subject to and without waiving the foregoing objections, Sweet People denies

9   this Request for Admission.

10  **REQUEST FOR ADMISSION NO. 19**

11      Admit that PHOENIX FIBERS never made a statement to any purchaser of

12  DONATED PRODUCTS about the affiliation, connection, or association of

13  PHOENIX FIBERS and MISS ME.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 19**

15      Sweet People incorporates by reference the above-stated General Objections as

16  if fully set forth herein.

17      Subject to and without waiving the foregoing objections, Sweet People states

18  that it lacks knowledge or information sufficient to enable it to admit or deny this

19  Request for Admission, and, therefore, denies it.

20  **REQUEST FOR ADMISSION NO. 20**

21      Admit that PHOENIX FIBERS sold DONATED PRODUCTS based solely on

22  the weight of such products.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 20**

24      Sweet People incorporates by reference the above-stated General Objections as

25  if fully set forth herein.

26      Subject to and without waiving the foregoing objections, Sweet People states

27  that it lacks knowledge or information sufficient to enable it to admit or deny this

28  Request for Admission, and, therefore, denies it.

APP-0349

1  **REQUEST FOR ADMISSION NO. 21**

2      Admit that PHOENIX FIBERS sold DONATED PRODUCTS based solely on

3  the weight of such products without regard for the trademark of such product.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 21**

5      Sweet People incorporates by reference the above-stated General Objections as

6  if fully set forth herein.  Sweet People further objects to this Request for Admission on

7  the basis that it is duplicative of Request for Admission 20.

8      Subject to and without waiving the foregoing objections, Sweet People states

9  that it lacks knowledge or information sufficient to enable it to admit or deny this

10  Request for Admission, and, therefore, denies it.

11  **REQUEST FOR ADMISSION NO. 22**

12      Admit that PHOENIX FIBERS has multiple customers that purchase shoddy

13  fiber.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 22**

15      Sweet People incorporates by reference the above-stated General Objections as

16  if fully set forth herein.

17      Subject to and without waiving the foregoing objections, Sweet People states

18  that it lacks knowledge or information sufficient to enable it to admit or deny this

19  Request for Admission, and, therefore, denies it.

20  **REQUEST FOR ADMISSION NO. 23**

21      Admit that PHOENIX FIBERS has multiple customers that purchase

22  non-shoddy fiber.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 23**

24      Sweet People incorporates by reference the above-stated General Objections as

25  if fully set forth herein.  Sweet People further objects to this Request for Admission on

26  the basis that the phrase "non-shoddy fiber" is vague and ambiguous as used therein.

27      Subject to and without waiving the foregoing objections, Sweet People states

28  that it lacks knowledge or information sufficient to enable it to admit or deny this

APP-0350

1   Request for Admission, and, therefore, denies it.

2   **REQUEST FOR ADMISSION NO. 24**

3        Admit that PHOENIX FIBERS has never reproduced, counterfeited, copied,

4   or colorably imitated the MISS ME trademark.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 24**

6        Sweet People incorporates by reference the above-stated General Objections as

7   if fully set forth herein.  Sweet People further objects to this Request for Admission on

8   the basis that it calls for a legal conclusion.

9        Subject to and without waiving the foregoing objections, Sweet People states

10  that it lacks knowledge or information sufficient to enable it to admit or deny this

11  Request for Admission, and, therefore, denies it.  Sweet People further states that

12  Phoenix Fibers engaged in the unauthorized resale of damaged, unfinished, returned,

13  obsolete, or otherwise second-quality jeanswear and apparel products bearing the

14  MISS ME trademark, in direct violation of Phoenix Fibers' agreement to destroy such

15  products and recycle them into shoddy fiber, and, therefore, infringed Sweet People's

16  trademark rights.

17

18  Dated: June 16, 2016           ARNOLD & PORTER LLP

19

20                   By: _____

21                      Louis S. Ederer

22                      John C. Ulin

23                      Matthew T. Salzmann

                      Eric D. Mason

24                      *Attorneys for Plaintiffs*

25

26

27

28

- 15 -

APP-0351

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **OBJECTIONS AND RESPONSES TO DEFENDANT PHOENIX FIBERS INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF SWEET PEOPLE APPAREL, INC. D/B/A MISS ME** was served upon the following attorneys of record for Defendant Phoenix Fibers, Inc. by email (by agreement), this 16th day of June, 2016:

> William C. O'Neill
> Ross Wersching & Wolcott, LLP
> 3151 Airway Ave., Building S
> Costa Mesa, CA 92626
> Tel: (714) 444-3900
> Email: wco@rossllp.com

Matthew T. Salzmann

EXHIBIT  KK

1  WILLIAM C. O'NEILL / SBN 251071
   ROSS WERSCHING & WOLCOTT LLP
2  Attorneys at Law
   3151 Airway Avenue, Building S-1
3  Costa Mesa, California 92626
   Telephone: (714) 444-3900
4  Facsimile: (714) 444-3901
   WCO@RossLLP.com
5
   Attorneys for Defendant
6  PHOENIX FIBERS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10 SWEET PEOPLE APPAREL, INC.          Case No.: 2:16-cv-00940-TJH-JC
   D/B/A MISS ME, a California
11 corporation, and RCRV, INC. D/B/A   Assigned for All Purposes to:
   ROCK REVIVAL, a California          Hon. Terry J. Hatter Jr.
12 corporation,
13
14        Plaintiffs,
15    vs.                             DEFENDANT PHOENIX FIBERS,
                                      INC.'S RESPONSES TO FIRST SET
16 PHOENIX FIBERS, INC., an Arizona   OF INTERROGATORIES FROM
   corporation, SAC INTERNATIONAL     PLAINTIFF SWEET PEOPLE
17 TRADERS, INC., a California         APPAREL, INC.
   corporation, SHAUKAT ALI CHOHAN,
18 an individual, COMAK TRADING, INC., [FRCP RULE 33]
   a California corporation, LYDIA
19 EVILSA TERRAZAS CHO, an
   individual, MYUNG KWON CHO, an
20 individual, XYZ COMPANIES 1-10, and
   JOHN AND JANE DOES 1-10,
21
22
23
24        Defendants.
25
26                                    
27                                    EXHIBIT  8
                                      WIT: Johnson
28                                    DATE: 9/12/16
                                      Charlotte Lacey, RPR 50859

                                           First Set of Interrogatories

                                                              APP-0353

Defendant Phoenix Fibers, Inc. responds to the First Set of Interrogatories propounded by Plaintiff Sweet People Apparel, Inc. as follows:

### GENERAL OBJECTIONS AND QUALIFICATIONS

Responding Party has not fully completed its investigation of the facts relating to this action, has not fully completed discovery in this action, and has not completed its preparation for trial.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the contentions herein set forth.

The following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered facts which Responding Party may later recall. Responding Party accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made.

Nothing in these responses is intended to be or should be construed as a waiver of any attorney-client privilege or waiver of the attorney work-product doctrine. To the extent that any of the interrogatories may be construed as calling for disclosure of documents and/or information protected by such privileges, a continuing objection is hereby imposed. This includes joint defense agreements.

Responding Party has a made a diligent search and reasonable inquiry in an effort to respond to each of the interrogatories as Responding Party understands and interprets each interrogatory. If Propounding Party subsequently asserts an interpretation of the interrogatories which differs from that of Responding Party, Responding Party reserves the right to supplement its objections or responses, or both.

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

1

APP-0354

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

State all facts and circumstances Concerning Your acquisition of jeanswear and/or other apparel products from Sweet People.

### RESPONSE TO INTERROGATORY NO. 1

Responding Party objects to this interrogatory on the ground that it is so vague and ambiguous as to require Responding Party to speculate as to its meaning and scope. Notwithstanding these objections, and the aforementioned General Objections and Qualifications which are incorporated herein, and without waiving the same, Responding Party responds as follows:

Responding Party received more than just jeanswear and apparel products from RCRV.  RCRV, in fact, regularly included hangers, tape, cutting pattern materials, plastic, and trash in the boxes that RCRV would send to Responding Party. Typically, RCRV would send its Donated Product to Responding Party with a bill of lading, but without any quantity of specific product.  Occasionally, trucks hired by RCRV (or Miss Me) would show up unannounced at Responding Party's warehouse. Pallets of boxes would then be unloaded onto an exterior loading dock until space was available inside the warehouse.   The boxes were sometimes taped for reinforcement (assumed by Plaintiffs), but sometimes were not and the boxes would break or rupture and the contents spilled out.  Responding Party was unaware of any restrictions placed on receipt of such donated products.

### INTERROGATORY NO. 2

Identify all Persons who have personal knowledge Concerning any or all of the facts and circumstances set forth in Your response to Interrogatory No. 1.

### RESPONSE TO INTERROGATORY NO. 2

Responding Party objects to this interrogatory on the ground that it is so vague and ambiguous as to require Responding Party to speculate as to its meaning and

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

2

**First Set Of Interrogatories**

APP-0355

scope. Notwithstanding these objections, and the aforementioned General Objections and Qualifications which are incorporated herein, and without waiving the same, Responding Party responds as follows:

    Tod Kean, who can be contacted through counsel.

    Steve Johnson, who can be contacted through counsel.

    Kelly Quinn, who can be contacted through counsel.

**INTERROGATORY NO. 3**

    Identify all Persons to whom You have sold, distributed, supplied or otherwise conveyed Donated Products, and, to the extent any such Persons are entities (rather than individuals), Identify the individuals with whom You dealt?

**RESPONSE TO INTERROGATORY NO. 3**

    Responding Party objects to this interrogatory on the ground that it is so vague and ambiguous as to require Responding Party to speculate as to its meaning and scope. Notwithstanding these objections, and the aforementioned General Objections and Qualifications which are incorporated herein, and without waiving the same, Responding Party responds as follows:

    The only Person to whom Responding Party is aware of selling some Donated Products (based solely on weight) is Kamel Mroueh.

**INTERROGATORY NO. 4**

    State the dates on which You first and last sold, distributed, supplied or otherwise conveyed Donated Products to any Person (other than Plaintiffs).

**RESPONSE TO INTERROGATORY NO. 4**

    Responding Party objects to this interrogatory on the ground that it is so vague and ambiguous as to require Responding Party to speculate as to its meaning and scope. Notwithstanding these objections, and the aforementioned General Objections and Qualifications which are incorporated herein, and without waiving the same, Responding Party responds as follows:

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-I
COSTA MESA, CA 92626
(714) 444-3900

**First Set Of Interrogatories**

APP-0356

1   Responding Party is unaware of the precise date of sale of some Donated

2   Products to Kamel Mroueh, but believes it was sometime between early Spring 2015

3   – early Fall 2015.

4   **INTERROGATORY NO. 5**

5   Describe Your business relationship with each Person identified in Your

6   response to Interrogatory No. 3.

7   **RESPONSE TO INTERROGATORY NO. 5**

8   Responding Party objects to this interrogatory on the ground that it is so vague

9   and ambiguous as to require Responding Party to speculate as to its meaning and

10   scope. Notwithstanding these objections, and the aforementioned General Objections

11   and Qualifications which are incorporated herein, and without waiving the same,

12   Responding Party responds as follows:

13   Kamel Mroueh runs another recycling company that purchased credential and

14   other baled or loose clothing and shoes from Responding Party based on the weight

15   of such materials.

16   **INTERROGATORY NO. 6**

17   For each Person identified in Your response to Interrogatory No. 3, state the

18   volume (units, boxes and pallets) of Donated Products sold, distributed, supplied or

19   otherwise conveyed to such Person, and the total consideration You received from

20   such Person in exchange for Donated Products.

21   **RESPONSE TO INTERROGATORY NO. 6**

22   Responding Party objects to this interrogatory on the ground that it is so vague

23   and ambiguous as to require Responding Party to speculate as to its meaning and

24   scope. Notwithstanding these objections, and the aforementioned General Objections

25   and Qualifications which are incorporated herein, and without waiving the same,

26   Responding Party responds as follows:

27   Responding Party does not recall the precise amount of consideration received,

28

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

4

First Set Of Interrogatories

but believes that the price agreed was approximately the same as the existing market conditions for loose or baled credential material and shoes, which was approximately $0.50/pound at the time. Responding Party believes that Kamel Mroueh purchased approximately three trucks of credential and other baled or loose clothing and shoes that included (among other things) some Donated Product.

**INTERROGATORY NO. 7**

Identify all Persons who have personal knowledge Concerning any or all of the facts set forth in Your response to Interrogatory No. 6.

**RESPONSE TO INTERROGATORY NO. 7**

Responding Party objects to this interrogatory on the ground that it is so vague and ambiguous as to require Responding Party to speculate as to its meaning and scope. Notwithstanding these objections, and the aforementioned General Objections and Qualifications which are incorporated herein, and without waiving the same, Responding Party responds as follows:

Tod Kean, who can be contacted through counsel.

Steve Johnson, who can be contacted through counsel.

Kamel Mroueh, U.S. General Export, 1423 E. 58th Place, Los Angeles, CA 90001.

**INTERROGATORY NO. 8**

State the total volume of Donated Products You received.

**RESPONSE TO INTERROGATORY NO. 8**

Responding Party objects to this interrogatory on the ground that it is so vague and ambiguous as to require Responding Party to speculate as to its meaning and scope. Notwithstanding these objections, and the aforementioned General Objections and Qualifications which are incorporated herein, and without waiving the same, Responding Party responds as follows:

Responding Party does not know the total volume of Donated Products

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

5

1  Responding Party received.

2  **INTERROGATORY NO. 9**

3  State the total volume of Donated Products You processed into shoddy fiber.

4  **RESPONSE TO INTERROGATORY NO. 9**

5  Responding Party objects to this interrogatory on the ground that it is so vague

6  and ambiguous as to require Responding Party to speculate as to its meaning and

7  scope. Notwithstanding these objections, and the aforementioned General Objections

8  and Qualifications which are incorporated herein, and without waiving the same,

9  Responding Party responds as follows:

10  Responding Party does not know the total volume of Donated Products it

11  processed into shoddy fiber.

12  **INTERROGATORY NO. 10**

13  State the total volume of Donated Products You sold, distributed, supplied or

14  otherwise conveyed to any Person.

15  **RESPONSE TO INTERROGATORY NO. 10**

16  Responding Party objects to this interrogatory on the ground that it is so vague

17  and ambiguous as to require Responding Party to speculate as to its meaning and

18  scope. Notwithstanding these objections, and the aforementioned General Objections

19  and Qualifications which are incorporated herein, and without waiving the same,

20  Responding Party responds as follows:

21  Responding Party does not know the total volume of Donated Products it sold,

22  distributed, supplied or otherwise conveyed to any Person.

23  DATED: June 1, 2016          ROSS WERSCHING & WOLCOTT LLP

24

25

26  By: _____/s/ William C. O'Neill_____

27  WILLIAM C. O'NEILL
   Attorneys for Defendant

28  PHOENIX FIBERS, INC.

6

**First Set Of Interrogatories**

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE I-1
COSTA MESA, CA 92626
(714) 444-3900

APP-0359

## VERIFICATION

STATE OF CALIFORNIA    )
                              )    SS.

COUNTY OF ORANGE      )

I have read the foregoing *DEFENDANT PHOENIX FIBERS, INC.'S RESPONSES TO FIRST SET OF INTERROGATORIES FROM PLAINTIFF SWEET PEOPLE APPAREL, INC.* and know its contents.

I am the President of Phoenix Fibers, Inc. I am authorized to make this Verification for and on its behalf, and I make this Verification for that reason. I am informed and believe, and on that ground allege, that the matters stated in the document described above are true.

Executed on June 1, 2016 at Chandler, Arizona.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Tod Kean
Type or Print Name

Signature

WILLIAM C. O'NEILL / SBN 251071
ROSS WERSCHING & WOLCOTT LLP
Attorneys at Law
3151 Airway Avenue, Building S-1
Costa Mesa, California 92626
Telephone: (714) 444-3900
Facsimile: (714) 444-3901
WCO@RossLLP.com

Attorneys for Defendant
PHOENIX FIBERS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWEET PEOPLE APPAREL, INC. D/B/A MISS ME, a California corporation, and RCRV, INC. D/B/A ROCK REVIVAL, a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>PHOENIX FIBERS, INC., an Arizona corporation, SAC INTERNATIONAL TRADERS, INC., a California corporation, SHAUKAT ALI CHOHAN, an individual, COMAK TRADING, INC., a California corporation, LYDIA EVILSA TERRAZAS CHO, an individual, MYUNG KWON CHO, an individual, XYZ COMPANIES 1-10, and JOHN AND JANE DOES 1-10,<br><br>Defendants. | Case No.: 2:16-cv-00940-TJH(JCx)<br><br>Hon. Terry J. Hatter Jr.<br><br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

APP-0361

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE I-1
COSTA MESA, CA 92626
(714) 444-3900

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing documents: (1) **DEFENDANT PHOENIX FIBERS, INC.'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FROM PLAINTIFFS; (2) DEFENDANT PHOENIX FIBERS, INC.'S RESPONSES TO FIRST SET OF INTERROGATORIES FROM PLAINTIFF SWEET PEOPLE APPAREL, INC.; (3) DEFENDANT PHOENIX FIBERS, INC.'S RESPONSES TO FIRST SET OF INTERROGATORIES FROM PLAINTIFF RCRV, INC. D/B/A ROCK REVIVAL** was served upon the following attorneys of record for Plaintiffs by email (by agreement) this 2nd day of June, 2016:

John C. Ulin (john.ulin@aporter.com)

Eric D. Mason (eric.mason@aporter.com)

Louis S. Ederer (louis.ederer@aporter.com)

Matthew T. Salzmann (matthew.salzmann@aporter.com)

*Attorneys for Plaintiffs*

and by mail to the following attorneys:

Sagi Schwartzberg

Michael J. Luther

Schwartzberg / Luther, APC

8291 Utica Avenue, Suite 201

Rancho Cucamonga, CA 91730

*Attorneys for Defendant Comak Trading, Inc.*

1

**CERTIFICATE OF SERVICE**

1  DATED: June 2, 2016

ROSS WERSCHING & WOLCOTT LLP

By: _____ /s/ William C. O'Neill _____
WILLIAM C. O'NEILL
Attorneys for Defendant
PHOENIX FIBERS, INC.

ROSS WERSCHING & WOLCOTT LLP
ATTORNEYS AT LAW
3151 AIRWAY AVENUE, SUITE-1
COSTA MESA, CA 92626
(714) 444-3900

2

**CERTIFICATE OF SERVICE**

APP-0363

# EXHIBIT LL

07/19/2011  11:25   7344686219                SMALLBIZ                AZ Corp. Commission

                                                                      03550945

AZ CORPORATION COMMISSION
    FILED

JUL 0 1 2011
FILE NO. 1691209-8              ARTICLES OF INCORPORATION            AZ CORPORATION COMMISSION
                                          OF                                 FILED

                               PHOENIX FIBERS INC                    JUL 1 9 2011

                                                                    FILE NO. 1691209-8

1. **Name.** The name of the Corporation is
   PHOENIX FIBERS INC

2. **Initial Business.** The Corporation initially intends to conduct the business of:
   CLOTHING RECYCLER

3. **Authorized Capital.** The Corporation shall have authority to issue 1000
   shares of Common Stock.

4. **Known Place of Business (in Arizona).** The street address of the known place of
   business of the Corporation is:
   400 E RAY RD, CHANDLER, AZ 85225

5. **Statutory Agent (in Arizona).** The name and address of the statutory agent of the
   Corporation is: TRACY COBB CPA
   1553 W TODD DR, #206        TEMPE     AZ  85283

6. **Board of Directors.** The initial board of directors shall consist of 3 director(s).
   The name(s) and address(es) of the person(s) who is(are) to serve as the director(s)
   until the first annual meeting of shareholders or until his/her(their) successor(s)
   is(are) elected and qualifies is(are):

   TOD KEAN              400 E RAY RD, CHANDLER, AZ 85225
   JIM KEAN              400 E RAY RD, CHANDLER, AZ 85225
   MIKE KEAN             400 E RAY RD, CHANDLER, AZ 85225

   The number of persons to serve on the board of directors thereafter shall be fixed
   by the Bylaws.

7. **Incorporator.** The name and address of the incorporator is:
   Karen Sens           PO Box 13092 Tucson, AZ 85732

   All powers, duties and responsibilities of the incorporator shall cease at the time of
   delivery of these Articles of Incorporation to the Arizona Corporation Commission.

AZ CORPORATION COMMISSION
    FILED

   JUL 1 9 2011
FILE NO. 1691208-9

EXHIBIT 15
WIT: Kean
DATE: 9/13/16
Charlotte Lacey, RPR 50859

APP-0364

8.    Indemnification of Officers, Directors, Employees and Agents.  The Corporation shall indemnify any person who incurs expenses or liabilities by reason of the fact he or she is or was an officer, director, employee or agent of the Corporation or is or was serving at the request of the Corporation as a director, officer, employee or agent of another Corporation, partnership, joint venture, trust or other enterprise. This indemnification shall be mandatory in all circumstances in which indemnification is permitted by law.

9.    Limitation of Liability.  To the fullest extent permitted by the Arizona Revised Statutes, as the same exists or may hereafter be amended, a director of the Corporation shall not be liable to the Corporation or its stockholders for monetary damages for any action taken or any failure to take any action as a director.  No repeal, amendment or modification of this article, whether direct or indirect, shall eliminate or reduce its effect with respect to any act or omission of a director of the Corporation occurring prior to such repeal, amendment or modification.

EXECUTED this 29th  day of     June      , 2011  by the incorporator.

Signed: _____          Phone  (520) 881-3989

Print Name:  Karen Sims _____          FAX   (734) 468-6219

Acceptance of Appointment By Statutory Agent

The undersigned hereby acknowledges and accepts the appointment as statutory agent of the above-named corporation effective this 29th  day of     June      , 2011 .

Signed: _____

Print Name:  TRACY COBB CPA

CF:0043  Rev. 06/2010

07/19/2011  11:26   7344585219            SMALLBIZ              PAGE  05/05

PROФIT
CERTIFICATE OF DISCLOSURE
Pursuant to A.R.S. §10-202. (D).

PHOENIX FIBERS INC
EXACT CORPORATE NAME

A. Has any person serving either by election or appointment as officer, director, trustee, incorporator and persons controlling or holding over 10% of the issued and outstanding common shares or 10% of any other proprietary, beneficial or membership interest in the corporation:

1. Been convicted of a felony involving a transaction in securities, consumer fraud or antitrust in any state or federal jurisdiction within the seven-year period immediately preceding the execution of this Certificate?

2. Been convicted of a felony, the essential elements of which consisted of fraud, misrepresentation, theft by false pretenses, or restraint of trade or monopoly in any state or federal jurisdiction within the seven-year period immediately preceding the execution of this Certificate?

3. Been or are subject to an injunction, judgment, decree or permanent order of any state or federal court entered within the seven-year period immediately preceding the execution of this Certificate wherein such injunction, judgment, decree or permanent order:
(a) Involved the violation of fraud or registration provisions of the securities laws of that jurisdiction; or
(b) Involved the violation of the consumer fraud laws of that jurisdiction; or
(c) Involved the violation of the antitrust or restraint of trade laws of that jurisdiction?

Yes _____  No __✓__

B. IF YES, the following information MUST be attached:

1. Full name, prior name(s) and aliases, if used.
2. Full birth name.
3. Present home address.
4. Prior addresses (for immediate preceding 7-year period).
5. Date and location of birth.

6. The nature and description of each conviction or judicial action, date and location, the court and public agency involved and file or cause number of case.

C. Has any person serving as an officer, director, trustee, incorporator or holder of over twenty per cent of the issued and outstanding common shares or twenty per cent of any other proprietary, beneficial or membership interest in the corporation served in any such capacity or held a twenty per cent interest in any other corporation in any jurisdiction on the bankruptcy or receivership of the other corporation?

Yes _____  No __✓__

IF YOUR ANSWER TO THE ABOVE QUESTION IS "YES", YOU MUST ATTACH THE FOLLOWING INFORMATION FOR EACH CORPORATION:

1. Name and address of the corporation.
2. Full name (including aliases) and address of each person involved.
3. State(s) in which the corporation:
(a) Was incorporated.
(b) Has transacted business.

4. Dates of corporate operation.
5. Date and case Number of bankruptcy or receivership.

Under penalties of law, the undersigned incorporator(s)/officer(s) declare(s) that I(we) have examined this Certificate, including any attachments, and to the best of my(our) knowledge and belief it is true, correct and complete, and I hereby declare as indicated above. THE SIGNATURE(S) MUST BE DATED WITHIN THIRTY (30) DAYS OF THE DELIVERY DATE.

BY  _Karen Sena_____    BY  _____

PRINT NAME _Karen Sena_____    PRINT NAME _____

TITLE _Incorporator___  DATE _06/29/2011___  TITLE _____  DATE _____

DOMESTIC CORPORATIONS: ALL INCORPORATORS MUST SIGN THE INITIAL CERTIFICATE OF DISCLOSURE. If within sixty days, any person becomes an officer, director, trustee or person controlling or holding over 10% of the issued and outstanding shares or 10% of any other proprietary, beneficial or membership interest in the corporation and the person was not included in this disclosure, the corporation must file an AMENDED certificate signed by at least one duly authorized officer of the corporation.

FOREIGN CORPORATIONS: MUST BE SIGNED BY AT LEAST ONE DULY AUTHORIZED OFFICER OF THE CORPORATION.

CF: C02Z – Business Corporations
Rev. 08/2009

Arizona Corporation Commission
Corporations Division

Search Date and Time:
**9/8/2016 8:13:53 AM**

File Number:
**16912098**

Corporation Name:
**PHOENIX FIBERS INC**



Annual Report Email Reminders

eFile Annual Report

Print Annual Report Form

Collapse | Expand

| File Number | 16912098 |
| --- | --- |
| Corporation Name | PHOENIX FIBERS INC |
| Standing | Check Corporate Status |

400 E RAY RD
CHANDLER, AZ 85225

**Agent Name:** TOD KEAN

**Agent Mailing/Physical Address:**
400 E RAY RD
CHANDLER, AZ 85225

Agent Status: APPOINTED 11/14/2012

Agent Last Updated: 11/26/2012

Entity Type: BUSINESS

Business Type: CLOTHING RECYCLER

Incorporation Date: 7/1/2011

Corporation Life Period: PERPETUAL

Domicile: ARIZONA

County: MARICOPA

Approval Date: 7/21/2011

Original Publish Date: 8/10/2011

| | |
|---|---|
| Name | TOD KEAN |
| Title | PRESIDENT/CEO |
| Address | 400 E RAY RD<br>CHANDLER, AZ 85225 |
| Date of Taking Office | 01/01/2011 |
| Last Updated | 05/18/2016 |

| | |
|---|---|
| Name | MIKE KEAN |
| Title | DIRECTOR |
| Address | 400 E RAY RD<br>CHANDLER, AZ 85225 |
| Date of Taking Office | 01/01/2011 |
| Last Updated | 05/18/2016 |

| Name | JIM KEAN |
| --- | --- |
| Title | DIRECTOR |
| Address | 400 E RAY RD<br>CHANDLER, AZ 85225 |
| Date of Taking Office | 01/01/2011 |
| Last Updated | 05/18/2016 |
| Name | TOD KEAN |
| Title | DIRECTOR |
| Address | 400 E RAY RD<br>CHANDLER, AZ 85225 |
| Date of Taking Office | 01/01/2011 |
| Last Updated | 05/18/2016 |

Next Annual Report Due: 7/1/2017

| File Year | 2016 |
| --- | --- |
| File Month | 7 |
| Date Received | 5/16/2016 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2015 |
| File Month | 7 |
| Date Received | 10/8/2015 |
| Reason Returned | |
| Date Returned | |
| Extension | |

| | |
|---|---|
| File Year | 2014 |
| File Month | 7 |
| Date Received | 6/27/2014 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2013 |
| File Month | 7 |
| Date Received | 6/19/2013 |
| Reason Returned | |
| Date Returned | |
| Extension | |
| File Year | 2012 |
| File Month | 7 |
| Date Received | 11/14/2012 |
| Reason Returned | |
| Date Returned | |
| Extension | |

Click Here to eFile an Annual Report Online

Click on a gold button below to view a document. If the button is gray, the document is not yet available. Please check back again later.

| | |
|---|---|
| Document Number | 05519810 |
| Description | 16 ANNUAL REPORT |
| Date Received | 5/16/2016 |

Document Number

05262944

Description                15 ANNUAL REPORT

Date Received              10/8/2015

Document Number

04728684

Description                14 ANNUAL REPORT

Date Received              6/27/2014

Document Number

04325613

Description                13 ANNUAL REPORT

Date Received              6/19/2013

Document Number

04061223

Description                12 ANNUAL REPORT

Date Received              11/14/2012

Document Number

03581764

Description                PUB OF ARTICLES

Date Received              8/10/2011

Document Number

03550945

Description                ARTICLES

Date Received              7/19/2011

---

Date                       10/5/2015

Reason                     DELINQUENT ANNUAL REPORT

Date                       10/4/2012

Reason                     DELINQUENT ANNUAL REPORT

| Location | Entered | Description |
|---|---|---|
| 32267100046 | 7/19/2011 | ARTICLES |
| 32279003020 | 8/10/2011 | PUB OF ARTICLES |

Print Details

Privacy Policy (http://www.azcc.gov/Divisions/Administration/Privacy.asp) | Contact Us
(http://www.azcc.gov/divisions/corporations/contact-us.asp)

EXHIBIT  MM



**NEW ARRIVAL**

### FLOWER PLAY CUFFED SKINNY JEANS

**$109.50**



**NEW ARRIVAL**

### DARKEST HOUR MID RISE SKINNY JEANS

**$99.50**



**NEW ARRIVAL**

### NEW FLAME MID RISE SKINNY JEANS

**$99.50**



**NEW ARRIVAL**

### FEVER STITCH SUPER SKINNY JEANS

**$99.50**



**NEW ARRIVAL**

**GREEN WITH ENVY MID
RISE SKINNY JEANS**

**$99.50**



**NEW ARRIVAL**

**FOXY FEATHER MID RISE
BOOT CUT JEANS**

**$99.50**



**NEW ARRIVAL**

**WINE NOT MID-RISE
SKINNY JEANS**

**$89.50**



**NEW ARRIVAL**

**IN THE MIX SKINNY JEANS**

**$99.50**





**DON'T CROSS ME MID-RISE
SKINNY JEANS**

$99.50

**BLUE MOON MIDRISE
SKINNY JEANS**

$99.50



**ANGEL CITY MID-RISE
SKINNY JEANS**

**$109.50**



**RUNNING WILD MID-RISE
SLIM BOOT CUT JEANS**

**$99.50**



**NEW ARRIVAL**

**PATCH WORK MID-RISE SKINNY JEANS**

**$99.50**



**NEW ARRIVAL**

**TOO BAD FLARE JEANS**

**$109.50**



**NEW ARRIVAL**

**HIDDEN CHARM MID-RISE
CUFFED SKINNY JEANS**

**$99.50**



**NEW ARRIVAL**

**DOUBLE CROSS BOOT CUT
JEANS**

**$99.50**

APP-0379



**DEEP FEELINGS MIDRISE BOOT CUT JEANS**

$89.50



**SILVER MOONSTONE MID-RISE SKINNY JEANS**

$99.50



NEXT PAGE

1  2  3  ...  6

| Customer Care | My Account |
|---|---|
| (877) 600-7351 | Order Status |
| help@missme.com | FAQs |
| 9 - 4:30 PM PST | Shipping Information |
| Monday - Friday | Return Policy |

 

Be the first to find out what's shiny and new by signing up!

Enter Email Address ✉

# EXHIBIT  NN





JEANS

Boot Cut
Alternative Straight
Straight Leg
Basics

1 2 3 4 5 6 Next »

Sort by:  Newest Items ▼






**STEVEN A82 ALT STRAIGHT CUT JEAN**
**$179.00**

**BEN K45 BIKER JEAN**
**$199.00**

**GEO K8 BIKER JEAN**
**$199.00**

**CHATWIN J201 STRAIGHT CUT JEAN**
**$169.00**






APP-0383

**ELBER J200 STRAIGHT CUT JEAN**
$179.00

**STEVEN A83 ALT STRAIGHT CUT JEAN**
$189.00

**STEVEN A208 ALT STRAIGHT CUT JEAN**
$159.00

**TOMSHI A204 ALT STRAIGHT CUT JEAN**
$189.00






**BENEY A202 ALT STRAIGHT CUT JEAN**
$174.00

**ECE A202 ALT STRAIGHT CUT JEAN**
$179.00

**DALY J401 STRAIGHT CUT JEAN**
$174.00

**OLEN J206 STRAIGHT CUT JEAN**
$169.00






**JACK K30 BIKER JEAN**
**$189.00**

**BAILLE J202 STRAIGHT CUT JEAN**
**$174.00**

**BONAKK J402 STRAIGHT CUT JEAN**
**$179.00**

**TRIPP B203 BOOT CUT JEAN**
**$169.00**

   

JACK A32 ALT STRAIGHT CUT JEAN
$189.00

STEVEN A207 ALT STRAIGHT CUT JEAN
$189.00

VIETIA A204 ALT STRAIGHT CUT JEAN
$174.00

ADAIN A202 ALT STRAIGHT CUT JEAN
$189.00

1 2 3 4 5 6 Next »

ABOUT US | CONTACT | SHIPPING & RETURNS | FAQ | STORE LOCATOR | LOOKBOOKS

-Select a Page- ▼

Rock Revival





New Arrivals
Jeans
Shorts
View All

1 2 3 4 5 6 Next »

Sort by:  Newest Items ▾

APP-0387  1/5






AALA SM200 MID RISE SKINNY CUT JEAN
**$159.00**

BARBILA S208 SKINNY CUT JEAN
**$174.00**

JONI J204 STRAIGHT CUT JEAN
**$179.00**

CELINE S204 SKINNY CUT JEAN
**$179.00**






### ENA B204 BOOT CUT JEAN
**$174.00**

### DILETTA B BOOT CUT JEAN
**$174.00**

### MAAJE J209 STRAIGHT CUT JEAN
**$179.00**

### ENA S25 SKINNY CUT JEAN
**$169.00**

   

### JULIETA S204 SKINNY CUT JEAN
**$169.00**

### COE S206 SKINNY CUT JEAN
**$174.00**

### BARBY SM401 MID RISE SKINNY CUT JEAN
**$159.00**

### MICA B202 BOOT CUT JEAN
**$174.00**









**LANLAN B209 BOOT CUT JEAN**
**$174.00**

**STEPHANI B BOOT CUT JEAN**
**$179.00**

**POLLARD B200 BOOT CUT JEAN**
**$164.00**

**ENA J26 STRAIGHT CUT JEAN**
**$174.00**

APP-0390









**ANAIS S10 SKINNY CUT JEAN**
$169.00

**MARE S202 SKINNY CUT JEAN**
$174.00

**LANLAN B208 BOOT CUT JEAN**
$174.00

**KAILYN B210 BOOT CUT JEAN**
$174.00

**1** 2 3 4 5 6 Next »

ABOUT US | CONTACT | SHIPPING & RETURNS | FAQ | STORE LOCATOR | LOOKBOOKS

.    .    .    .    .

-Select a Page- ▼

Rock Revival