JOHN C. ULIN (State Bar No. 165524)
John.Ulin@apks.com
ERIC D. MASON (State Bar No. 259233)
Eric.Mason@apks.com
LOUIS S. EDERER (*Pro Hac Vice*)
Louis.Ederer@apks.com
MATTHEW T. SALZMANN (*Pro Hac Vice*)
Matthew.Salzmann@apks.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000; Facsimile: (213) 243-4199

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SWEET PEOPLE APPAREL, INC. d/b/a MISS ME, a California corporation, and RCRV, INC. d/b/a ROCK REVIVAL, a California corporation,<br><br>                Plaintiffs,<br><br>        v.<br><br>PHOENIX FIBERS, INC., an Arizona corporation, U.S. GENERAL EXPORT, INC., a California corporation, SAC INTERNATIONAL TRADERS, INC., a California corporation, SHAUKAT ALI CHOHAN, an individual, COMAK TRADING, INC., a California corporation, LYDIA EVILSA TERRAZAS CHO, an individual, MYUNG KWON CHO, an individual, TIFFANY ALANA WOLFF, an individual d/b/a MISS V LANE, XYZ COMPANIES 1-10, and JOHN AND JANE DOES 1-10,<br><br>                Defendants. | Case No.:  2:16-cv-00940-TJH-JC<br><br>Hon. Terry J. Hatter Jr.<br><br>**DECLARATION OF MATTHEW T. SALZMANN IN OPPOSITION TO DEFENDANT PHOENIX FIBERS, INC.'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date: January 30, 2017<br><br>Hearing Time: Under submission<br><br>Place of Hearing: Courtroom 9B<br>                         First Street<br>                         Courthouse |

I, Matthew T. Salzmann, declare as follows:

1. I am a partner with the law firm of Arnold & Porter Kaye Scholer LLP, counsel for record for plaintiffs Sweet People Apparel, Inc. d/b/a Miss Me, and RCRV, Inc. d/b/a Rock Revival (collectively "Plaintiffs"). Unless otherwise stated, I have personal knowledge of the facts set forth below and, if called as a witness, could and would competently testify thereto.

2. I respectfully submit this declaration in support of Plaintiffs' opposition to defendant Phoenix Fibers, Inc. ("Phoenix Fibers")'s Motion for Summary Judgment Or, In the Alternative, Partial Summary Judgment.

3. Attached hereto as **Exhibit A** is a true and correct copy of excerpts from the transcript of the deposition of Kelly Marie Quinn, taken on September 12, 2016.

4. Attached hereto as **Exhibit B** is a true and correct copy of excerpts from the transcript of the deposition of Steven Johnson, taken on September 12, 2016.

5. Attached hereto as **Exhibit C** is a true and correct copy of excerpts from the transcript of the deposition of Tod Kean, taken on September 13, 2016.

6. Attached hereto as **Exhibit D** is a true and correct copy of excerpts from the transcript of the deposition of Lilly Kim, taken on October 12, 2016.

7. Attached hereto as **Exhibit E** is a true and correct copy of excerpts from the transcript of the deposition of Felipe Salgado, taken on October 13, 2016.

8. Attached hereto as **Exhibit F** is a true and correct copy of excerpts from the transcript of the deposition of Lisa Song, taken on November 4, 2016.

9. Attached hereto as **Exhibit G** is a true and correct copy of excerpts from the transcript of the deposition of Tiffany Alana Wolff, taken on December 9, 2016.

10. Attached hereto as **Exhibit H** is a true and correct copy of Plaintiffs' Complaint, filed on February 10, 2016 (Dkt. 1) (Deposition Ex. 26).

11. Attached hereto as **Exhibit I** is a true and correct copy of Phoenix Fibers' Answer to Plaintiffs' Complaint, filed on March 29, 2016 (Dkt. 22).

12. Attached hereto as **Exhibit J** is a true and correct copy of Plaintiffs' First Amended Complaint, filed on May 18, 2016 (Dkt. 32).

13. Attached hereto as **Exhibit K** is a true and correct copy of an email chain involving Eric Choi (Sweet People / RCRV), Lilly Kim (Sweet People / RCRV) and Lisa Song (Sweet People / RCRV), dated November 1, 2011 (SP/RCRV000065–66) (Deposition Ex. 30).

14. Attached hereto as **Exhibit L** is a true and correct copy of an email chain involving Jerry Weston (Bonded Logic, Inc.), Lisa Song (Sweet People / RCRV) and Matt Graham (Phoenix Fibers), dated November 3, 2011 (SP/RCRV005530–5531) (Deposition Ex. 67).

15. Attached hereto as **Exhibit M** is a true and correct copy of an email chain involving Jerry Weston (Bonded Logic, Inc.), Lisa Song (Sweet People / RCRV) and Steve Kim (Sweet People / RCRV), dated November 3, 2011 (SP/RCRV005532–5533) (Deposition Ex. 66).

16. Attached hereto as **Exhibit N** is a true and correct copy of an email chain involving Matt Graham (Phoenix Fibers), Lisa Song (Sweet People / RCRV) and Steve Kim (Sweet People / RCRV), dated November 4, 2011 (SP/RCRV005538–5539) (Deposition Ex. 68).

17. Attached hereto as **Exhibit O** is a true and correct copy of an email chain involving Matt Graham (Phoenix Fibers), Lisa Song (Sweet People / RCRV) and Steve Kim (Sweet People / RCRV), dated November 4–7, 2011 (SP/RCRV005542–5543) (Deposition Ex. 71).

18. Attached hereto as **Exhibit P** is a true and correct copy of an email from Matt Graham (Phoenix Fibers) to Lisa Song (Sweet People / RCRV), dated November 15, 2011 (SP/RCRV005545).

19. Attached hereto as **Exhibit Q** is a true and correct copy of an email chain involving Matt Graham (Phoenix Fibers), Lisa Song (Sweet People / RCRV),

Steve Kim (Sweet People / RCRV) and others, dated November 18–22, 2011 (SP/RCRV005570).

20. Attached hereto as **Exhibit R** is a true and correct copy of an email chain involving Matt Graham (Phoenix Fibers), Lisa Song (Sweet People / RCRV) and Soohan Kim (Sweet People / RCRV), dated December 5, 2011 (SP/RCRV005583–5584).

21. Attached hereto as **Exhibit S** is a true and correct copy of an email from Matt Graham (Phoenix Fibers) to Lisa Song (Sweet People / RCRV), dated January 27, 2012 (SP/RCRV005617).

22. Attached hereto as **Exhibit T** is a true and correct copy of an email from Lisa Song (Sweet People / RCRV) to Matt Graham (Phoenix Fibers), Chris Graham (CH Robinson) and YongChul Kim (Sweet People / RCRV), dated March 8, 2012 (SP/RCRV005624).

23. Attached hereto as **Exhibit U** is a true and correct copy of an email chain involving Matt Graham (Phoenix Fibers) and Lisa Song (Sweet People / RCRV), dated March 8, 2012 (SP/RCRV005628).

24. Attached hereto as **Exhibit V** is a true and correct copy of an email from Matt Graham (Phoenix Fibers) to Lisa Song (Sweet People / RCRV), dated March 8, 2012 (SP/RCRV005629).

25. Attached hereto as **Exhibit W** is a true and correct photograph of a display case containing a sample of insulation that Phoenix Fibers provided to Plaintiffs in or around March 2012 (SP/RCRV000072).

26. Attached hereto as **Exhibit X** is a true and correct copy of emails exchanged between Matt Graham (Phoenix Fibers), Lisa Song (Sweet People / RCRV) and others, dated March 27, 2012 (SP/RCRV005630-5639).

27. Attached hereto as **Exhibit Y** is a true and correct copy of an email from Matt Graham (Phoenix Fibers) to Lisa Song (Sweet People / RCRV), dated April 9, 2012 (SP/RCRV005640).

28. Attached hereto as **Exhibit Z** is a true and correct copy of an email chain involving Felipe Salgado (RCRV), Steven Johnson (Phoenix Fibers), Brenda Macon (Phoenix Fibers) and Vanessa Santana (CH Robinson), dated September 11–24, 2015 (SP/RCRV001006–1009).

29. Attached hereto as **Exhibit AA** is a true and correct copy of "Packing Lists" and "Bills of Lading" relating to Phoenix Fibers' sale of Plaintiffs' donated products to U.S. General Export, Inc., dated May 21, 2015 through November 10, 2015 (US GEN EXPORT 000001–27) (Deposition Ex. 2).

30. Attached hereto as **Exhibit BB** is a true and correct copy of "Invoices" issued by U.S. General Export, Inc. to SAC International Traders, Inc. relating to the sale of Plaintiffs' donated products, dated January 27, 2015 through September 29, 2015 (US GEN EXPORT 000028–33).

31. Attached hereto as **Exhibit CC** is a true and correct copy of an email from Aleisha Stevens to Rock Revival Customer Care, dated December 3, 2015 (SP/RCRV001366-1367) (Deposition Ex. 31).

32. Attached hereto as **Exhibit DD** is a true and correct copy of an email from Bahram Reihan to Revival Customer Care, dated December 4, 2015 (SP/RCRV005756-5757) (Deposition Ex. 32).

33. Attached hereto as **Exhibit EE** is a true and correct copy of an email from Lilly Kim (Sweet People / RCRV) to Tod Kean (Phoenix Fibers), dated October 27, 2015 (PHX000005) (Deposition Ex. 10).

34. Attached hereto as **Exhibit FF** is a true and correct copy of a letter from Louis S. Ederer, Esq. (Arnold & Porter LLP) to Tod Kean (Phoenix Fibers), dated November 17, 2015 (PHX001040–1041) (Deposition Ex. 11).

35. Attached hereto as **Exhibit GG** is a true and correct copy of a letter from Charles W. Wirken, Esq. (Gust & Rosenfeld) to Louis S. Ederer, Esq. (Arnold & Porter LLP), dated December 3, 2015 (PHX001042–001043) (Deposition Ex. 12).

36. Attached hereto as **Exhibit HH** is a true and correct copy of a letter from Louis S. Ederer, Esq. (Arnold & Porter LLP) to Charles W. Wirken, Esq. (Gust & Rosenfeld), dated December 7, 2015 (SP/RCRV000055).

37. Attached hereto as **Exhibit II** is a true and correct copy of an email chain involving Louis S. Ederer, Esq. (Arnold & Porter LLP), Charles W. Wirken, Esq. (Gust & Rosenfeld) and Tod Kean (Phoenix Fibers), dated December 7–8, 2015 (SP/RCRV000056–60).

38. Attached hereto as **Exhibit JJ** is a true and correct copy of an article titled "*Shredding Clothing Nets Big Rewards for Phoenix Fibers*" (SP/RCRV003081–3082).

39. Attached hereto as **Exhibit KK** is a true and correct copy of an article titled "*Chandler firm grows; recycles denim material into insulation*" (SP/RCRV000032–33).

40. Attached hereto as **Exhibit LL** is a true and correct copy of an article titled "*Green Chandler company looks to bask in solar savings*" (SP/RCRV000039–40).

41. Attached hereto as **Exhibit MM** is a true and correct copy of an article titled "*Chandler company turns worn-out blue jeans into insulation, more*" (SP/RCRV000041–43).

42. Attached hereto as **Exhibit NN** are true and correct copies of printouts from the "Wayback Machine" (https://archive.org/web/) showing the first screen capture of the phxfibers.com website from September 13, 2012.

43. Attached hereto as **Exhibit OO** is a true and correct copy of Phoenix Fibers' Initial Disclosures, served on May 13, 2016 (Deposition Ex. 3).

44. Attached hereto as **Exhibit PP** is a true and correct copy of Phoenix Fibers' Response To First Set of Interrogatories From Plaintiff Sweet People Apparel, Inc., served on June 2, 2016 (Deposition Ex. 8).

45. Attached hereto as **Exhibit QQ** is a true and correct copy of Plaintiff Sweet People Apparel, Inc.'s First Set of Interrogatories Directed To Defendant Tiffany Alana Wolff, served on August 1, 2016.

46. Attached hereto as **Exhibit RR** is a true and correct copy of Defendant Tiffany Alana Wolff d/b/a Miss V Lane's Responses to First Set of Interrogatories Propounded by Sweet People Apparel, Inc. d/b/a MISS ME, served on September 23, 2016.

47. Plaintiffs filed their First Amended Complaint in this action to add claims against U.S. General Export, Inc. ("U.S. General") and Tiffany Alana Wolff d/b/a Miss V Lane ("Wolff") on May 18, 2016. Dkt. 32. U.S. General filed its Answer on June 29, 2016. Dkt. 46. Fact discovery in this action is scheduled to close on March 13, 2017. Dkt. 80.

48. Plaintiffs have diligently attempted to schedule the deposition of U.S. General since September 2016. I first contacted its counsel, Eugene Alkana, on September 16, 2016, to inquire about scheduling the deposition of U.S. General's President Kamel Mroueh. That same day, Mr. Alkana advised that he believed that Mr. Mroueh "currently resides in the Congo," that he would "talk to him about his travel plans" and would provide me with an update during the week of September 26, 2016.

49. I thereafter followed up with Mr. Alkana on September 26, to again inquire as to Mr. Mroueh's availability, further stating: "To the extent Mr. Mroueh will not be returning to the U.S., we would like to depose Ms. [Nellie] Sanchez. Also we would like to depose an appropriate corporate representative(s) to address the topics set forth in the attached draft Rule 30(b)(6) notice. We will serve formal notices once we are able to work out dates."

50. In response, on September 29, 2016, Mr. Alkana advised that Mr. Mroueh "will not return to the U.S. [until] June 2017," and offered to explore the possibility of conducting a video deposition of Mr. Mroueh from the Congo. After

7

exploring this possibility, it was determined to be unfeasible, and on October 5, 2016, I sent an email to Mr. Alkana advising him of the same, and reiterating our position that Plaintiffs "are entitled to depose a knowledgeable corporate representative of U.S. General (whether it is Mr. Mroueh or someone else) in California where U.S. General is registered to do business and maintains its principal place of business." Attached hereto as **Exhibit SS** is a true and correct copy of my email correspondence with Mr. Alkana.

51. That same day (October 5, 2016), I served Plaintiffs' Rule 30(b)(6) notice of deposition on U.S. General, calling for the deposition to take place on October 28, 2016. Attached hereto as **Exhibit TT** are true and correct copies of Plaintiffs' Notice of Rule 30(b)(6) Deposition of Defendant U.S. General and my October 5, 2016 email to all counsel or record regarding the same.

52. Thereafter, on October 14, 2016, U.S. General served Objections and Designations in response to Plaintiffs' Rule 30(b)(6) deposition notice, identifying Ms. Sanchez as U.S. General's corporate representative, and indicating that "[t]he date currently set for deposition is not acceptable as counsel for U.S. General is not available on that date," yet offering no alternative dates.

53. On November 14, 2016, I sent an email to Mr. Alkana requesting that he provide "Ms. Sanchez's availability for deposition during the week of December 5." Having received no response from Mr. Alkana, I sent him another email on November 23, 2016, again requesting that he advise of Ms. Sanchez's availability for deposition during the week of December 5, 2016. That same day, Mr. Alkana responded, stating only: "I will inquire." Again, having not received a further response from Mr. Alkana, I sent him another email on December 7, 2016 inquiring as to Ms. Sanchez's availability. Mr. Alkana responded the same day, stating "I will get dates for Ms. Sanchez and report to [you] on Monday." However, Mr. Alkana has yet to propose any dates for Ms. Sanchez's deposition. Attached hereto as **Exhibit UU** is a true and correct copy my email chain with Mr. Alkana.

54. Accordingly, despite Plaintiffs' diligent efforts to schedule the Rule 30(b)(6) deposition of U.S. General, the party that most immediately purchased Plaintiffs' Donated Products from Phoenix Fibers—and therefore the party in the best position to testify as to the representations made by Phoenix Fibers about such products—Plaintiffs have not yet been able to complete that important discovery.

55. Steve Johnson, Phoenix Fibers' Plant Manager, has submitted a declaration in support of Phoenix Fibers' motion wherein he characterizes the nature of U.S. General's business (Johnson Decl. ¶8), his communications with Mr. Mroueh (Johnson Decl. ¶¶10-12), and Phoenix Fibers' sale of MISS ME and ROCK REVIVAL products to U.S. General (Johnson Decl. ¶¶9, 13-16). Due to the foregoing, Plaintiffs have not had the opportunity to inquire of a U.S. General representative as to the veracity of those characterizations.

56. Defendant Shaukat Ali Chohan, the owner of Defendant SAC International Traders, Inc.—a party that purchased approximately 60,000 units of MISS ME and ROCK REVIVAL products from Phoenix Fibers' direct customer U.S. General—left the United States in or around January or February 2016.

57. The Clerk entered a default against Mr. Chohan in this case on March 28, 2016. (Dkt. 21).

58. Mr. Chohan operated his business in close partnership with Defendants Lydia Evilsa Terrazas Cho and Comak Trading, Inc., and collectively they engaged in the resale of MISS ME and ROCK REVIVAL products that SAC International Traders purchased from U.S. General.

59. Although the two individuals most directly involved in the distribution of MISS ME and ROCK REVIVAL products sold by Phoenix Fibers—Mr. Mroueh (U.S. General) and Mr. Chohan (SAC International Traders)—left the United States shortly following the commencement of this action, Ms. Cho, Mr. Chohan's associate from Comak Trading, remains in California.

60. I served Plaintiffs' notice of deposition on Defendant Lydia Cho on November 14, 2016, calling for the deposition to take place in December 9, 2016. Thereafter, on November 30, 2016, I sent an email to Ms. Cho requesting that she confirm her availability for deposition on December 9, 2016 as noticed. Having received no response from Ms. Cho, I sent an email to Ms. Cho and all counsel of record adjourning her deposition. Attached hereto as **Exhibit VV** is a true and correct copy of my above-referenced correspondence.

61. Thereafter, on December 6, 2016, I received a call from a representative of Ms. Cho, stating that she was in the process of attempting to retain new counsel for purposes of her deposition, and requesting that her deposition be further adjourned until January 2017.

62. The depositions of U.S. General and Ms. Cho will help provide the complete picture as to the nature and scope of Phoenix Fibers' relationship with U.S. General and Comak Trading, and other defendants down the chain, which is essential to the question of whether Defendants are joint tortfeasors. In addition, this long-awaited discovery will provide important information about the manner in which Plaintiffs' second-quality goods were and are being improperly distributed, including how Phoenix Fibers presented them to U.S. General.

1    I declare under the penalty of perjury under the laws of the United States of
2    America that the foregoing is true and correct.
3    Executed this 9th day of January 2017 at New York, New York.
4
5                                  /s/ *Matthew T. Salzmann*
6                                  MATTHEW T. SALZMANN