JOHN C. ULIN (State Bar No. 165524)
John.Ulin@apks.com
ERIC D. MASON (State Bar No. 259233)
Eric.Mason@apks.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Tel.: (213) 243-4000; Fax: (213) 243-4199

LOUIS S. EDERER (*Pro Hac Vice*)
Louis.Ederer@apks.com
MATTHEW T. SALZMANN (*Pro Hac Vice*)
Matthew.Salzmann@apks.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019
Tel.: (212) 836-8000; Fax: (212) 836-8689

*Attorneys For Plaintiff*
*Sweet People Apparel, Inc. d/b/a/ Miss Me and*
*RCRV, Inc. d/b/a Rock Revival*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SWEET PEOPLE APPAREL, INC. d/b/a/ MISS ME, et al., <br><br> Plaintiffs, <br> v. <br><br> PHOENIX FIBERS, INC., et al., <br><br> Defendants. | Case No.: 2:16-cv-00940-TJH-JC <br><br> Hon. Terry J. Hatter Jr. <br><br> **NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT COMAK TRADING INC.'S ANSWER AND TO ENTER DEFAULT** <br><br> Date:     March 27, 2017 <br> Time:    UNDER SUBMISSION <br> Courtroom: 9B <br><br> Case Filed:  February 10, 2016 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 27, 2017, or as soon thereafter as the matter may be taken under submission by the Honorable Terry J. Hatter Jr., located at 350 W. 1st Street, Courtroom #9B, 9th Floor, Los Angeles, California 90012, Plaintiffs Sweet People Apparel, Inc. d/b/a/ Miss Me and RCRV, Inc. d/b/a Rock Revival ("Sweet People") will and hereby do move the Court, pursuant to Central District Local Rules 83-2.2.2, 83-2.2.4, and Federal Rule of Civil Procedure 55(a), to strike Defendant Comak Trading Inc.'s ("Comak") Answer (Dkt. No. 27) and to enter Comak's default.

On December 5, 2016, this Court granted the withdrawal motion of Comak's prior counsel.  Dkt. No. 74.  To this day, Comak has failed to obtain substitute counsel.  Therefore, good cause exists to strike Comak's Answer (Dkt. No. 27), and to enter Comak's default pursuant to Federal Rule of Civil Procedure 55(a).

Because Comak, a corporation, cannot appear in this matter *pro se* (*see* L.R. 83-2.2.2), and because Comak is not represented by counsel, this motion is made without a prior L.R. 7-3 conference of counsel.

This motion is supported by the attached memorandum of points and authorities, the declaration of Eric D. Mason, all other files and records in this action, and upon such further showing as may be made at any hearing that the Court shall convene thereon.

Dated:  February 21, 2017  ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Eric D. Mason* _____
  JOHN C. ULIN
  ERIC D. MASON
  LOUIS S. EDERER
  MATTHEW T. SALZMANN

  *Attorneys for Plaintiffs*
  *Sweet People Apparel, Inc. d/b/a/ Miss Me*
  *and RCRV, Inc. d/b/a Rock Revival*

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Plaintiffs Sweet People Apparel, Inc. d/b/a Miss Me and RCRV, Inc. d/b/a Rock Revival (collectively "Plaintiffs") respectfully request that the Court strike Defendant Comak Trading, Inc.'s ("Comak") Answer (Dkt. No. 27) and enter Comak's default.  Comak has filed an answer, but is presently not represented by counsel and thus cannot appear in this case.  Comak's former counsel, Sagi Schwartzberg and Michael J. Luther, were granted permission to withdraw without substitution in December 2016, and to date, Comak has not informed Plaintiffs or the Court that it has obtained substitute counsel.  Comak's failure to timely retain new counsel warrants the striking of its Answer so that default can be entered against it, in which event this case will resolve by default judgment.

## I.   STATEMENT OF FACTS

Plaintiffs initiated this action on February 10, 2016, upon filing of the Complaint.  Dkt. No. 1.  Comak filed its Answer and Crossclaim on May 15, 2016.  Dkt. No. 27.  Plaintiffs filed their First Amended Complaint shortly thereafter on May 18, 2016.  Dkt. No. 32.  Comak has not filed an Answer to Plaintiffs' First Amended Complaint.

On September 12, 2016, Comak's then-counsel of record, Mr. Schwartzberg and Mr. Luther, filed a motion to withdraw as counsel for Comak, indicating that Comak's President, Lydia Evilsa Terrezas Cho, sought to represent herself *pro se*.  Dkt. No. 62.  The Court denied that motion, citing the Local Rules.  *See* Dkt. No. 68.  Mr. Schwartzberg and Mr. Luther filed a second motion to withdraw on September 29, 2016 (Dkt. 69).  Plaintiffs' non-opposition to that motion expressly requested that if the motion were granted, but Comak did not timely obtain replacement counsel within thirty (30) days, Comak's Answer be stricken and default be entered against it.  Dkt. No. 71.  On December 5, 2016, the Court granted the motion to withdraw.  Dkt. No. 74.

1   Comak has been without counsel for far more than thirty (30) days.  There is

2   no indication that Comak intends to participate in this litigation.  To date, Plaintiffs

3   have not been contacted by replacement counsel for Comak, and no notice of

4   appearance has been filed in this action by replacement counsel for Comak.  Mason

5   Decl. ¶ 3.  As such, Comak is currently barred from appearing in this action, pursuant

6   to Local Rule 83-2.2.2.

## II.   ARGUMENT

8   "A corporation may appear in federal court only through licensed counsel."

9   *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see*

10  *also D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir.

11  2004) ("It is a longstanding rule that [c]orporations and other unincorporated

12  associations must appear in court through an attorney.") (internal quotation omitted).

13  Similarly, Central District Local Rule 83-2.2.2 states:  "[n]o organization or entity of

14  any other kind . . . including corporations . . . may appear in any action or proceeding

15  unless represented by an attorney permitted to practice before this Court under

16  L.R. 83-2.1."  L.R. 83-2.2.2.

17  The Court may strike Comak's Answer and enter default against it for Comak's

18  failure to timely find replacement counsel.  *See Thompson v. Hous. Auth. of City of*

19  *L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) ("District courts have inherent power to

20  control their dockets.  In the exercise of that power they may impose sanctions

21  including, where appropriate, default or dismissal."); *see also* Fed. R. Civ. P. 55(a)

22  (providing that when a defendant "has failed to plead or otherwise defend" an action,

23  "the clerk must enter the party's default").  Courts routinely strike the answers of, and

24  enter default against, defendants who refuse to defend themselves, including by

25  refusing to retain counsel.  *See*, *e.g.*, *Fuzzy Logic Prods., Inc. v. Trapflix, LLC*, CV

26  15-6203 PA (SSX), 2016 WL 3693738, at *2 (C.D. Cal. July 11, 2016) (noting that,

27  after failure to substitute withdrawn counsel, corporate defendant's answer was

28  stricken and default entered); *HeadBlade, Inc. v. Prods. Unlimited, LLC*,

1   CV1502611SJOVBKX, 2016 WL 6237902, at *2 (C.D. Cal. May 23, 2016) (same);

2   *Gen. Elec. Capital Corp. v. Ten Forward Dining, Inc.*, CIV. S-09-3296 FCD, 2011

3   WL 2671542, at *1 (E.D. Cal. July 6, 2011) ("[A] court may sanction corporate

4   defendants by striking their answer when they fail to retain counsel to defend

5   themselves."); *Galtieri-Carlson v. Victoria M. Morton Enters., Inc.*, 2:08-CV-01777,

6   2010 WL 3386473, at *3 (E.D. Cal. Aug. 26, 2010) (striking answer and

7   acknowledging court's authority to enter default judgment where defendants "have

8   made no ascertainable effort to retain counsel or defend themselves"); *Rojas v.*

9   *Hawgs Seafood Bar, Inc.*, No. C08-03819 JF (PVT), 2009 WL 1255538, at *1 (N.D.

10  Cal. May 5, 2009) ("When a corporation fails to retain counsel to represent it in an

11  action, its answer may be stricken and a default judgment entered against it.") (citing

12  *Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993 (9th Cir. 2007) (finding

13  corporation's violation of local rules and failure to retain counsel as justification for

14  entry of default judgment).

15          Here, Comak failed to timely retain replacement counsel after Mr.

16  Schwartzberg and Mr. Luther withdrew from representation.  The consequences of

17  this failure — the striking of Comak's Answer and entry of default — were made

18  clear in Plaintiffs' non-opposition and were cited to in this Court's denial of counsel's

19  first motion to withdraw.  *See* Dkt. Nos. 68, 71.  Yet, Comak has shown no interest in

20  participating in this litigation and continues to violate the Local Rules.  Mr.

21  Schwartzberg and Mr. Luther first moved to withdraw as Comak's counsel of record

22  on September 12, 2016, more than five months ago.  Dkt. No. 62.  Comak has had

23  more than enough time to search for and find replacement counsel, and has failed to

24  do so.  Therefore, good cause exists for the Court to strike Comak's Answer and to

25  enter its default.  Comak's refusal to litigate should not prevent Plaintiffs and this

26  Court from resolving this case by way of default judgment, once Comak's Answer is

27  stricken and its default entered.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court enter an order striking Comak's Answer and directing the clerk to enter Comak's default.

Dated:  February 21, 2017            ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Eric D. Mason*
  JOHN C. ULIN
  ERIC D. MASON
  LOUIS S. EDERER
  MATTHEW T. SALZMANN

*Attorneys for Plaintiff*
*Sweet People Apparel, Inc. d/b/a/ Miss Me*
*and RCRV, Inc. d/b/a Rock Revival*

1

## CERTIFICATE OF SERVICE

2

3      I am over eighteen years of age and not a party to this action.  I am employed
in the County of Los Angeles, State of California.  My Business Address is 777 S.

4   Figueroa St., Floor 44, Los Angeles, California 90017-5844.

5      On February 21, 2017, I served the following document described as **NOTICE
OF MOTION AND MOTION TO STRIKE DEFENDANT COMAK TRADING**

6   **INC.'S ANSWER AND TO ENTER DEFAULT** on the following individuals:

7

8   Mark D. Erickson                        William C. O'Neill
Kenneth G. Parker                       Ross Wersching & Wolcott LLP

9   Martin M. Ellison                       3151 Airway Avenue, Building S-1
Christopher B. Maciel                   Costa Mesa, California 92626

10  Haynes and Boone, LLP
600 Anton Boulevard, Suite 700

11  Costa Mesa, California 92626

12  [Attorneys for Phoenix Fibers, Inc.]    [Attorneys for Phoenix Fibers, Inc.]
Served Electronically                   [Served Electronically]

13

14  J T Fox                                 Eugene S Alkana
Law Offices of JT Fox and Associates    Eugene S Alkana Law Office

15  556 South Fair Oaks Avenue Suite 444   131 North El Molino Avenue Suite 310
Pasadena, CA 91105                      Pasadena, CA 91101

16
[Attorneys for Tiffany Alana Wolff]     [Attorneys for U.S. General Export]

17  [Served Electronically]                 [Served Electronically]

18

19  Lydia Evilsa Terrazas Cho               Comak Trading
702 N Crescent Drive                    2550 S Soto St,

20  Beverly Hills, CA 90210                 Vernon, CA 90058
*Pro Se*

21
[Served via U.S. Mail]                  [Served via U.S. Mail]

22

23      I declare that I am employed in the office of a member of the bar of this court
at whose direction the service was made.

24

25      Dated: 2/21/2017                    */s/ Stacie James*
Stacie James

26

27

28