JOHN C. ULIN (State Bar No. 165524)
John.Ulin@apks.com
ERIC D. MASON (State Bar No. 259233)
Eric.Mason@apks.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Tel.: (213) 243-4000; Fax: (213) 243-4199

LOUIS S. EDERER (*Pro Hac Vice*)
Louis.Ederer@apks.com
MATTHEW T. SALZMANN (*Pro Hac Vice*)
Matthew.Salzmann@apks.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019
Tel.: (212) 836-8000; Fax: (212) 836-8689

*Attorneys For Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SWEET PEOPLE APPAREL, INC. d/b/a MISS ME, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PHOENIX FIBERS, INC., et al., <br><br> Defendants. | Case No.: 2:16-cv-00940-TJH-JC <br><br> Hon. Terry J. Hatter Jr. <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PHOENIX FIBERS, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> Date: April 24, 2017 <br> Time: UNDER SUBMISSION <br> Courtroom: 9B <br><br> Case Filed: February 10, 2016 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 24, 2017, or as soon thereafter as the matter may be taken under submission by the Honorable Terry J. Hatter Jr., located at 350 W. 1st Street, Courtroom #9B, 9th Floor, Los Angeles, California 90012, plaintiffs Sweet People Apparel, Inc. d/b/a Miss Me, and RCRV, Inc. d/b/a Rock Revival (collectively "Plaintiffs") will and hereby do move the Court for an order striking defendant Phoenix Fiber, Inc.'s ("Phoenix Fibers") Answer to Plaintiffs' First Amended Complaint (the "FAC"). *See* Dkt. No. 105.

This motion is made on the grounds that the Answer was filed on an untimely basis, and to allow it to stand would be highly prejudicial. Plaintiffs filed and served their FAC on ***May 18, 2016***. Dkt. No. 32. Over the next ten months, Phoenix Fibers actively participated in all manner of discovery and motion practice, but neglected to file an Answer to the FAC within the 14-day statutory response period. Rather, Phoenix Fibers waited until two weeks ago — ***289 days*** after Plaintiffs served their FAC, as discovery was concluding, and one business day prior to the parties' submission of their pretrial papers — to serve an Answer that, among other things, asserted five new affirmative defenses as to which Plaintiffs have had no discovery. Further, Phoenix Fibers never moved this Court for an extension of time to file its Answer to the FAC, because it could not, as it has no good cause for receiving an extension. Accordingly, Phoenix Fibers' failure to timely file its Answer is inexcusable, and its untimely Answer should be stricken.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on March 15, 2017. This motion is supported by the attached memorandum of points and authorities, the declaration of Matthew T. Salzmann, all other files and records in this action, and upon such further showing as may be made at any hearing that the Court shall convene thereon.

Dated:  March 22, 2017          ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Matthew T. Salzmann*
    JOHN C. ULIN
    ERIC D. MASON
    LOUIS S. EDERER
    MATTHEW T. SALZMANN

*Attorneys for Plaintiffs*
*Sweet People Apparel, Inc. d/b/a Miss Me*
*and RCRV. Inc. d/b/a Rock Revival*

## MEMORANDUM OF POINTS AND AUTHORITIES

This is a breach of contract and trademark infringement case arising out of an agreement entered into between plaintiffs Sweet People Apparel, Inc. d/b/a Miss Me and RCRV, Inc. d/b/a Rock Revival (collectively "Plaintiffs") and defendant Phoenix Fibers, Inc. ("Phoenix Fibers") in November 2011. From Plaintiffs' perspective, the evidence will show that the parties entered into an agreement whereby Plaintiffs agreed to deliver their second-quality MISS ME and ROCK REVIVAL brand denim products to Phoenix Fibers at no cost, and Phoenix Fibers agreed to shred (*i.e.*, destroy) Plaintiffs' products and convert them into shoddy fiber. Phoenix Fibers' commonly-owned affiliate, Bonded Logic, Inc., would then use this shoddy fiber to manufacture environmentally friendly products such as insulation. The evidence will further show that Plaintiffs made clear to Phoenix Fibers that such products were being donated solely for purposes of destruction, because they were not fit for sale in consumer channels, or use by consumers, due to their poor quality.

Plaintiffs filed and served their First Amended Complaint (the "FAC") on May 18, 2016, to add two additional parties as defendants. Over the next ten months, Phoenix Fibers actively participated in all manner of discovery and motion practice, but failed to file an Answer to the FAC despite being reminded to do so by Plaintiffs' counsel. As the parties were preparing their pretrial papers some two weeks ago, however — 289 days after Plaintiffs filed and served the FAC, and just as discovery was concluding — and without explanation, Phoenix Fibers served an Answer that, among other things, asserted five new affirmative defenses to Plaintiffs' claims. Phoenix Fibers never moved this Court for an extension of time to serve its Answer, nor has it made any showing of good cause for such an extension, because there is none. Further, Phoenix Fibers' assertion of new affirmative defenses at this late stage of the litigation would be highly prejudicial to Plaintiffs, since they have had no discovery as to the purported factual basis for these defenses. Accordingly, Phoenix Fibers' failure to timely respond to the FAC is inexcusable, and its untimely Answer

- 1 -

1  should be stricken.

2  **I.      STATEMENT OF FACTS**

3          Plaintiffs commenced this action on February 10, 2016.  Dkt. No. 1.

4  Thereafter, on March 29, 2016, Phoenix Fibers filed an Answer asserting five

5  affirmative defenses.  Dkt. No. 22.  As discovery progressed, however, Plaintiffs

6  learned of new potential defendants.  Accordingly, on May 18, 2016, Plaintiffs filed

7  and served the FAC, adding two new defendants.  Dkt. No. 32.

8          Although Phoenix Fibers did not respond to the FAC, the case continued to

9  progress, as the parties exchanged discovery materials and conducted depositions

10  throughout the second half of 2016 and into early 2017.  Salzmann Decl. ¶¶ 5–6.

11  Indeed, at one of those depositions in September 2016, Plaintiffs' counsel specifically

12  reminded Phoenix Fibers' counsel that Phoenix Fibers had not yet filed an Answer to

13  the FAC, and indicated that it should have done so.  Salzmann Decl. ¶¶ 6–8.

14  Thereafter, in December 2016, Phoenix Fibers filed a motion for summary judgment

15  (Dkt. No. 84), and more recently, the parties conducted their final depositions leading

16  up to the discovery cut-off on March 13, 2017.  Dkt. No. 80; *see also* Salzmann Decl.

17  ¶¶ 5, 9.  In short, Phoenix Fibers has remained highly active in this case, but still

18  neglected to file an Answer to Plaintiffs' FAC for ten months, despite being on

19  express notice of this deficiency since at least September 2016.

20          Nevertheless, without notice or warning, on March 3, 2017 — 289 days after

21  Plaintiffs filed and served the FAC, ten days before the close of discovery, and one

22  business day before the parties' final pretrial papers were due — Phoenix Fibers

23  served an Answer to Plaintiffs' FAC.  Dkt. No. 105.  Among other things, this

24  Answer added five new affirmative defenses to the defenses included in its original

25  Answer: (1) first sale doctrine; (2) statute of limitations; (3) laches; (4) mutual

26  mistake; and (5) failure to mitigate damages.  *Compare* Dkt. No. 105 *with* Dkt. No.

27  22.  And, although the first sale doctrine and mutual mistake arguments were raised

28  in Phoenix Fibers' motion for summary judgment (*see* Dkt. No. 84 at 3) — as

PL.'S MOTION TO STRIKE PHOENIX FIBERS, INC.'S ANSWER TO PL.'S FAC

1    Phoenix Fibers is sure to mention in its opposition to this motion — the defenses

2    based on the statutes of limitations, laches, and failure to mitigate had never before

3    been asserted.  Salzmann Decl. ¶¶ 13–14.  Further, Phoenix Fibers neither moved this

4    Court for an extension of time to file its Answer, nor requested leave to file its

5    Answer 275 days past its due date.

6    **II.    ARGUMENT**

7            Under Rule 15(a)(3) of the Federal Rules of Civil Procedure, a party must

8    answer an amended pleading "within 14 days after service of the amended pleading."

9    If this time expires without an answer being filed, however, a Court may extend the

10   time "for good cause … on motion … if the party failed to act because of excusable

11   neglect."  Fed. R. Civ. P. 6(b)(1)(B).  On the other hand, courts may reject without

12   further consideration belated filings that are made without an accompanying motion

13   to modify the governing deadline.  *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*,

14   975 F.2d 604, 610 (9th Cir. 1992) (if a deadline were firm, "the district court could

15   have denied any late-filed motion solely on that ground, absent a request to modify

16   the order"); *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099,

17   1104 (9th Cir. 1985) (affirming denial of motion as untimely where "defendants

18   never requested a modification" of the deadline); *Dedge v. Kendrick*, 849 F.2d 1398,

19   1398 (11th Cir. 1988) (affirming denial of motion as untimely where filed after the

20   deadline and movant did not request a modification of the deadline); *cf. Patel v.*

21   *Dameron Hosp.*, 2000 WL 35619441, at *4 (E.D. Cal. June 23, 2000) ("In their

22   opposition to defendants' motion plaintiffs seek an extension pursuant to Rule 6(b)…

23   [A]fter the expiration of the period the request must be made by formal motion ….

24   Plaintiffs failed to request an extension of time before the period expired and since

25   said expiration have failed to bring a formal motion ….").

26           To the extent it can be said that by filing its Answer, Phoenix Fibers is

27   implicitly requesting an extension of time, and the Court will not exercise its

28   discretion to reject the filing outright, Phoenix Fibers still bears the burden of

demonstrating: (a) good cause for granting the motion; and (b) excusable neglect in failing to act within the requisite time frame. *See* Fed. R. Civ. P. 6(b)(1)(B); *In re. Yucca Group, LLC*, 2012 WL 2086485, at \*10 (9th Cir. BAP June 8, 2012); *Friedman v. Albertson's, LLC*, 2015 WL 4606160, at \*2 n.1 (S.D. Cal. July 30, 2015); *Nat'l Corp. Tax Credit Funds II, IV, VI, VII v. Potashnik*, 2009 WL 4049396, at \*\*3–4 (C.D. Cal. Nov. 19, 2009). If a party is unable to demonstrate good cause and excusable neglect — as Phoenix Fibers has made no attempt to do here since there is no possible explanation for its dilatory conduct — then courts routinely strike belated filings, including untimely answers to amended complaints. *See, e.g.*, *Kona Enters., Inc. v. Estate of Bishop ex rel. Peters*, 243 F. App'x 274, 278 (9th Cir. 2007) (finding "no abuse of discretion in striking the untimely exhibits"); *Alvarado v. FedEx Corp.*, 2007 WL 127999, at \*1 (N.D. Cal. Jan. 12, 2007) (striking an untimely answer to an amended complaint); *U.S. v. 242.93 Acres of Land*, 2011 WL 13128803, at \*2 (S.D. Cal. Apr. 8, 2011) (striking an untimely answer); *cf. Potashnik*, 2009 WL 4049396, at \*5 (denying motion for an extension of the time for discovery pursuant to Rule 6(b)(1)(B) where party failed to demonstrate good cause or excusable neglect).

### A.  Phoenix Fibers' Answer Should Be Stricken Due to Phoenix Fibers' Failure to Move for an Extension of Time

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure requires that, once a deadline has passed, an extension of time may be given only "on motion." There is no dispute that the deadline for Phoenix Fibers to file its Answer to the FAC passed 275 days before the Answer was filed, yet Phoenix Fibers filed no motion for an extension. Moreover, there is no dispute that Phoenix Fibers was more than capable of moving this Court for an extension of time, as it has already engaged in significant motion practice (both substantive and procedural), and is represented by counsel. In light of the absence of an accompanying Rule 6(b) motion, Phoenix Fibers' Answer should be stricken as untimely without any further consideration. *See Johnson*, 975 F.2d at 610; *U.S. Dominator, Inc.*, 768 F.2d at 1104.

1
2

**B. Phoenix Fibers' Answer Should Be Stricken As It Has No Good Cause for an Extension to Be Granted, and Its Neglect In Meeting the Deadline to File Its Answer Is Inexcusable**

3

4

5

6

7

8

To the extent that the Court is inclined to consider any argument Phoenix Fibers may wish to make that it somehow qualifies for an extension under Rule 6(b)(1)(B), the appropriate outcome is clear. Phoenix Fibers does not qualify, as it cannot demonstrate good cause for such an extension to be granted, nor does it have any legitimate excuse for neglecting to file its Answer to the FAC within the deadline set forth in Rule 15(a)(3).

9

**1. There is No Good Cause for an Extension to Be Granted**

10

11

12

13

14

15

16

17

18

19

20

21

22

In a situation where a party has missed a statutory deadline, "good cause" exists where it could not reasonably have met the deadline despite the diligence of that party. *See Friedman*, 2015 WL 4606160, at \*\*2–3 (citing cases; discussing "good cause" in several contexts); *Potashnik*, 2009 WL 4049396, at \*3 (finding no good cause where party could have complied with the deadline but chose not to so comply); *see also Stanley v. Huntington Nat'l Bank*, 2012 WL 3570805, at \*5 (4th Cir. Aug. 21, 2012) (discussing the diligence requirement to show good faith under Rule 6(b)). On the flipside, a missed deadline resulting from carelessness, belies any argument of diligence. *See Friedman*, 2015 WL 4606160, at \*2 (citing *Johnson*, 975 F.2d at 609). Moreover, a party's claim that it diligently attempted to meet a deadline is undermined by its failure to file a motion pursuant to Rule 6(b). *See In re Dyer*, 330 B.R. 271, 276 (M.D. Fla. Bankr. 2005) (citing *In re Langston*, 319 B.R. 667, 670 (D. Utah 2005)).

23

24

25

26

27

28

Phoenix Fibers has not argued — and cannot argue — that it diligently attempted to meet its deadline to file an Answer to Plaintiffs' FAC. It does not take 289 days to draft a 21-page Answer. Indeed, Phoenix Fibers still took no action after it was reminded in September 2016 that it had not yet filed an Answer to the FAC, waiting another six months before filing, apparently realizing that the case was nearing the pretrial phase, and it might be precluded from asserting these defenses if

- 5 -

1   it failed to file anything.  *See* Salzmann Decl. ¶¶ 8, 13.  In these circumstances, a

2   pleading filed on the eve of trial suggests either carelessness or gamesmanship,

3   neither of which qualifies as good cause for an extension.  *See, e.g.*, *Friedman*, 2015

4   WL 4606160, at \*2.  Phoenix Fibers' lack of good cause is by itself enough to justify

5   denying an extension and striking the Answer.  *See, e.g.*, *Potashnik*, 2009 WL

6   4049396, at \*3 ("As the Court finds no good cause warranting the granting of the

7   motion, the Court need not consider Defendants' claims of excusable neglect.").

8   ### 2.    Phoenix Fibers' Neglect Is Inexcusable

9   To the extent the Court even reaches the point of considering whether Phoenix

10  Fibers' neglect is excusable, it should consider the following four factors: "(1) the

11  danger of prejudice to the opposing party; (2) the length of the delay and its potential

12  impact on the proceedings; (3) the reason for the delay; and (4) whether the movant

13  acted in good faith."  *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th

14  Cir. 2007) (citations omitted).  Further, a decision on the issue of excusable neglect is

15  "committed to the discretion of the district court."  *Id.*  In deciding this issue, it

16  should be emphasized that "'[i]nadvertence, ignorance of the rules, or mistakes

17  construing the rules do not usually constitute excusable neglect.'"  *Harvest v. Castro*,

18  531 F.3d 737, 746 (9th Cir. 2008) (citation omitted).

19  Here, the Court is faced with a ten-month, totally unexplained delay, where

20  Phoenix Fibers is seeking to interpose new (and substantive) affirmative defenses on

21  the eve of trial.  Despite being reminded of missing its filing deadline six months ago,

22  Phoenix Fibers could not be bothered to file an Answer until two weeks ago.  Phoenix

23  Fibers either purposely filed its Answer ten months late, or simply failed to file its

24  Answer earlier out of inadvertence.  Either of these explanations, however, would cut

25  against a finding of excusable neglect.  *See In re Veritas Software Corp. Sec. Litig.*,

26  496 F.3d at 973–74; *Harvest*, 531 F.3d at 746–47.

27  Most importantly, Phoenix Fibers' belated Answer would cause significant

28  prejudice to Plaintiffs if permitted, as Plaintiffs have had no opportunity to take any

- 6 -

discovery with regards to Phoenix Fibers' new defenses. For example, in September 2016, Plaintiffs conducted the Rule 30(b)(6) deposition of Phoenix Fibers' President and CEO Tod Kean. Among the topics of testimony were "[t]he facts, allegations, denials, and Affirmative Defenses set forth in [Phoenix Fibers'] Answer to the Complaint and the foundation therefor." *See* Salzmann Decl. ¶ 7, Ex. 1. Phoenix Fibers' delinquent Answer to the FAC has deprived Plaintiffs of the opportunity to pursue this discovery.[1]

The Northern District of California considered very similar circumstances in *Alvarado v. FedEx Corp.*, 2007 WL 127999 (N.D. Cal. Jan. 12, 2007). The plaintiffs in that case filed a first amended complaint in 2004. *Id.* at \*1. "Nearly three years later" and "after extensive motion practice," the defendant filed an answer that sought to plead a variety of new affirmative defenses. *Id.* The court thereafter granted the plaintiffs' motion to strike the belated answer, finding as follows:

> [T]he filing of a late answer would prejudice plaintiffs because of the advanced stage of this litigation. Defendant states that all of the defenses asserted in the answer have been raised at some point during this litigation, and thus plaintiffs will not suffer any harm. If defendant is correct, the late answer is surplusage and defendant will not be prejudiced because it has raised those defenses and preserved them for appeal. However, if defendant has actually asserted new defenses, as plaintiffs claim, plaintiffs would be prejudiced by their late assertion.

*Id.* The same holding should apply here. Phoenix Fibers' Answer is either "surplusage" or highly prejudicial, either of which justifies striking it. *Id.*

\* \* \*

---

[1] In an effort to minimize the prejudice to Plaintiffs in the event permits Phoenix Fibers' untimely Answer to stand, by letter dated March 10, 2017, Plaintiffs requested that Phoenix Fibers immediately provide proposed dates for the continuation of Plaintiffs' Rule 30(b)(6) deposition of Tod Kean, so that Plaintiffs could take discovery with respect to "[t]he facts, allegations, denials, and Affirmative Defenses set forth in [Phoenix Fibers'] Answer to the Complaint and the foundation therefor." *See* Salzmann Decl. ¶ 16, Ex. 3. To date, Phoenix Fibers has not responded to this request. Having had every conceivable opportunity to rectify the situation, it should not be permitted to do so now.

PL.'S MOTION TO STRIKE PHOENIX FIBERS, INC.'S ANSWER TO PL.'S FAC

Accordingly, Phoenix Fibers' untimely Answer should be stricken in view of Phoenix Fibers' failure (and inability) to demonstrate either good cause for an extension, or excusable neglect in failing to file the Answer for nine months after it was due, after having been reminded to do so six months ago. *See, e.g.*, *Kona Enters., Inc.*, 243 F. App'x at 278 (9th Cir. 2007); *Potashnik*, 2009 WL 4049396, at *5; *Alvarado*, 2007 WL 127999, at *1; *242.93 Acres of Land*, 2011 WL 13128803, at *2.

## III. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court enter an order striking Phoenix Fibers' Answer to Plaintiffs' FAC.

Dated: March 22, 2017                    ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Matthew T. Salzmann*
    JOHN C. ULIN
    ERIC D. MASON
    LOUIS S. EDERER
    MATTHEW T. SALZMANN

*Attorneys for Plaintiffs*

PL.'S MOTION TO STRIKE PHOENIX FIBERS, INC.'S ANSWER TO PL.'S FAC

# CERTIFICATE OF SERVICE

I am over eighteen years of age and not a party to this action. I am employed in the New York County, State of New York. My Business Address is 250 West 55th St., New York, New York 10019.

On March 22, 2017, I served the following documents described as **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PHOENIX FIBERS, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**; **DECLARATION OF MATTHEW T. SALZMANN IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE PHOENIX FIBERS, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**; and **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE PHOENIX FIBERS, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** on the following individuals:

Mark D. Erickson
Kenneth G. Parker
Martin M. Ellison
Christopher B. Maciel
Haynes and Boone, LLP
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626

William C. O'Neill
Ross Wersching & Wolcott LLP
3151 Airway Avenue, Building S-1
Costa Mesa, California 92626

[Attorneys for Phoenix Fibers, Inc.]
[Served Electronically via ECF]

[Attorneys for Phoenix Fibers, Inc.]
[Served Electronically via ECF]

J T Fox
Law Offices of JT Fox and Associates
556 South Fair Oaks Avenue Suite 444
Pasadena, California 91105

Eugene S Alkana
Eugene S Alkana Law Office
131 North El Molino Avenue Suite 310
Pasadena, California 91101

[Attorneys for Tiffany Alana Wolff]
[Served Electronically via ECF]

[Attorneys for U.S. General Export]
[Served Electronically via ECF]

Lydia Evilsa Terrazas Cho
702 N Crescent Drive
Beverly Hills, California 90210
*Pro Se*

Comak Trading
2550 S Soto St,
Vernon, California 90058

[Served via U.S. Mail]

[Served via U.S. Mail]

Dated: 3/22/2017

/s/ *Matthew T. Salzmann*
Matthew T. Salzmann