JOHN C. ULIN (State Bar No. 165524)
John.Ulin@apks.com
ERIC D. MASON (State Bar No. 259233)
Eric.Mason@apks.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Tel.: (213) 243-4000; Fax: (213) 243-4199

LOUIS S. EDERER (*Pro Hac Vice*)
Louis.Ederer@apks.com
MATTHEW T. SALZMANN (*Pro Hac Vice*)
Matthew.Salzmann@apks.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019
Tel.: (212) 836-8000; Fax: (212) 836-8689

*Attorneys For Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SWEET PEOPLE APPAREL, INC. d/b/a MISS ME, et al., <br><br>              Plaintiffs, <br>    v. <br><br> PHOENIX FIBERS, INC., et al., <br><br>             Defendants. | Case No.: 2:16-cv-00940-TJH-JC <br><br> Hon. Terry J. Hatter Jr. <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE LYDIA EVILSA TERRAZAS CHO'S ANSWER AND ENTER DEFAULT** <br><br> Date:     July 10, 2017 <br> Time:    UNDER SUBMISSION <br> Courtroom: 9B <br><br> Case Filed:  February 10, 2016 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 10, 2017, or as soon thereafter as the matter may be taken under submission by the Honorable Terry J. Hatter Jr., located at 350 W. 1st Street, Courtroom #9B, 9th Floor, Los Angeles, California 90012, plaintiffs Sweet People Apparel, Inc. d/b/a Miss Me, and RCRV, Inc. d/b/a Rock Revival (collectively "Plaintiffs") will and hereby do move the Court for an order striking defendant Lydia Evilsa Terrazas Cho ("Cho")'s Answer to Plaintiffs' Complaint (the "Answer") pursuant to Local Rules 83-2.2.3 and 83-2.2.4, and entering Cho's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *See* Dkt. No. 26.[1]

This motion is made on the grounds that, in recent months, Cho has refused to participate in this litigation.  With the assistance of her then-counsel, Cho filed her Answer to Plaintiffs' Complaint on May 17, 2016.  Dkt. No. 26.  Since Cho's counsel withdrew in September 2016, however, Cho has been representing herself in this action.  Dkt. No. 67.  In that time, Cho has refused to appear for a deposition, despite many attempts to accommodate her schedule, and, more recently, failed even to respond to Plaintiff's counsel's communications.  Further, despite the parties' efforts to include Cho in the preparation of pre-trial the filings required by Local Rules 16-4, 16-5, 16-6, and 16-7 (*see, e.g.*, Dkt. Nos. 106-110), Cho declined to participate. Cho's refusal to participate in this action has prejudiced Plaintiffs' ability to develop relevant evidence for trial, not only against her but against other Defendants, and has delayed the resolution of this case.  No lesser sanction would resolve this matter. Accordingly, Cho's Answer should be stricken, and Cho should be held in default.

Further, in light of Cho's failure to participate in this litigation, Plaintiffs' counsel has been unable to comply with the requirements of Local Rule 7-3, despite good faith efforts to do so.  Specifically, on May 30, 2017, Plaintiffs' counsel sent an

---

[1] Cho has not filed an Answer to Plaintiffs' First Amended Complaint.  *See* Dkt. No. 32.

email to Cho requesting a meet and confer to address Plaintiffs' intention to file the instant motion.  Cho has not responded to that request.  Under these circumstances, the requirements of Local Rule 7-3 should be waived.  *See, e.g.*, *HeadBlade, Inc. v. Prod. Unlimited, LLC*, 2016 WL 6237897, at *2 (C.D. Cal. Feb. 8, 2016) (granting plaintiff's motion to strike defendant's answer, noting that Plaintiff had attempted to meet and confer pursuant to Local Rule 7-3, but that "Defendant has not responded to any of Plaintiff's attempts to communicate"); *Parker v. Employment & Training Agency (SBETA)*, 2013 WL 1898551, at *1 (C.D. Cal. May 6, 2013) ("Because defense counsel's declaration indicates he attempted to comply with the dictates of Local Rule 7–3 and meet and confer with plaintiff in good faith, the Court finds that defendant's motion should not be denied for failure to comply with this rule.").

This motion is supported by the attached memorandum of points and authorities, the declaration of Matthew T. Salzmann, all other files and records in this action, and upon such further showing as may be made at any hearing that the Court shall convene thereon.

Dated:  June 9, 2017                    ARNOLD & PORTER KAYE SCHOLER LLP

By: _/s/ Matthew T. Salzmann_____
   JOHN C. ULIN
   ERIC D. MASON
   LOUIS S. EDERER
   MATTHEW T. SALZMANN

   *Attorneys for Plaintiffs*
   *Sweet People Apparel, Inc. d/b/a Miss Me*
   *and RCRV. Inc. d/b/a Rock Revival*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Local Rules 83-2.2.3 and 83-2.2.4, as well as Rule 55(a) of the Federal Rules of Civil Procedure, plaintiffs Sweet People Apparel, Inc. d/b/a Miss Me, and RCRV, Inc. d/b/a Rock Revival (collectively "Plaintiffs"), hereby move this Court for an order striking Defendant Lydia Evilsa Terrazas Cho ("Cho")'s Answer to Plaintiff's Complaint (the "Answer"), and entering Cho's default.

After initially participating in this case, Cho has abandoned all involvement. She has failed to appear for a deposition, has refused to participate in pre-trial preparations, and has not responded to all recent attempts to contact her.  In short, Cho has refused to defend herself, and has violated the Local Rules of this Court. Her abandonment of the case warrants the striking of Cho's Answer, and the entry of a default against her.[2]

## I.    STATEMENT OF FACTS

Plaintiffs commenced this action on February 10, 2016 (Dkt. No. 1), and duly served Cho.  Thereafter, on May 17, 2016, Cho filed an Answer.  Dkt. No. 26.[3]  At that time, Cho was represented by the firm of Schwartzberg & Luther, APC.  *See id.* On September 12, 2016, however, counsel from Schwartzberg & Luther, APC filed a Request to Withdraw as Counsel, and for Cho to proceed *pro se* (Dkt. No. 61), which this Court granted two weeks later (Dkt. No. 67).

Since the Court's decision to allow Cho to proceed *pro se*, Cho has essentially refused to participate in this action.  After being served with a deposition notice on November 14, 2016, calling for her deposition on December 9, 2016, Cho delayed her response for months.  Declaration of Matthew Salzmann ("Salzmann Decl.") ¶ 7. Indeed, Plaintiffs opposed Defendant Phoenix Fibers, Inc.'s motion for summary

---

[2] Upon entry of default against Cho, Plaintiffs will submit a motion for a default judgment in accordance with Rule 55(b) of the Federal Rules of Civil Procedure.

[3] Cho's Answer was also filed on behalf of defendant Myung Kwon Cho, who at no point has participated in this matter.  Nonetheless, this motion is focused solely on defendant Lydia Evilsa Terrazas Cho.

- 1 -

PL.'S MOTION TO STRIKE LYDIA EVILA TERRAZAS CHO'S ANSWER

judgment, in part, on the basis that they had been unable to conduct the outstanding deposition of Cho (*see* Dkt. No. 97 at 30), which motion the Court denied in order "to permit Plaintiffs additional time to complete discovery" (Dkt. No. 113).  Ultimately, Cho agreed to appear for a deposition, pursuant to an amended notice, on March 9, 2017, only to cancel that deposition as well at the last minute, literally while Plaintiffs' counsel was on a plane flying from New York to California to take the deposition.  *Id.* ¶ 9.  Since that time, Plaintiffs' counsel has repeatedly attempted to contact Cho to reschedule her deposition, but Cho has not responded to those requests since April 2, 2017, when she advised Plaintiffs' counsel that she had to travel outside of the country "due to a family emergency," and that she did not know when she would be returning to the United States.  *Id.* ¶ 10.  Cho's refusal to participate in discovery has prejudiced Plaintiffs' ability to develop relevant evidence for trial, and has delayed the resolution of this matter.  *Id.* ¶ 11.

In addition to refusing to participate in discovery, Cho has failed to comply with her obligations under the Local Rules regarding pretrial submissions.  As the Court will recall, until it was adjourned on March 23, 2017, the Final Pretrial Conference in this action was scheduled for March 27, 2017.  Dkt. No. 80.  In advance of that Conference, Plaintiffs attempted to confer with all defendants in order to prepare a joint exhibit list, joint witness list, and joint pretrial order, all in accordance with Local Rules 16-5, 16-6, and 16-7.  *See, e.g.*, Dkt. Nos. 107, 108, and 109.  Salzmann Decl. ¶ 13.  Despite having been given repeated opportunities to participate, Cho failed to respond to any of Plaintiffs' counsel's communications regarding the pretrial filings, and Plaintiffs were ultimately forced to submit the filings without Cho's participation or signature.  *Id.* ¶ 14; Dkt. Nos. 107, 108, 109.  It is further Plaintiffs' understanding that Cho also failed to file any memorandum of contentions of fact and law, as required by Local Rule 16-4.  Once again, Cho has simply failed to fulfill her obligations as a party to this case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On May 30, 2017, Plaintiffs' counsel sent an email to Cho requesting a meet and confer to address Plaintiffs' intention to file the instant motion.  Salzmann Decl. ¶ 16.  Cho has not responded to that request.  *Id.* ¶ 17.

## II.   ARGUMENT

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the court may enter default judgment."  Fed. R. Civ. P. 55(a).  Pursuant to this Rule, district courts have "broad latitude to impose the sanction of default at any point to ensure the orderly and expeditious conduct of litigation."  *Elohim EPF USA, Inc. v. Total Music Connection, Inc.*, 2016 WL 5921092, at *1 (C.D. Cal. Jan. 26, 2016) (citation and internal quotations omitted); *accord New Show Studios LLC. v. Needle*, 2016 WL 7017214, at *7 (C.D. Cal. Dec. 1, 2016) (granting a motion for a default judgment under Fed. R. Civ. P. 55(b)).

Separately, Local Rules 83-2.2.3 and 83-2.2.4 provide that the failure of a party proceeding *pro se* to comply with the Local Rules and the Federal Rules of Civil Procedure "may be grounds for dismissal or judgment by default."  Moreover, district courts have the "inherent power to control their dockets," including to "impose sanctions [such as], where appropriate, default or dismissal."  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  The Ninth Circuit has "repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders."  *Id.* (citing cases).  In considering such a sanction, a court must take into account several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [movant]; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  *Id.*; *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Regardless of which standard is applied, Cho's refusal to participate in this action justifies the striking of her answer and entry of a default against her. *See New Show Studios LLC.*, 2016 WL 7017214, at **7-8 (discussing the difference between a default for failure to defend pursuant to Rule 55, and a default pursuant to a court's inherent power to control its docket).  As set forth above, Cho has refused to appear for a deposition, and to participate in the preparation of any of the pretrial filings required by the Local Rules.  Cho's disregard for her litigation obligations, and her refusal to abide by the Local Rules, has unquestionably prejudiced Plaintiffs.  Cho's conduct has also unnecessarily increased the cost of this litigation, and has prevented Plaintiffs from obtaining complete discovery related to their claims.

Striking Cho's answer and entering a default against her is also appropriate because less drastic sanctions are unlikely to be effective.  Cho's actions (and inactions) have made very clear that she has no intention to participate in this litigation.  Given that Cho has refused to participate in discovery or abide by the Court's rules, no lesser sanction is warranted or likely to compel Cho's belated compliance.

This Court considered the almost identical situation in *Elohim EPF USA, Inc. v. Total Music Connection, Inc.*, 2016 WL 5921092 (C.D. Cal. Jan. 26, 2016).  In that case, a defendant was permitted to proceed *pro se* after her counsel was allowed to withdraw.  *Id.* at *1.  Thereafter, the plaintiffs "made multiple unsuccessful attempts to contact" the defendant, resulting in the defendant's failure (among other failures) to: "(1) participate in pre-trial meetings; (2) file mandatory pretrial documents; and, (3) allow Plaintiffs to depose her."  *Id.*  In view of the defendant's "multiple failures to defend," the Court granted the plaintiffs' motion to strike the defendant's answer, and entered a default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *Id.*  Just as this Court held in *Elohim EPF USA, Inc.*, here Cho's Answer should be stricken, and a default should be entered against her.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.   CONCLUSION

For all the foregoing reasons, Plaintiffs' Motion to Strike Cho's Answer and Enter Default should be granted in all respects.

Dated:  June 9, 2017                 ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ Matthew T. Salzmann
        JOHN C. ULIN
        ERIC D. MASON
        LOUIS S. EDERER
        MATTHEW T. SALZMANN

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I am over eighteen years of age and not a party to this action.  I am employed in the New York County, State of New York.  My Business Address is 250 West 55th St., New York, New York  10019.

On June 9, 2017, I served the following documents described as **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE LYDIA EVILSA TERRAZAS CHO'S ANSWER AND ENTER DEFAULT** on the following individuals:

Lydia Evilsa Terrazas Cho
702 N Crescent Drive
Beverly Hills, California 90210
*Pro Se*

[Served via U.S. Mail]


Dated: 6/9/2017                    /s/ *Matthew T. Salzmann*
                                    Matthew T. Salzmann